UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT Of ILLINOIS

| | | |
|---|---|---|
| AARON O'NEAL | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-CV-4063-SEM-TSH |
| v. | ) | |
| | ) | |
| MANUEL ROJAS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINITFFS' MOTION TO AMEND SCHEDULING ORDER**

Plaintiff Aaron O'Neal respectfully moves the Court to enter an amended scheduling order in this matter in accordance with the fact that Plaintiff, formerly *pro se*, is now represented by counsel and plans to include additional named plaintiffs and class allegations in his amended complaint due on November 27, 2018. In support of this motion, Plaintiff states as follows:

1. Plaintiff asserts that Defendants denied and continue to deny to him and other Catholic prisoners at Hill Correctional Center ("HCC") a Constitutionally and statutorily required religious accommodation; specifically, the need to receive meatless meals on Fridays during Lent and on Ash Wednesday ("the dietary accommodation"). Plaintiff claims that despite his and others' reasonable requests that they be provided the dietary accommodation, HCC has ignored these requests. Moreover, Plaintiff asserts that Defendant Rojas retaliated against Plaintiff individually for asserting his First Amendment right to practice his religion.

2. On October 17, 2018, this Court entered a scheduling order ("the Scheduling Order") that appeared to be based on Plaintiff's pursuit of this civil rights action *pro se* and on an individual basis. (Dkt. 42).

3. However, prior to the entry of the Scheduling Order, attorneys with the firm

1

Edelman, Combs, Latturner & Goodwin, LLC had entered appearances on behalf of Plaintiff in this matter (Dkts. 38-40).

4. On October 23, 2018, after the Scheduling Order had been entered, this Court granted Plaintiff's motion for time to file an amended complaint, extending Plaintiff's filing deadline until November 27, 2018 (Text Order entered October 23, 2018).

5. The Scheduling Order had, prior to the October 23, 2018 Order, provided for the following case management schedule:

   a. November 16, 2018: Plaintiff to file motion for summary judgment as to exhaustion;

   b. November 16, 2018: Plaintiff to provide initial disclosures to Defendants;

   c. December 1, 2018: Defendants to provide initial disclosures to Plaintiff;

   d. December 16, 2018: Plaintiff to file motion to substitute any "Doe" Defendants;

   e. December 16, 2018: Plaintiff to provide expert disclosures to Defendants;

   f. January 15, 2019: Defendants to provide expert disclosures to Plaintiff;

   g. February 18, 2019: Close of discovery;

   h. March 18, 2019: Deadline to file summary judgment motions.

6. Plaintiff respectfully submits that in light of his intention to file, through counsel, an amended complaint that will include new parties as well as class allegations, the deadlines set forth in the Scheduling Order are no longer tenable.

7. Plaintiff also submits that the class allegations are being reinstated. Plaintiff included class allegations in his *pro se* complaint, but they were stricken because he did not have counsel. As such, he proceeded to retain counsel.

8. Therefore, Plaintiff proposes the following case management schedule:

      a.      December 19, 2018: Plaintiff to file motion for summary judgment as to exhaustion;

      b.      December 19, 2018: Plaintiff to provide initial disclosures to Defendants;

      c.      January 16, 2019: Defendants to provide initial disclosures to Plaintiff;

      d.      February 20, 2019: Plaintiff to file motion to substitute any "Doe" Defendants;

      e.      April 17, 2019: Plaintiff to provide expert disclosures to Defendants;

      f.      May 15, 2019: Defendants to provide expert disclosures to Plaintiff;

      g.      July 17, 2019: Close of discovery;

      h.      August 14, 2019: Deadline to file summary judgment motions.

9.      Plaintiff's request is not meant to cause undue delay or prejudice to any party. No discovery has taken place, Defendants only recently filed their answer to Plaintiff's initial *pro se* complaint, and no trial date has been set.

10.      Plaintiff's counsel has contacted Defendants' counsel, but has not heard back regarding whether Defendants oppose this motion.

      Respectfully submitted,

      /s/ Cassandra P. Miller
      Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
EDELMAN COMBS LATTURNER & GOODWIN LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (fax)
info@edcombs.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I, Cassandra P. Miller, hereby certify that on November 9, 2018, I filed the forgoing document with the Clerk of the Court using the CM/ECF System, which caused to be sent notification of such filing to call counsel of record.

      /s/Cassandra P. Miller
      Cassandra P. Miller


Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT Of ILLINOIS

AARON O'NEAL )
)
)
      Plaintiff, ) Case No. 18-CV-4063-SEM-TSH
v. )
)
MANUEL ROJAS, *et al.* )
)
      Defendants. )

## **ORDER**

Upon consideration of Plaintiff's Motion to Amend the Scheduling Order, IT IS HEREBY ORDERED that the motion is Granted. The scheduling order is amended as follows:

    a.    December 19, 2018: Plaintiff to file motion for summary judgment as to exhaustion;

    b.    December 19, 2018: Plaintiff to provide initial disclosures to Defendants;

    c.    January 16, 2019: Defendants to provide initial disclosures to Plaintiff;

    d.    February 20, 2019: Plaintiff to file motion to substitute any "Doe" Defendants;

    e.    April 17, 2019: Plaintiff to provide expert disclosures to Defendants;

    f.    May 15, 2019: Defendants to provide expert disclosures to Plaintiff;

    g.    July 17, 2019: Close of discovery;

    h.    August 14, 2019: Deadline to file summary judgment motions.

Dated:_____                         _____

                                                                                                  Tom Schanzle-Haskins
                                                                                                  United States Magistrate Judge