AARON O'NEAL
PLAINTIFF,

v.

Case No. 4:18-cv-04063-SEM-TSH

MANUEL ROJAS et al.
DEFENDANTS,

## MOTION TO OPPOSE THE WITHDRAWAL MOTION OF COUNSEL OF RECORD FILED ON BEHALF OF THE EDCOMBS etc. LAW FIRM

1. Plaintiff O'Neal filed his initial complaint on March 23, 2018.

2. In this Court's merit review under 28 U.S.C. § 1915A on May 14, 2018 the court allowed Plaintiff O'Neal's individual claim to proceed, but denied his request to proceed on a class basis because he was proceeding pro·se

3. Plaintiff O'Neal was also denied "Appointment Of Counsel" on May 14, 2018 and was hereby instructed to further seek counsel on his own.

4. Plaintiff was able to gather thee attention of the Law offices of Edelman, Combs, Latturner, & Goodwin, LLC 20 S. Clark St. Suite-1500 Chicago, Il. 60603.

5. The Ed-Combs firm entered the case proceeding on October 5, 2018 under the pretext that they would vigorously advocate the complaint as originally written.

6. Also, on a prior notification written in a letter from the Ed-Combs firm dated September 26, 2018 went on to state: "After careful review and consideration, we would like to represent you in this matter". Please See Ex. A

7. Plaintiff was under the reasonable belief that the complaint was hereby being advocated by the Ed-Combs law firm as written, because at no time was plaintiff notified (or discussed with) that Ed-Combs had intentions of diminishing the strength of Plaintiff's complaint.

8. It did not become apparent that Counsel of record was hereby working against plaintiff until it was discovered that e-mailing and

business offices phone numbers in which were given to plaintiff via Ed-Combs firm, were in fact not "operable to plaintiff" for Ed-Combs firm refused their retained plaintiff from this very service in which they "pretended to provide" which is hereby in violation of their very own "Authorization And Retainer Agreement class Action / Individual Form. Please See Ex. B paragraph 4. and Ex. C dated July 20, 2018.

9. Also when Plaintiff was issued a copy of the Amended Complaint thru having been issued through the Clerk of the U.S. District Court, for Counsel of Record has yet to this very day of February 27, 2019 ever placed in the mail to plaintiff, a copy of their amended complaint.

10. Once plaintiff had received from the clerk of the U.S. District Court a "complete copy" of thee amended complaint, it was immediately discovered that Ed-Combs firm "omitted plaintiffs" 1. Jury Demand. 2. Compensatory and punitive damage relief. 3. Neglected to address defendant Stephanie Dorethy negligence in thee above title cause 4. Placed blame on someone in

whom plaintiff O'Neal has never ever come in contact with, to have such conversation with, as though was amended in their complaint.

11. Plaintiff had mailed (2) separate letters to the Ed-Combs firm expressing the urgency to speak with the Counsel's of Record before moving forward, due to plaintiff has to face a deposition in the future, and (can not) and (will not) attest to things that have been amended in Counsel of Record inaccurate report, for this would be grounds for having my case thrown out of Court.

12. Plaintiff O'Neal received in the mail a letter written by Co-Counsel Mary Frances Charlton dated: January 11, 2019. Please See Ex. **D**

13. I believe it was on January 24, 2019 that i was given an outside line to speak with Counsel of Record, in which i was told by Counsel Cassandra P. Miller that i were to accept the amended complaint as Ed-Combs firm has filed it, or they would enter an motion to withdraw, which i was hereby given a (2) couple of days to figure out whether i wanted

the Ed-Combs firm to continue representing plaintiff, for it was told to me, that i would not be receiving a big pay out, and their nominal damages (would not) be removed from the amended complaint.

14. After having taken a couple of days to fully understand what was transpiring with myself & Counsel of Record, The Ed-Combs office called back to Hill C.C., and i expressed to Counsel Cassandra P. Miller once again, by no means necessary was i going to dismiss my appeal, and that i only wanted to have The Ed-Combs firm correct the amended complaint.

15. Counsel Cassandra P. Miller went into why The Ed-Combs firm had sought out nominal damages as oppose to compensatory and punitive damages in which are requested in plaintiff's original complaint: stating that she could probably see me getting 1,000 to 3,000 dollars the most if she request some other type of relief.

16. Plaintiff O'Neal expressed to Counsel Cassandra P. Miller, that she can not speak on Mr. O'Neal receiving any amount of an award, for i expressed that it was up to a judge or jury to determine that! Counsel Miller, began to become irate, then went on to say that the Ed-Combs firm was going to file a motion to withdraw from the above title cause.

17. At no time did Plaintiff O'Neal request nor suggest to fire the Ed-Combs firm from the above title cause, for no sane person who needs counsel and which so happens to have an entire law firm who has signed on to represent thee injustice at hands volunteers to walk away.

18. Plaintiff O'Neal only ask that The U.S. District court see to it that The Ed-Combs law firm **Correct plaintiff's complaint** as well as render him the services in which they themselves signed on to do and uphold, rather than to go back and forth as to what a judge or jury may or may not render a monetary damage, for (WE) Counsel of

Record And Plaintiff as well, only need focus both their attentions on putting forth a civil action law suit before a judge or jury to determine the outcome.

19. Plaintiff would also like to bring forth to the U.S. District Court's attention, that despite what Counsel of Record stipulated in their Motion to Withdraw from the above title cause Mr. Lavelle has not desired to end his participation in this ongoing law suit. Please See Ex. **E**

20. Last but not least, Counsel of Record has been retained since October 5, 2018 making it (4) months with discovery approaching, making it entirely too close to now just having figured out a few mistakes were in fact made, to just up and walk away.

21. Plaintiff O'Neal is petitioning The U.S. District Court to deny Counsel Of Record Motion To Withdraw from Plaintiff's above cause, and order Counsel Of Record to

render the Plaintiff of Record the services in which The Edelman, Combs, Latturner, Goodwin law firm entered their retained appearance on October 5, 2018 to uphold Plaintiff's Constitutional Rights that are hereby before The U.S. District Court Of Springfield, Il.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request this Honorable Court grant Plaintiff's Motion as stated herein.

Respectfully Submitted,

Mr. Aaron O'Neal
PLAINTIFF

Exhibit **F** is a canceled call pass for law-library 2·20·19
Exhibit **G** is a make up pass from 2-20-19 to now 2-27-19

I hereby certify that on 2-27-2019, I caused a copy of the foregoing described document to be mailed by the United States Postal Service, in an envelope properly addressed and fully prepaid, to the following Counsel's and Defendants Attorneys Of Record:

To: Edelman, Combs, Latturner, Goodwin, LLC
20 S. Clark Suite-1500 Chic, Il. 606

To: Kwame Raoul / Clayton J Ankney
Attorney General State Of Illinois
500 S. Second Street
Springfield, Il. 62701

To: Heyl, Royster, Voelker, & Allen
David A. Perkins
300 Hamilton Boulevard
P.O. Box 6199
Peoria, Il. 61601-6199