IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

AARON O'NEAL )
Plaintiff, )
) Case No. 4:18-cv-04063-
VS. ) SEM-TSH
)
MANUEL ROJAS et al. ) Dated: March 26, 2019.
Defendants. )

PLAINTIFF'S REPLY TO COUNSELS RESPONSE TO DOCKET NO. #60 60-1, 60-2, 60-3, MOTION

1. Plaintiff at no time ever Advised, Directed, nor instructed the Edelman, Combs, Latturner, & Goodwin Law firm to ever discontinue representation in the case of O'Neal V. Baldwin et al.

2. Plaintiff is fully aware as to how busy a federal Judicial system can become on a daily basis and hereby attest to the facts in which is written

in plaintiff's MOTION TO OPPOSE THE COUNSEL OF RECORD TO WITHDRAW FROM PLAINTIFF'S PROCEEDING.

3. Plaintiff would also like to bring forth to thee attention of the Court, it makes no sense to OPPOSE THE WITHDRAWL OF COUNSEL'S MOTION TO REPRESENT THE PLAINTIFF, IF IT WERE IN FACT THE PLAINTIFF "IN WHOM COUNSEL CLAIMS" PLAINTIFF INSISTED COUNSEL OF RECORD CEASE IN THEIR REPRESENTATION.

4. At no point did plaintiff ever mischaracterize any portion of the conversation between him and Counsel Miller in substance or in fact.

5. Plaintiff also takes into account and consideration the time and efforts which Defendants Attorneys of Record have thus far placed into their representation, until now all of a sudden, stall the ongoing procedure from moving forward, when in fact Discovery is due.

6. Plaintiff intially insisted in an Attorney/Client telephone call at the prison that his Counsel Ms. Cassandra P. Miller include his jury demand and insert the original sum certain in compensatory and punitive relief damages.

7. Plaintiff's Counsel Ms. Miller in the afore-stated phone conversation occurring on January, 2019: (Stated) That She would not restore the jury demand nor the sum certain, further stating She could probably see plaintiff receiving 1,000 to 3,000 the most if She were to request some other type of relief.

8. At paragraph #3 of Counsel's reply to plaintiff's response, Counsel posits that any other information regarding the conversations held during the referenced phone conversation would be in violation of Attorney Client privileged as if Counsel would present the referenced information, but for client privileged rights in this cause However, Plaintiff/Client knowingly wish to ask this Court to please take judicial

notice of Counsel's referenced information pursuant to plaintiff/Client desire to waive Attorney/Client privilege and provide said information in camera which can only be taped phone conversations.

9. Plaintiff also would like to point out for the Court, Plaintiff mailed out to the Edelman, Combs, Latturner, & Goodwin, Law Firm a "Certified Mail Package" in the sum of $13.45 in the furtherance of helping in the continuence of providing the Edelman Law Firm with an substantial amount of evidence in the ongoing violations of the Catholic inmates here at Henry Hill C.C. Please See Exhibits A and B

10. The document which plaintiff has enclosed in this reply Motion, as well as documents furnished to the Edelman, Combs Law Firm was hereby paid by the plaintiff O'Neal's very own pocket, which is a clear indication that Counsel Of Record are hereby in violation of their very own "Authorization and Retainer Agreement --

Class Action/Individual Form in which they themselves sent out to the Catholic inmates, leading the inmates and the U.S. District Court to believe that their Firm was hereby providing services in which they were not, which they cite in paragraph #4 as to "Accepting Collect Calls", "Paying For Postage" which in itself is a clear "Breach OF Contract."

11. Last but least plaintiff points out that these are not signs of someone requesting a Law Firm to Cease in the representation of O'Neal v. Baldwin, but rather to uphold the Constitutional rights that have hereby been violated in the cause that is now before the U.S. District Court Of Springfield, Illinois, which the EdelMan, Combs, Latturner, + Goodwin entered their very own appearance to uphold the rights of the Catholic inmates of Henry Hill C.C.

WHEREFORE, Plaintiff AARON O'NEAL respectfully request that this Court enter an order granting his motion as to Keeping Counsel

Of Record assigned to the above Cause O'NEAL v. Baldwin et al. up and until the outcome of this judicial proceeding.

Respectfully Submitted,

AARON O'NEAL
*Aaron O'Neal*