E-FILED
Tuesday, 07 April, 2020 05:27:02 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

Aaron O'Neal, )
)
Plaintiff, )
)
v. ) No. 18-4063-SEM-TSH
)
John Baldwin, Freddie Britton, )
Stephanie Dorethy, John Frost, Steve Gans, )
Joe LaHood, Melissa Pelker, Robert Rodriguez, )
and Manuel Rojas. )
)
Defendants. )

### DEFENDANT ROJAS'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Defendant, Manuel Rojas, through his attorney, Kwame Raoul, Attorney General for the

State of Illinois, pursuant to Federal Rule of Civil Procedure 36, hereby responds to Plaintiff's

Request for Admissions:

1. It was your responsibility, while chaplain at Henry Hill Correctional Center to

approve alternative meals for inmates he practice their religious observance, such as (Catholic)

Lent to be facilitated through the prisonbs dietary department.

**ANSWER: Deny.**

2. While chaplain at Hill Corr. Cntr., you were required to have the inmates who

wish to practice their religious tenets that required an alternative meal, such as for Lent; to sign

and return to you, a form requesting an alternative meal for the practice and observance of Lent.

**ANSWER: Deny.**

3. The only time you sent out forms for Catholic inmates who wished to practice an

observe Lent was the 2018 yeas just prior to Lent.

**ANSWER: Deny.**

1

4. Plaintiff O'Neal, specifically the year 2016 and after, requested that you make arrangements for him to observe and practice his Catholic tenets of Lent, which required that you make arrangements-through the prison dietary department-for Catholic inmates to have their alternative meatless meals during observance of Lent.

ANSWER: Deny.

5. There are other religious grops at Hill that are provided alternative meals consistent with their religious practice.

ANSWER: Defendant admits that during his time as Chaplain at Hill Correctional Center, there were alternative meals which were provided to offenders consistent with their religious practice.

6. At least one religious group is provided alternative meals, based on their religious tenets, on a daily and yearly basis.

ANSWER: Defendant objects to this request because it is not clear what Plaintiff means by "on a daily and yearly basis." Subject to and without waiving said objections, Defendant admits that during his time as Chaplain at Hill Correctional Center, there were alternative meals which were provided to offenders consistent with their religious practice.

7. No other person has the primary responsibility to authorize religious alternative meals other than yourself, PRIMARILY.

ANSWER: Deny.

8. Plaintiff O'Neal spoke with you on occasion, but specifically in 2016, about the discriminate differences in treatment of the Catholic parishioners compared to other religious groups.

ANSWER: Deny.

9. Plaintiff asked you in 2016 to make out a list for alternative meals for Catholic inmates to practice Lent with alternative meals.

2

**ANSWER: Defendant objects to this request because it is confusing and Defendant cannot discern what Plaintiff is requesting Defendant admit or deny.**

10. You did not send out the required forms to compose said list (as stated in paragraph 9) until 2018 Lent observance.

**ANSWER: Defendant objects to this request because it is confusing and Defendant cannot discern what Plaintiff is requesting Defendant admit or deny.**

11. Subsequent to those requests by Plaintiff regarding alternative meals, you had Mr. O'Neal removed from the Cursillo Catholic list for that service.

**ANSWER: Deny.**

12. You had Plaintiff removed from the Cursillo list because in your opinion he had been attending the religious service the longest.

**ANSWER: Deny.**

13. After having Mr. O'Nealk removed from the Cursillo Catholic service list, you did not provide an alternative method for him to continue practicing Cursillo.

**ANSWER: Deny.**

14. The Hill inmates permitted to attend more than a single religious service, in terms of being listerd on the Offender 360 tracking sheet for multiple denominations.

**ANSWER: Defendant objects to this request because it is confusing and Defendant cannot discern what Plaintiff is requesting Defendant admit or deny.**

15. Plaintiff O'Neal submitted a correspondence to you requesting a list of men approved for passes to attend Catholic Cursillo, but who consistently failed to attend the service.

**ANSWER: Defendant admits Plaintiff requested a list of men approved to attend Cursillo but who consistently failed to attend the service.**

16. You provided a written response to grievance officer, John Frost, stating that you would not speak to them (the grievance officer) regarding Plaintiff's complaint of not being allowed to practice his religious observance of Lent, without an attorney.

**ANSWER: Deny.**

Respectfully submitted,

Manuel Rojas,

Defendant,

Kwame Raoul, Illinois Attorney General,

Attorney for Defendant,

By

Clayton J. Ankney
Assistant Attorney General

Clayton J. Ankney, No. 6320224
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 785-4555 Phone
(217) 524-5091 Fax
Email: cankney@atg.state.il.us

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

AARON O'NEAL, #N53022,      )
                                )
          Plaintiff,       )
                                )
     v.                        )      No. 18-4063-SEM-TSH
                                )
MANUEL ROJAS, et al.,      )
                                )
          Defendants.    )

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2019, the foregoing document, *Defendant Rojas's Response to Request for Admissions*, was mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following:

Aaron O'Neal, N53022
Hill Correctional Center
Inmate Mail/Parcels
P.O. Box 1700
Galesburg, IL 61401

David A. Perkins
Seth P. Uphoff
Heyl Royster Volker & Allen
300 Hamilton Boulevard
P.O. Box 6199
Peoria, IL 61601

Clayton J. Ankney
Assistant Attorney General

PLAINTIFF'S EXHIBIT I.

