UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON O'NEAL #N53022, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| JOHN BALDWIN, DIRECTOR, | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, in his official and | ) |
| individual capacity; MANUEL ROJAS, in | ) |
| his official and individual capacity; | ) |
| STEPHANIE DORETHY, in her official | ) Case No.:  18-CV-4063-SEM-TSH |
| and individual capacity; FREDDIE | ) |
| BRITTON, in his official and individual | ) |
| capacity; ROBERT RODRIGUEZ, in his | ) |
| official and individual capacity; JOE | ) |
| LAHOOD, in his official and individual | ) |
| capacity JOHN FROST, in his official and | ) |
| individual capacity; STEVE GANS, in his | ) |
| official and individual capacity, MELISSA | ) |
| PHOENIX, in her official and individual | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS ROBERT RODRIGUEZ AND JOSEPH LAHOOD'S
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, by their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for their Response to Plaintiff's Motion for Summary Judgment pursuant to Federal Rule 56 and Local Rule 7.1(D) state as follows:

    **A.**    **RESPONSE TO PLAINTIFF'S INTRODUCTION**

The matter before the Court is a *pro se* § 1983 action by Plaintiff Aaron O'Neal, a resident at the Henry Hill Correctional Facility (hereinafter "Hill" or "the Facility"). Plaintiff has

filed a Motion for Summary Judgment (d/e No. 106 & 107) seeking summary judgment against the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, based upon the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, note that Plaintiff appears to list all of the actions he complains of within his Introduction. Plaintiff cites no complaints directed towards Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, failing to mention them entirely. Plaintiff does not complain of any actions taken by Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, because, as noted in Defendant's Motion for Summary Judgment, Plaintiff has previously admitted that the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, did not take any action, did not advise any action, had no authority to take any action, and did not discriminate against Plaintiff based upon his religion.

Plaintiff's arguments are not supported in fact or law: the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, are not the government, are not state actors, were not personally involved in any discriminatory conduct or decision making, and Plaintiff has presented no evidence that the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, violated the First Amendment, Fourteenth Amendment, or the RLUIPA. Plaintiff's Motion for Summary Judgment should be denied.

B.     **RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

Plaintiff's Statement of Undisputed Facts contains misstatements of facts, law, or lack support for Plaintiff's position. Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, Respond to Plaintiff's Undisputed Facts as follows:

I.  **RESPONSE TO PLAINTIFF'S UNDISPUTED MATERIAL FACTS**

Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, lack sufficient information to dispute a number of Plaintiff's asserted material facts as they pertain to IDOC documents, policies, and procedures which are not known to Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, as they are volunteers and not IDOC employees or state actors. Further, Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, lack sufficient information to dispute a number of Plaintiff's asserted material facts as they pertain to other defendants' thoughts and actions of which the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, are not privy too and lack personal knowledge of.

Defendants therefore lack sufficient information to dispute Fact Nos. 2, 3, 5-21, and 26.

II.  **RESPONSE TO PLAINTIFF'S DISPUTED MATERIAL FACTS**

Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, dispute the following material facts:

1. Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, dispute Plaintiff's bare assertion that they are state actors or laboring under the color of state law. The facts show that the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, are not the government, are not state actors, and did not labor under color of state law. See Exhibits 1 & 2 attached to Defendant's Motion for Summary Judgment.

27. Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, dispute Plaintiff's bare assertion of a lack of good faith efforts on behalf of any of the defendants. Further, Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, dispute that any effort to ascertain Plaintiff's personal religious beliefs was required, particularly as they are volunteers and not employees or state actors.

**III.     RESPONSE TO PLAINTIFF'S DISPUTED IMMATERIAL FACTS:**

Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, dispute the following immaterial facts:

4. Fact No. 4 is irrelevant to this suit, as it pertains to an interpretation of religious tenets, and has no pertinence to any allegation contained within this suit, particularly to the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ. Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ move to strike Fact No. 4.

22. Fact No. 22 is irrelevant to this suit, as it pertains to an interpretation of religious tenets, and has no pertinence to any allegation contained within this suit, particularly to the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ. Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ move to strike Fact No. 22.