**State of Illinois**     **Memo**

To: _a O'Neal N53022_   Date: _3/18/16_

From: _Charles Hro_

Dept: _Westchester_

Re: _Cursillo_

☐ Take Necessary Action    ☐ Per Your Request
☐ For Your Approval    ☐ See Me About Attached
☑ Reply    ☐ Return
☐ For Your Comments    ☐ File
☐ For Your Information    ☐ Route
☐ Draft (Letter) (Memo) For My Signature

Remarks: _Cursillo has had some_
_issues with call passes. We can_
_only use them not a T-80 (detail)_
_list. The problem of space to_
_accommodate the participant is_
_affecting us now. O'Neal you_
_have been part of Cursillo for_
_years. I must give the "New" ones_
_opportunities that I gave you_
_when you were new. As the list_
_gets smaller I am sure that you will_
_have an opportunity to return. Chas_

Grievance Date: April 14, 2016

Offender: Aaron O'Neal N53022

Response from: Chaplain Rojas

"Offender A. O'Neal is incorrect when he accuses the Chaplain of discrimination. Cursillo is not a mandatory service therefore there can be no discrimination when the reason for leaving participants out was for the safety and security of the institution and volunteers. There was no way to know who attended that night, so the decision was made to allow the newer Cursillo participants to come. O'Neal has been participating for many years. Many others were left out not because discrimination but for all the years that they have already participated.

The Lent observance issues and food was explained to me by Deacon Joe LaHood (Prison Ministry Coordinator for the Archdiocese of Peoria). Lent is an observance about giving up something that is important, not necessarily food. The abstention from red meat is a tradition but it does not mean that it has to be fish. Lent is not a sacrament. We do not disallow the observance and dietary has as much as penalogical interest has allowed to offer fish on Fridays.

I will not answer any of his questions without legal representation. I cannot satisfy his FOIA because it would violate rules. No offender can have any information about another one."


I have transcribed this just as the respondent responded.

_____        July 13, 2016

John Frost, CC2        Date

PLAINTIFF'S EXHIBIT M.

Bruce Rauner
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

Hill Correctional Center
600 Linwood Road • P.O. Box 1327 • Galesburg, IL 61401 • (309) 343-4212 TDD: (800) 526-0844

# MEMORANDUM

DATE:

TO:        Requestor

FROM:     Chaplain Rojas

SUBJECT: Religious Diet

Please be advised that this memo serves as notification that your request for a religious diet/ special
religious meal for the observance of Lent observance.  It must be received by January 20, 2018

_____

Manuel Rojas, Chaplain II

Attachments: DOC 0388 (copy)

*To PARTICIPATE fill out
form And Return*

Mission: To serve justice in Illinois and increase public safety by promoting positive change in
offender behavior, operating successful reentry programs, and reducing victimization.

www.illinois.gov/idoc

## Offender Request for Religious Diet

HENRY HILL, C.C.

Facility

I, O'NEAL AARON , ID#: N53022 , hereby request a religious

Offender Name (Last, First M.I.)

diet accommodation. I declare my religious affiliation as CATHOLIC . This request is for:

☑ A VEGAN diet as an integral part of the practice of my declared religion.

Type of diet (e.g. kosher, vegan, etc.)

☑ A religious meal for the observance of the following religious holiday or ceremony: ASH WED / LENT

Specify name of holiday/ceremony

Justification or basis of request:

Examples of basis may include such things as documentation from religious textbook or faith leader; teaching of faith leader; interpretation of holy book, etc.)

I am writing in request of taking part in the celebration
of honoring the (40) weekdays from Ash wednesday to Easter
observed by the Roman Catholic as a period of penitence & fasting.

### Conditions of Participation

I understand that participation in a religious diet must be based on a sincerely held religious belief. If my request is granted, I understand and acknowledge that:

- Receipt of the religious diet will begin on the first day of a month and the diet will be in effect for no less than one calendar month.
- I may request to terminate a religious diet at any time; however, the request must be submitted in writing on an Offender Request, DOC 0286, and will not be effective until the first day of the month following in which the request was received.
- I should not purchase or possess any food items that are not part of the religious diet and possessing food that violates the diet I requested may be deemed to demonstrate a lack of sincerity.
- I am prohibited from exchanging or giving away any religious diet food or tray or taking, accepting, or trading for a food tray or for food from a food tray other than my approved diet tray and the violation of such is grounds for discipline under Ill. Adm. Code 504.
- My commissary food purchases will be monitored by the Dietary Department and purchases of food that violate the diet I requested may be deemed to demonstrate a lack of sincerity.
- My mealtime attendance will be monitored and acceptance of the specially prepared diet tray is mandatory. I understand that I should not miss more than three meals per week, without providing written justification to the Chaplain or Dietary Manager. I understand that unjustified failure to attend meals may be deemed to demonstrate a lack of sincerity.