23. Fact No. 23 is irrelevant to this suit, as it pertains to an interpretation of religious tenets, and has no pertinence to any allegation contained within this suit, particularly to the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ. Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ move to strike Fact No. 23.

24. Fact No. 24 is disputed, as the defendant, JOSEPH LAHOOD, never made any statement as alleged within Plaintiff's Fact No. 24. Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ move to strike Fact No. 24. Further, Fact No. 24 is irrelevant to this suit, as it pertains to an interpretation of religious tenets, and has no pertinence to any allegation contained within this suit, particularly to the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ.

I. Fact No. 25 is irrelevant to this suit, as it pertains to an interpretation of religious tenets, and has no pertinence to any allegation contained within this suit, particularly to the

Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ. Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ move to strike Fact No. 25.

IV.     **DEFENDANTS' STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS**

The defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, adopt their Statement of Undisputed Material Facts contained within their Motion for Summary Judgment, d/e # 108, as their Statement of Additional Undisputed Material Facts as if fully set forth in this document.

C.     **RESPONSE TO PLAINTIFF'S ARGUMENTS**

I.     **RESPONSE TO PLAINTIFF'S ARGUMENT CONCERNING THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT**

The defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, have moved for summary judgment regarding Plaintiff's claims under the RLUIPA in d/e # 108, and adopts the arguments contained therein as if fully set forth in this document. To sustain a claim under the RLUIPA Plaintiff is required to prove that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, are a government, state actors, or acted under color of state law while engaging in discriminatory conduct. To hold any defendant liable under § 1983 or the RLUIPA Plaintiff must satisfy both prongs of the test as articulated by the Supreme Court "(1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible."; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Plaintiff fails to establish any evidence that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, are the government, state actors, or acting under color of state law.

Plaintiff makes a bare assertion of a legal conclusion regarding color of state law within his "Declaration" labelled as Document #107 but lacks any facts, evidence, or law to support his bare assertion. Plaintiff establishes no actions, status, or facts which could establish, or reasonably infer, that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, are state actors or acting under color of state law. In fact, the evidence and facts establish that defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, are not state actors and did not act under color of state law, as fully set forth in the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, in their Motion for Summary Judgment, d/e # 108.

A RLUIPA claim cannot be successfully alleged under the facts of this case for several reasons. RLUIPA, provides that "*no [state or local] government* shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2) (emphasis added). The defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, are not employed by the State of Illinois, the Illinois Department of Corrections, or Henry Hill Correctional Facility. (Exhibit 1, pg. 45-46)(Exhibit 2, ¶ 10) (Exhibit 3, ¶ 8).

Clergy acting purely in clerical or ecclesiastical capacities are not state actors. *Montano v. Hedgepeth*, 120 F.3d 844, 851 (Eighth Cir. 1997). In fact, the chaplain in *Montano* was the prison chaplain and was an employee of the prison, however, his actions were determined to be non-secular in nature and beyond the bounds of governmental authority. The Eighth Circuit specifically stated that "During the course of his employment, a prison chaplain might, among many other things, deliver sermons, take confessions, grant forgiveness for sins, and counsel inmates on the proper reading of sacred texts. It is peculiarly difficult to detect **any color of state**

**law in such actions**. *Id.* at 850. (Emphasis added). It is undisputed that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, performed the actions listed by the Eighth Circuit and no more. (Exhibit 2, ¶ 15-24) (Exhibit 3, ¶ 2,4,6,14).

The defendants are Deacons for the Peoria Diocese of the Catholic Church, a private, religious nonprofit which does not receive federal funding. Accordingly, no claim is possible against them in any 'official capacity' nor is any claim proper against them as individuals. It is further undisputed that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, are volunteers. (Exhibit 1, pg. 41-43)(Exhibit 2, ¶ 6)(Exhibit 3, ¶ 11,12,14). It is also undisputed that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, cannot order detainees to perform any action and cannot order IDOC employees to perform any actions. (Exhibit 1, pgs. 41-43, 45-46, 47) (Exhibit 2, ¶ 10-12) (Exhibit 3, ¶ 9, 14-15). It is further undisputed that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, are acting solely as clergy members and restrict their activities to perform religious services and ecclesiastical functions. (Exhibit 2, ¶ 17-23) (Exhibit 3, ¶ 14).