I affirm that I have read and understand these conditions for participation in a religious diet, and that I have signed voluntarily and without coercion.

Aaron O'Neal JAN 19, 2018.

Offender Signature                                              Date

| Official Use Only | | | | |
|---|---|---|---|---|
| ☐ Approved ☐ Denied | | Chaplain (Print Name) | Chaplain (Signature) | Date |
| ☐ Approved ☐ Denied | | Chief Administrative Officer (Print Name) | Chief Administrative Officer (Signature) | Date |

If denied, provide reason:

Date received by Dietary:

If approved, religious diets shall begin on the first day of the month following that in which the Request was received.

Distribution:   Chaplain, Dietary Manager,
                Offender

Printed on Recycled Paper

DOC 0388 (Eff. 11/2012)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| JOHN BALDWIN, DIRECTOR, | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, in his official and | ) | |
| individual capacity; MANUEL ROJAS, in | ) | |
| his official and individual capacity; | ) | |
| STEPHANIE DORETHY, in her official | ) Case No.: | 18-CV-4063-SEM-TSH |
| and individual capacity; FREDDIE | ) | |
| BRITTON, in his official and individual | ) | |
| capacity; ROBERT RODRIGUEZ, in his | ) | |
| official and individual capacity; JOE | ) | |
| LAHOOD, in his official and individual | ) | |
| capacity JOHN FROST, in his official and | ) | |
| individual capacity; STEVE GANS, in his | ) | |
| official and individual capacity, MELISSA | ) | |
| PHOENIX, in her official and individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS, JOE LAHOOD AND ROBERT RODRIGUEZ,
RESPONSE TO PLAINTIFF'S INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS (Received 10/15/19)**

NOW COME the Defendants, JOE LAHOOD and ROBERT RODRIGUEZ, by their

attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for their Response to Plaintiff's

Interrogatories and Request for Production of Documents, state as follows:

1.      State, in addition to defendant Rodriguez being coordinator for Catholic volunteer

services at Hill Correction al Center (HCC) who else was a volunteer from the Catholic church has

served in the capacity as coordinator for HCC inmates from 2005 through 2016. If those

individuals are listed in any document, produce the document.

RESPONSE:  Objection. Defendants have responded to 26 interrogatories already, which is in excess of the number of interrogatories required to be answered under Rule 33(a)(1). Objection. The information requested is not relevant to the case at hand.

2.    State the duties of defendant LaHood for Catholic Ministries for prison inmates within the Peoria Diocese's area. If those duties are set forth in any job description, produce the document.

RESPONSE:  Objection. Defendants have responded to 26 interrogatories already, which is in excess of the number of interrogatories required to be answered under Rule 33(a)(1). Objection. This interrogatory has already been responded to on August 30, 2019.

3.    State the duties of defendant Rodriguez and Deacon Joe O'Toole for the Catholic Ministries for prison inmates with the Peoria Diocese's area. If those duties are set forth in any document, produce the document.

RESPONSE:  Objection. Defendants have responded to 26 interrogatories already, which is in excess of the number of interrogatories required to be answered under Rule 33(a)(1). Objection. This interrogatory has already been responded to on August 30, 2019.

4.    Are any of the duties, as set forth in paragraphs 1 and 3, conducted simultaneously at any time during active services at HCC. If those duties are set forth in any document, produce the document.

RESPONSE:  Objection. Defendants have responded to 26 interrogatories already, which is in excess of the number of interrogatories required to be answered under Rule 33(a)(1). Objection. This interrogatory has already been responded to on August 30, 2019.

5.    State whether on January 1, 2018 defendant Rodriguez made an open statement to the Catholic inmates at HCC, in response to the inmates persistent inquiries of whether a meatless meal would be authorized for them in observance of the month of Lent, to the effect that he had

2

been informed by defendant LaHood that the church had received numerous concerns about prison inmates and Lent. And that those concerns were not on the church's "To Do List," and that if any inmate desired to observe Lent that he could eat around the meat, or not eat presumably the meal at all.

RESPONSE:  Objection. Defendants have responded to 26 interrogatories already, which is in excess of the number of interrogatories required to be answered under Rule 33(a)(1).

6.     State why prison inmates, who are Catholic, exempt from the practice and observance of religious tenets, including, but not limited to Lent. If the request information is listed in any document, produce the document.