Plaintiff alleges some non-actions by volunteer clergy in both his Complaint and his Motion for Summary Judgment, which does not establish, and cannot establish, that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, acted under color of state law. Clergy acting purely in clerical or ecclesiastical capacities are not state actors. Plaintiff has not presented, and cannot present, any evidence of any authority being given or delegated to volunteer, religion-specific, private persons. Plaintiff fails to allege any action under color of state law by the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ. Further, plaintiff has failed to present any admissible evidence to any authority or action under color of state law by the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ. Plaintiff's only allegations

against the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, are that they were silent and did not advocate for him. Plaintiff's request for summary judgment should be denied as to the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ.

**II.    THE DEFENDANTS, JOSEPH LAHOOD AND ROBERT RODRIGUEZ, LACKED PERSONAL INVOLVEMENT**

The defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, have moved for summary judgment regarding the lack of personal involvement in d/e # 108, and adopts the arguments contained therein as if fully set forth in this document. In short, Plaintiff is required to show that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, were personally involved in the policy resulting in his alleged deprivation. Plaintiff cannot do so, and admits that neither of the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, performed any particular action, ordered any particular action, or held any power to make decisions. (Exhibit 1, pg. 41-43, 123) (Exhibit 2, ¶ 10-12, 22-23). In fact, the Plaintiff has not claimed that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, undertook any action, rather he is suing because they did not perform actions which Plaintiff desired. (Exhibit 1, pg. 39, 156). Plaintiff has also alleged, without factual support, that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, gave consent to the actions of the other named defendants, which is insufficient to support any allegation of personal involvement.

Neither of the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, were personally involved in any fashion regarding the Plaintiff or his allegations. Plaintiff has not presented any facts or evidence of any personal involvement. The facts of the matter show that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, were not personally involved in Plaintiff's alleged discrimination, were not personally involved in any part of Plaintiff's

grievance procedure, and were not personally involved in any allegation of retaliation. (Exhibit 2, ¶ 11, 16-24). Plaintiff's request for summary judgment should be denied as to the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ.

### III. THE DEFENDANTS, JOSEPH LAHOOD AND ROBERT RODRIGUEZ, DID NOT INTERFERE WITH OR INFRINGE UPON PLAINTIFF'S FREEDOM TO EXERCISE RELIGION

Section IV of Plaintiff's Motion for Summary Judgment seeks summary judgment in regards to his claim of infringement upon his free exercise of religion. Plaintiff does not allege that the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, were involved in any form of retaliation. Plaintiff's Complaint and Motion for Summary Judgment claims that defendant MANUEL ROJAS retaliated against the Plaintiff. As Plaintiff makes no retaliation claim against the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, Plaintiff's request for summary judgment should be denied as to the defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ.

### D. CONCLUSION

WHEREFORE, the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment as to the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ.

JOSEPH LAHOOD and ROBERT RODRIGUEZ

By:  /s/ Robert R. Tenney
Heyl, Royster, Voelker & Allen, P.C.
Robert R. Tenney, ARDC #6316025

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
300 Hamilton Blvd.
P.O. Box 6199
Peoria, Illinois 61601-6199
Telephone 309.676.0400
Facsimile 309.676.3374
Primary Email: peoecf@heylroyster.com
Primary Email: dperkins@heylroyster.com
Secondary Email: lmunge@heylroyster.com
Primary Email: rtenney@heylroyster.com
Secondary Email: rsummer@heylroyster.com

**PROOF OF SERVICE**

  I hereby certify that on April 28, 2020, I electronically filed the foregoing instrument, Response to Plaintiff's Motion for Summary Judgment, with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed on April 28, 2020, by United States Postal Service the foregoing instrument, Motion for Summary Judgment, to the following non-CM/ECF participant:

Aaron O'Neal, N53022
HILL CORRECTIONAL CENTER
Inmate Mail/Parcels
PO Box 1700
Galesburg, IL 61401

                /s/ Robert R. Tenney
                 Robert R. Tenney

6950-5 / 37799151_1.docx