RESPONSE:  Objection. Defendants have responded to 26 interrogatories already, which is in excess of the number of interrogatories required to be answered under Rule 33(a)(1). Objection. This interrogatory has already been responded to previously. Objection. This interrogatory is irrelevant as it pertains to religious tenets and is not related to the case at hand.

7.     If Catholic inmates being exempt from Lent or other practices are not listed in any document, provide the designation, title, and name of who is responsible for designating such an exemption to HCC inmates in observance of their choice for Lent.

RESPONSE:  Objection. Defendants have responded to 26 interrogatories already, which is in excess of the number of interrogatories required to be answered under Rule 33(a)(1). Objection. This interrogatory is irrelevant as it pertains to religious tenets and is not related to the case at hand.

8.     State why, and to what degree, there is a difference between free citizens and incarcerated men (Catholics) that makes on groups sacrament obligatory and acceptable, that being Catholics as free citizens over Catholic prison inmates. If this information is contained in any document, produce the document.

3

RESPONSE:  Objection. Defendants have responded to 26 interrogatories already, which is in excess of the number of interrogatories required to be answered under Rule 33(a)(1). Objection. This interrogatory has already been responded to previously. Objection. This interrogatory is irrelevant as it pertains to religious tenets and is not related to the case at hand.

9.   Are prison inmates observance and sacrament for Lent any less valuable to the church than those of free Catholic citizens.

RESPONSE:  Objection. Defendants have responded to 26 interrogatories already, which is in excess of the number of interrogatories required to be answered under Rule 33(a)(1). Objection. This interrogatory has already been responded to previously. Objection. This interrogatory is irrelevant as it pertains to religious tenets and is not related to the case at hand.

10.   State why life-long Catholics are precluded from the support from the Catholic church in proclaiming their faith and desires to practice their tenets, such as Lent. If that information is in a document, produce the document.

RESPONSE:  Objection. Defendants have responded to 26 interrogatories already, which is in excess of the number of interrogatories required to be answered under Rule 33(a)(1). Objection. This interrogatory is irrelevant as it pertains to religious tenets and is not related to the case at hand.

11.   State what prisons in Illinois provide meatless meals for Catholics desiring to practice their tenets in observance of Lent. If that information is included in a document, provide the document.

RESPONSE:  Objection. Defendants have responded to 26 interrogatories already, which is in excess of the number of interrogatories required to be answered under Rule 33(a)(1). Defendant LaHood and Rodriguez are not privy to this information.

4

JOE LAHOOD

5

☑0006/0019

ROBERT RODRIGUEZ

Objections on behalf of
Robert Rodriguez and Joe LaHood by,


BY:___s/ Syed E. Ahmad_____
HEYL, ROYSTER, VOELKER & ALLEN
Syed E. Ahmad, ARDC #6294817

HEYL, ROYSTER, VOELKER & ALLEN
300 Hamilton Blvd.
P.O. Box 6199
Peoria, Illinois 61601-6199
Telephone  309.676.0400
Facsimile  309.676.3374
Primary Email: peoecf @heylroyster.com
Secondary Email: dperkins @heylroyster.com
Secondary Email: lmunge @heylroyster.com
Secondary Email: sahmad @heylroyster.com
Secondary Email: khamby @heylroyster.com

6

ROBERT RODRIGUEZ


Objections on behalf of
Robert Rodriguez and Joe LaHood by,


BY:___s/ Syed E. Ahmad_____
HEYL, ROYSTER, VOELKER & ALLEN
Syed E. Ahmad, ARDC #6294817

HEYL, ROYSTER, VOELKER & ALLEN
300 Hamilton Blvd.
P.O. Box 6199
Peoria, Illinois 61601-6199
Telephone  309.676.0400
Facsimile  309.676.3374
Primary Email: peoecf@heylroyster.com
Secondary Email: dperkins@heylroyster.com
Secondary Email: lmunge@heylroyster.com
Secondary Email: sahmad@heylroyster.com
Secondary Email: khamby@heylroyster.com

6

ROBERT RODRIGUEZ

Objections on behalf of
Robert Rodriguez and Joe LaHood by,


BY:   s/ Syed E. Ahmad
HEYL, ROYSTER, VOELKER & ALLEN
Syed E. Ahmad, ARDC #6294817

HEYL, ROYSTER, VOELKER & ALLEN
300 Hamilton Blvd.
P.O. Box 6199
Peoria, Illinois 61601-6199
Telephone  309.676.0400
Facsimile  309.676.3374
Primary Email: peoeef @ heylroyster.com
Secondary Email: dperkins @ heylroyster.com
Secondary Email: lmunge @ heylroyster.com
Secondary Email: sahmad @ heylroyster.com
Secondary Email: khamby @ heylroyster.com

6

## PROOF OF SERVICE

I hereby certify that on January 23, 2020, I mailed the foregoing document by United States Postal Service to the following non-CM/ECF participant:

Mr. Aaron O'Neal, N53022
HILL CORRECTIONAL CENTER
Inmate Mail/Parcels
PO Box 1700
Galesburg, IL 61401

Clayton Ankney
Office of the Attorney General
500 South Second Street
Springfield, IL 62706

BY:_____/s Syed E. Ahmad_____

37283598_1

7

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| JOHN BALDWIN, DIRECTOR, | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, in his official and | ) | |
| individual capacity; MANUEL ROJAS, in | ) | |
| his official and individual capacity; | ) | |
| STEPHANIE DORETHY, in her official | ) | Case No.:   18-CV-4063-SEM-TSH |
| and individual capacity; FREDDIE | ) | |
| BRITTON, in his official and individual | ) | |
| capacity; ROBERT RODRIGUEZ, in his | ) | |
| official and individual capacity; JOE | ) | |
| LAHOOD, in his official and individual | ) | |
| capacity JOHN FROST, in his official and | ) | |
| individual capacity; STEVE GANS, in his | ) | |
| official and individual capacity, MELISSA | ) | |
| PHOENIX, in her official and individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS, JOE LAHOOD AND ROBERT RODRIGUEZ,
RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
PRODUCTION OF DOCUMENTS (Received 9/23/19)**

NOW COME the Defendants, JOE LAHOOD and ROBERT RODRIGUEZ, by their

attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for their Response to Plaintiff's Second

set of Interrogatories and Production of Documents, state as follows:

1. State whether defendant Rodriquez conducts communion services, at any time of

the year at Hill Correctional Center (HCC) during any of his volunteer services with HCC prison

inmates who attend Catholic Services provided by the Catholic prison ministries. If there is a

document detailing what is involved in communion service in general, produce the document.

RESPONSE: Objection. The interrogatory is expansive in that there is no time frame relevant to the question. Objection. This interrogatory has already been responded to on August 30, 2019.

2.     As Spiritual Director for prison ministries is defendant LaHood at all involved in planning communion services for prison ministries – specifically, HCC.

RESPONSE: Objection. The interrogatory is expansive in that there is no time frame relevant to the question. Objection. This interrogatory has already been responded to on August 30, 2019.

3.     Regarding Prison Ministries for the state of Illinois, are there any Catholic prisoners who have their dietary meals supplemented with meatless dishes during Lent and/or Ash Wednesday.

RESPONSE: Prison Ministries for the Peoria Diocese of the Catholic Church is not in charge of providing meals to prisoners.

4.     Defendant LaHood coordinates with the Illinois department of Correction, including, but not limited to, CATHOLIC advisory requirements, whether directly or indirectly or sit on any department of Corrections Board. If there is a document relative to any such advisory requirements/position, produce the document.

RESPONSE: Objection. The interrogatory is unclear as to what it is requesting. Objection. The interrogatory is overbroad as it fails to define "coordinates." Objection. There is no question asked in this interrogatory and any statement made herein by the Plaintiff is denied.

5.     Expound on what issues at prisons defendant LaHood is or has been involved in as stated in defendant's response to Plaintiff's first set of interrogatories, at paragraph #2 on page #2, whether HCC or another prison.

2

RESPONSE: Objection. The interrogatory is overbroad as it fails to define "expound." The responses in the previous interrogatories are self-explanatory.

6.      Produce the emails referenced to by defendant LaHood in his response at par. 6 at pg. 3 regarding prison ministries communication between defendant LaHood and individuals in prison ministries and staff of the Illinois Department of Corrections (IDOC).

RESPONSE: Objection. There is no question asked in this interrogatory and any statement made herein by the Plaintiff is denied. To the extent this is a request for production, it is in violation of Rule 34 (b)(1)(a) in that it does not provide a time frame, subject matter, or other limiting factor which would make it relevant to this case.

7.      Produce the emails and other transfer of information with other individuals in the prison ministry, the staff of the IDOC, and his monthly calendar of proposed services to the prison chaplain, whether HCC or another prison.

RESPONSE: Objection. There is no question asked in this interrogatory and any statement made herein by the Plaintiff is denied. To the extent this is a request for production, it is in violation of Rule 34 (b)(1)(a) in that it does not provide a time frame, subject matter, or other limiting factor which would make it relevant to this case.

8.      Was either defendants Rodriquez or LaHood apprised or aware that the Plaintiff had been removed from the Curisslo list of attendance. If there is a document of any sort, produce the document.

RESPONSE: Objection. There is no relevance as to whether Defendants Rodriquez or LaHood were apprised of any actions by the Department of Corrections regarding who is permitted to attend events at the prison.

3

9.      On what basis are Catholic prison inmates exempt from dietary tenets due to their incarceration. If there is a document detailing the referenced exemption in defendant's response to plaintiff first set of interrogatories at #3, at pg. 4, produce the document.

RESPONSE: Objection. The responses in the previous interrogatories are self-explanatory.

10.     Are prison inmates less redeemable for spiritual salvation than other people in general who live in a free society.

RESPONSE: Objection. This interrogatory is irrelevant as it pertains to religious tenets and is not related to the case at hand.

11.     In the case of such exemption, who other than Jesus (and the individual him/herself) Christ has the absolute authority to decide for an individual that penitence is not required for persons of incarceration.

RESPONSE: Objection. This interrogatory is irrelevant as it pertains to religious tenets and is not related to the case at hand.

JOE LAHOOD

4

ROBERT RODRIGUEZ


Objections on behalf of
Robert Rodriguez and Joe LaHood by,


BY:___s/ Syed E. Ahmad_____
HEYL, ROYSTER, VOELKER & ALLEN
Syed E. Ahmad, ARDC #6294817

HEYL, ROYSTER, VOELKER & ALLEN
300 Hamilton Blvd.
P.O. Box 6199
Peoria, Illinois 61601-6199
Telephone  309.676.0400
Facsimile  309.676.3374
Primary Email: peoecf@heylroyster.com
Secondary Email: dperkins@heylroyster.com
Secondary Email: lmunge@heylroyster.com
Secondary Email: sahmad@heylroyster.com
Secondary Email: khamby@heylroyster.com

5

## **PROOF OF SERVICE**

I hereby certify that on January 23, 2020, I mailed the foregoing document by United States Postal Service to the following non-CM/ECF participant:

Mr. Aaron O'Neal, N53022
HILL CORRECTIONAL CENTER
Inmate Mail/Parcels
PO Box 1700
Galesburg, IL 61401

Clayton Ankney
Office of the Attorney General
500 South Second Street
Springfield, IL 62706

BY:_____ /s Syed E. Ahmad_____

37283280_1

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| Aaron O'Neal, N53022, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-4063-SEM-TSH |
| | ) |
| Manuel Rojas, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT BALDWIN'S RESPONSE TO PLAINTIFF'S SECOND SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
SERVED SEPTEMBER 18, 2019**

Defendant, John Baldwin, through his attorney, Kwame Raoul, Attorney General for the

State of Illinois, pursuant to Federal Rules of Civil Procedure 33 and 34, hereby provides his

Response to Plaintiff's Second Set of Interrogatories and Request for Production served September

18, 2019:

1.     State the duties of defendant Baldwin, Director of Corrections of the Illinois

Department of Correction (IDOC).  If those duties are set forth in any job description or other

document, produce the document.

**RESPONSE: Defendants refer Plaintiff to Defendants' objections to Plaintiff's Second Set
of Interrogatories and Request for Production. Subject to and without waiving said
objections, Defendant Baldwin is not the current Director of the IDOC. However, the
Director of the Illinois Department of Corrections is generally responsible for overseeing the
operation of the Illinois Department of Corrections. The Director's duties may also be
detailed in Illinois Department of Corrections Administrative Directives.**

2.     State whether defendant Baldwin is responsible for or involved in compiling a

Religious Practice Advisory Board for establishing religious tenets for prison inmates, and list the

names any any (sic) persons from the Catholic church who may participate in or sit on the

1

referenced board in any fashion. If those duties are set forth in any job description or other

document, produce the document.

**RESPONSE: Defendants refer Plaintiff to Defendants' objections to Plaintiff's Second Set of Interrogatories and Request for Production. Subject to and without waiving said objections, Defendant Baldwin is not the current Director of the IDOC. However, Defendant refers Plaintiff to A.D. 04.25.101 Chaplaincy Services Bates stamped 000009-000012, which includes the procedure by which individuals are appointed to the Religious Practice Advisory Board and the responsibilities of the Religious Practice Advisory Board, and 20 Ill. Admin. Code 425.40 *et seq*., Bates stamped 000045-000061. According to Chase Wilhelm, Acting Religious Practice Advisory Board Chair and Illinois Department of Corrections Chief Chaplain, the following individuals are currently members of the Religious Practice Advisory Board: Alyssa Williams, Chase Wilhelm, Echo Beekman, Lu Walker, Jennifer Parrack, Christopher Easton, Lauren Lambert-Goheen, Howard (Scott) Harner, Karen Norman-Rees, and James Claycomb.**

3.      Defendant Baldwin is responsible for the actions of any IDOC staff who is

subordinate to him who does not comply with any and all well establish IDOC Rules,

Administrative and Departmental Directives.

**RESPONSE: Defendants refer Plaintiff to Defendants' objections to Plaintiff's Second Set of Interrogatories and Request for Production.**

4.      Defendant Baldwind (sic) acquiesced to the finding of defendant's Phoenix,

Dorethy, Frost, and Gans' finding's regarding Plaintiff's grievance complaining of denial of equal

Catholic worship as relevant to this complaint.

**RESPONSE: Defendants refer Plaintiff to Defendants' objections to Plaintiff's Second Set of Interrogatories and Request for Production.**

5.      A proper investigation by defendant's Dorethy, Phoenix, Frost and Gans would

have directed them to the Religious Practice Advisory Boards findings for Catholic Tenets would

have resolved the grievance in terms of whether plaintiff religious tenets required a supplemental

meatless diet during the month of Lent/Ash Wednesday.

**RESPONSE: Defendants refer Plaintiff to Defendants' objections to Plaintiff's Second Set of Interrogatories and Request for Production.**

2

6.      As an employee of the IDOC, defendant Rojas, as Chaplain is required to participate in any investigation where his department (Chaplaincy) is a subject of to resolve any matters in dispute. If those duties are set forth in any job description or document, produce the document.

**RESPONSE: Defendants refer Plaintiff to Defendants' objections to Plaintiff's Second Set of Interrogatories and Request for Production. Subject to and without waiving said objections, generally, every IDOC employee is required to report unusual incident and cooperate with any internal or external investigations.**

7.      If a prison inmates request that witness' be called in defense of his allegations, those witnesses are to be consulted with or a reason given as to why there is no need to consult those witness. If that procedure is set forth in any document related to the grievance process, produce the document.

**RESPONSE: Defendants refer Plaintiff to Defendants' objections to Plaintiff's Second Set of Interrogatories and Request for Production. Subject to and without waiving said objections, to the extent Plaintiff seeks documents which show the grievance process and procedure, Defendant refers Plaintiff to Administrative Directive 04.01.114 Local Offender Grievance Procedures, Bates stamped 000019-000025, 20 Illinois Administrative Code 504, Subpart F: Grievance Procedures for Offenders, Bates stamped 000031-000042, and DR 504 Grievance Procedures Manuals, Bates stamped 000062-000230.**

8.      Defendant Rojas' refusal to participate in the grievance investigation related to the plaintiff, stating he would not make a statement without his attorney contravened IDOC's rules directives. If those duties are the subject set forth in any job description, produce the document.

**RESPONSE: Defendants refer Plaintiff to Defendants' objections to Plaintiff's Second Set of Interrogatories and Request for Production.**

9.      Defendant's Frost and Gans willfully ignored the proper protocol for investigating a prisoners grievance and denied the plaintiff's grievance without any supporting evidence for such denial, indicative of bias toward the plaintiff.

3

**RESPONSE: Defendants refer Plaintiff to Defendants' objections to Plaintiff's Second Set of Interrogatories and Request for Production.**

10.     Defendant Rojas, in removing plaintiff from the Curssillo list did not provide

plaintiff with any alternative means of practicing Curssillo.

**RESPONSE: Defendants refer Plaintiff to Defendants' objections to Plaintiff's Second Set of Interrogatories and Request for Production. Subject to and without waiving said objections, I am not personally aware of whether Plaintiff was removed from the list to participate in Cursillo or if Manuel Rojas removed Plaintiff from that list.**

11.     Such denial as stated in paragraph 10 was in retaliation of plaintiff requesting a

dietary meatless substitute to comply with the Catholic religious tenets of Lent/Ash Wednesday.

**RESPONSE: Defendants refer Plaintiff to Defendants' objections to Plaintiff's Second Set of Interrogatories and Request for Production. Subject to and without waiving said objections, I am not personally aware of whether Plaintiff was removed from the list to participate in Cursillo or if Manuel Rojas removed Plaintiff from that list.**

Respectfully submitted,

John Baldwin,

Defendant,

Kwame Raoul, Illinois Attorney General,

Attorney for Defendant,

By: _____

Clayton J. Ankney, No. 6320224
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 785-4555 Phone
(217) 524-5091 Fax
Email: cankney@atg.state.il.us

4

UNITED STATES DISTRICT COURT      )            *O'Neal v. Rojas, et al.*

                                )

CENTRAL DISTRICT OF ILLINOIS       )              **No. 18-4063**

## DECLARATION

Pursuant to 28 U.S.C. § 1746, I, John Baldwin, declare under penalty of perjury that the facts and information contained in *Defendant Baldwin's Response to Plaintiff's Second Set of Interrogatories and Request for Production of Documents Served September 18, 2019*, are true and accurate to the best of my knowledge, information, and belief.

Executed on this 6 day of ___Jan,___ 20 2)

John Baldwin

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

Aaron O'Neal, N53022,                )
                                     )
            Plaintiff,                )
                                     )
    v.                               )        No. 18-4063-SEM-TSH
                                     )
Manuel Rojas, *et al.*,               )
                                     )
            Defendants.               )

## CERTIFICATE OF SERVICE

Clayton J. Ankney, Assistant Attorney General, herein certifies that he has served a copy of the foregoing document, ***Defendant Baldwin's Response to Plaintiff's Second Set of Interrogatories and Request for Production of Documents Served September 18, 2019***, upon:

Aaron O'Neal #N53022                     Syed Ahmad, Brad Keller,
Hill Correctional Center                 David Perkins, & Seth Uphoff
PO Box 1700                              Heyl Royster Voelker & Allen
Galesburg, IL 61401                      300 Hamilton Boulevard
                                         PO Box 6199
                                         Peoria, IL 61601-6199

by mailing a true copy thereof to the above addresses in an envelope duly addressed, bearing proper first class postage, and deposited in the United States mail at Springfield, Illinois on January 7, 2020.

By: _____

Clayton J. Ankney, No. 6320224
Assistant Attorney General

6

E-FILED
Friday, 31 August, 2018 08:58:48 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON O'NEAL #N53022, | ) |
| | ) |
| Plaintiff, | ) Case No. 18-CV-4063 |
| | ) |
| vs. | ) |
| | ) |
| MANUEL ROJAS, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS LAHOOD AND RODRIGUEZ'S ANSWER AND AFFIRMATIVE DEFENSES TO  PLAINTIFF'S COMPLAINT

NOW COME the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, by and

through their attorney, Brad W. Keller of HEYL, ROYSTER, VOELKER & ALLEN, and pursuant to the

Court's Merit Review Opinion (ECF #14), hereby submit their Answer and Affirmative Defenses to

Plaintiff's Complaint (ECF #1), stating as follows:

### Allegations[1]

1.      Plaintiff is Catholic and has requested to be served a meatless meal on Fridays
during lent.

**ANSWER: Defendants admit Plaintiff identifies as Catholic and has previously
requested to be served a meatless meal on Fridays during Lent.**

2.      When his request was denied, Plaintiff confronted Defendant Rojas (the Chaplain
at Hill Correctional Center), whereupon Defendant Rojas retaliated against Plaintiff by removing
Plaintiff as a participant in a special Catholic service known as Cursillo.

**ANSWER: Defendants admit that Rojas is the Chaplain at Hill Correctional Center.
Defendants have insufficient knowledge or information to form a belief as to the
remaining allegations in this paragraph.**

---

[1] Pursuant to Local Rule 16.3(E)(2) for the Central District of Illinois, "the answer and subsequent pleadings will be
to the issues stated in the Case Management Order."

3.    All the other Defendants acquiesced or played a part in these denials.

**ANSWER: Defendants deny the allegations in this paragraph.**

4.    At this point, the Court cannot rule out claims under the First Amendment (right to practice religion), Fourteenth Amendment (equal protection), and the Religious Land Use and Institutionalized Persons Act (right to practice religion).

**ANSWER: Defendants deny violating Plaintiff's rights under the First Amendment, the Fourteenth Amendment, or the Religious Land Use and Institutionalized Persons Act, and Defendants deny violating any of Plaintiff's rights whatsoever. Defendants deny Plaintiff is entitled to any relief whatsoever.**

5.    Plaintiff may also state a retaliation claim against Defendant Rojas, which will proceed for further development.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph. Moreover, this is not directed against these Defendants.**

## Relief Requested

Defendants deny Plaintiff is entitled to any relief whatsoever.

## Jury Demand

Defendants demand a trial by jury.

## Affirmative Defenses

### A.    Not State Actors

Plaintiff's claims against these Defendants should be dismissed as they are not state actors.

### B.    Administrative Exhaustion.

Plaintiff has failed to exhaust administrative remedies prior to filing his suit. Plaintiff's suit is therefore barred by 42 U.S.C. 1997e(a).

### C.    Statutes of Limitations.

Plaintiff's claims arising more than two years before filing to which tolling does not apply are barred by the applicable statutes of limitations.

WHEREFORE, for the above and foregoing reasons, the Defendants, JOSEPH LAHOOD

and ROBERT RODRIGUEZ, respectfully request this honorable Court deny Plaintiff any relief

whatsoever.

JOSEPH LAHOOD and ROBERT RODRIGUEZ


BY:_____s/ Brad W. Keller_____
HEYL, ROYSTER, VOELKER & ALLEN
Brad W. Keller - ARDC #: 6303676
300 Hamilton Blvd., P.O. Box 6199
Peoria, Illinois 61602 1352
Telephone  309.676.0400
Facsimile  309.676.3374
Email: peoecf@heylroyster.com (primary),
bkeller@heylroyster.com,
mkeogel@heylroyster.com  (secondary)

**PROOF OF SERVICE**

I hereby certify that on August 31, 2018, I electronically filed the foregoing instrument, Answer and Affirmative Defenses to Plaintiff's Complaint, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Clayton J. Ankney
Illinois Assistant Attorney General
500 South Second Street
Springfield, IL 62701
E-mail: cankney@atg.state.il.us

I further certify that I have mailed on August 31, 2018, by United States Postal Service the foregoing instrument, Answer and Affirmative Defenses to Plaintiff's Complaint, to the following non-CM/ECF participant:

Aaron O'Neal, N53022
HILL CORRECTIONAL CENTER
Inmate Mail/Parcels
PO Box 1700
Galesburg, IL 61401

BY:＿＿＿s/ Brad W. Keller＿＿＿＿
Brad W. Keller

6950-5 / 35084351_1

Page 4 of 4