E-FILED
Thursday, 18 June, 2020  06:23:30 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

AARON O'NEAL,

    Plaintiff,

vs.

                              Case No. 18-4063-SEM-TSH

MANUEL ROJAS, et al.,

    Defendant's.

## PLAINTIFF'S REPLY TO DEFENDANT'S ROBERT RODRIQUES AND JOSEPH LAHOOD'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, AARON O'NEAL, pro se, and submit his reply to Defendant's Robert Rodriquez and Joseph LaHood's response to his motion for Summary Judgment and for his reply state as follows:

On April 7, 2020 Plaintiff Aaron O'Neal moved for summary judgment [d/e 106] seeking summary judgment against Defendant's Robert Rodriquez and Joseph LaHood for violating his First and Fourteenth Amendment's and the Religious Land Use and Institutional Persons Act.(RLUIPA) Defendant's Robert Rodriques and Joseph LaHood responded, through counsel, to Plaintiff's motion for summary judgment raising a defense against their having violated Plaintiff O'Neal's constitutional rights, contending they are not State Actors and by virtue of that fact cannot be held accountable for the violations asserted by Plaintiff. In reply to Defendant's State-ments of Undisputed Facts Plaintiff further contend that there are no misstatements

of facts in the record before this court. Accordingly, Defendant's Robert Rodriquez
and Joseph LaHood are properly before this court.


### REPLY TO DEFENDANT'S RESPONSE TO
### PLAINTIFF'S UNDISPUTED MATERIAL FACTS


A.    Defendant's LaHood and Rodriquez contend in their response  that they lack
sufficient information to dispute Fact No's 2, 3, 5-21, and 26. (Def. Resp. to Summ.
Judg. at I). However, with regard to the Factual allegation at #5 Defendant Rodriquez
cannot stand on this denial where he has previously admitted he has had occasional
conversations with Defendant Rojas between 2012 and 2015 about requests for meatless
in observance of the Catholic tenet during the season of Lent. (Def. Resp. to Plain.
Admiss.  at 6 Oct. 15, 2019, Hereto Attached)


### REPLY TO DEFENDANT'S RESPONSE
### TO PLAINTIFF'S DISPUTED MATERIAL FACTS


B.    Defendant's Joseph LaHood and Robert Rodriquez both acted jointly with state
Defendant's to deprive Plaintiff Aaron O'Neal of his constitutional protected rights
to participate in the observance of the seasonal tenets of his religious faith of
observing Lent, a world-wide observance that is recoginized by the State of Illinois
through its Departments of Correction.

The free exercise clause in the First Amendment guarantees every individual the
right to freely exercise his religion. Although inmates retain the right to practice
religion while incarcerated, OLone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct.
2400 (1987), this right may be restricted in accordance with the needs of the insti-
tution. Young v. Lane, 922 F.2d 370, 374 (7th. Cir. 1991). However, to prevail on a
free exercise claim, an inmate must prove that the government placed a substantial
burden on the observation of the central religious belief or practice. Hernandez .v.

Commissioner, 490 U.S. 680, 699, 109 S.Ct. 2136 (1989), and that the government intentionally targeted a particular religion or religious practice. Sasnett v. Sullivan, 91 F.3d 1018, 1020 (7th Cir. 1996). Here, the Defendant's, jointly, restricted Aaron O'Neal's well established right to practice the tenets of his religious faith by placing a substantial burden on him to prove; what was already written in the Illinois Code of Corrections, that the seasonal observance of Lent was a recognized and approved Catholic practice. In having done so, the Defendant's violated Plaintiff's rights under the 1st and 14th amendments as well as the Religious Land Use and Institutionalized Persons Act of 2000 which safeguards institutionalized persons' religious exercise.

RULIPA provides that no government may impose a substantial burden on the religious exercise of an institutionalized person unless the goevernment demonstrates that the burden is "(1) in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2). Therefore to prevail on an RULIPA claim, Plaintiff must demonstrate that the government has imposed a substantial burden on his religious exercise and either "(1) the buyrden is imposed in a program or activity that receives Federal financial assistance; or (2) the burden affects commerce with foreign nation, among the several states, or with Indian tribes." 42 U.S.C. § 2000cc-1(b)(1)-(2).

Moreover, for the Defendant's to be liable un § 1983, Plaintiff must prove that Defendant's were acting under color of state law and caused or participated in a violation of Plaintiff's rights secured by the constitution of federal law. West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250 (1988).

In Defendant's response to Plaintiff's request for summary judgment they cited to Lugar v. Edmondson Oil Co., Inc., in support of their theory that neither Defen-LaHood or Rodriguez are state actors in this cause and are relieved of any liability for any constitutional violations against Mr. O'Neal. 457 U.S. 922, 102 S.Ct. 2744 (1982).

Nevertheless, Lugar v. Edmondson, the Defendant's are sorely mistaken in their assessment in their not being liable for the constitutional violations, excluding the violation of retaliation, that occurred against the Plaintiff over as many years where knowledge is liability.

For Defendant's to be liable under § 1983, Mr. O'Neal must prove that defendant's were acting under color of state law and caused "or participated in a violation of his rights secured by the constitution or federal law." West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250 (1988). . To be liable in this cause, Defendant's Joseph LaHood and Robert Rodriquez must be personally responsible for the deprivation of a constitutional right. Gerntry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). A defendant is personally responsible when "he acts or fail to act with a deliberate or reckless disregard for plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at his direction, or with his knowledge or consent." Smith v Rowe, 761 F.2d 360, 369 (7th Cir. 1985). Defendant Rodriques (and by connection, Defendant LaHood), admits that over a period of at least 3 to 4 years he discussed with Defendant Rojas the concept of the season of Lent and the inmate's at henry Hill observing that religious tenet by receiving a meatless substitute during their meals. (Defen. Resp. to Plain. Admiss., at 6, October 15, 2019, Hereto Attached). Even though the Defendant discussed the Catholic tenet of observing Lent with meatless meals and admitted it is a Catholic observance to not ingest animal products of any sort during lent, the defendant obviously persuaded-successfully-Defendant Rojas to ignore the State of Illinois Criminal Code recognizing the Plaintiff's right to observe Lent on the sheer basis that Mr. O'Neal was a convicted felon and an inmate in the Illinois Department of Corrections. (Defen. Resp. to Plain. Admiss., at 7, Hereto Attached).

In Lugar v. Edmondson, the court there held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a "state actor" for purposes of the 14th amendment.

citing Adickes v. S.H. Kress & Corp., 398 U.S. at 152, 90 S.Ct. at 1605-1606, noting in the context of an equal protection deprivation; "private persons, jointly engaged with state officials in a prohibited action, are acting under "color of state" law for purposes of the statute." To act "under color" of law does not require that the accused be an officer of the state. The court went on to state; "It is enough he is a willful participant in joint activity with the state or its agents." United States v. Price, 383 U.S. at 794, 86 S.Ct. at 1157. For a fact, it is true that Defendant's Joseph LaHood and Robert Rodriques' private actions were followed by state action for a number of years, and that the private and state actions are not unconnected.

REPLY TO DEFENDANT'S RESPONSE<br>TO PLAINTIFF'S IMATERIAL FACTS

C.    Plaintiff vehemently object to Defendant's LaHood and Rodriques' request to strike Fact #4 of his motion for summary judgment as to relevance. The sincere practice of observing Lent and the basis for it is very relevant to the Catholic Church, to the observer, and to God; i.e. the willingness to sacrifice something of value and importance to the participants' life; in this cause, the necessary protein meat. Defendant's cannot choose for the Parishioner what he/she is to sacrifice, nor can the Defendant's, in this case, have it both ways by saying "a person's sacrifice does not necessarily have to be meat," while at the same time stating that the Catholic Church does not recognize convicted felons, by declaring that "convicted felons are exempt from observing Lent." An exemption Aaron O'Neal, not any other Catholic Pari-shioner at Hill Correctional Center, asked for. (Def. Resp. to Plain. Admiss. at #7 Oct. 15, 2019, Hereto Attached).

Plaintiff, likewise, object to Defendant's request to stricke Fact's No. #22, #23, #24, and #25 for the same reasons out-lines above in § C of this reply and incorpo-

rate the exhibit referrenced in § C of this rely as though fully incorporated with this reply. In addition to Fact's No, #22, #23, #34, and #25, Where Defendant's LaHood and Rodriquez state in their admissions; it is a general practice for Catholic's to observe the religious tenet of Lenten season by abstaining from animal products in their meals, but cannot express why prison inmate parishioner's are excluded from the same requirement is not a lack of sufficient knowledfge, it is a direct refusal to answer the question and fairly participate in the Discovery. Such information is squarely within the purview of their knowledge by virtue of the responsibility conveyed upon them by the Catholic Church-the Pope.

### DEFENDANT'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS

D.    In reply to this section of Defendant's response, Plaintiff O'Neal stand on his motion for summary judgment, the attached exhibits and declaration, as well as Plaintiff's Verified Complaint, incorporating those sections as though they are fully incorporated in this reply to Defendant's response to his motion for summary judgment.

The facts of this case are clear and are supported by the Defendant's own words of their joint participation with state Defendant's. Were it not for that joint participation, in all likelihood, the state defendant's would have followed Illinois Department of Corrections and State of Illinoisa protocol and undoubtedly acquiesced to the request from from Catholic Parishioners for a nonmeat substitute to observe the Lenten season. Both Defendant's LaHood and Rodriques are both just as accountable as the state defendant's are for the denial of his right to practice the observance of Lent and Ash Wednesday.

WHEREFORE, Plaintiff Aaron O'Neal request this Honorable to grant his well supported motion for summary judgment.

/s/ Aaron O'Neal          PLAINTIFF,
AARON O'NEAL N53022 PRO SE
HENRY HILL CORR. CNTR.
P.O. BOX 1700
GALESBURG, IL. 61401.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

AARON O'NEAL
    PLAINTIFF
    PRO SE

VS       | NO. 18-CV-4063

MANUEL ROJAS et. al.,   | Judge Sue E. Myerscough
    DEFENDANTS

      | Magistrate Judge Tom Schanzle-Haskins

## DECLARATION OF AARON O'NEAL

I, AARON O'NEAL N53022 an inmate residing at Henry Hill Correctional Center. P.O. BOX 1700 Galesburg, Illinois. 61401 hereby declare under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and if called upon to testify, would state as follows:

1. Plaintiff further contend that there are no misstatements of facts in the record as to both Defendants Robert Rodriguez and Joe LaHood being before this Court in this proceeding.

1.

2. Defendant Joe LaHood " Personally" infringed upon The Freedom Of The Right To Practice Freely of Plaintiff AARON O'NEAL and Other similar situated Practicing Catholic Parishioners Of Henry Hill Corr. Cntr.

3. It was discovered via Co-Defendant Manuel Rojas Ex. Chaplain Of Henry Hill Corr. Cntr. "Response To Plaintiff O'Neal's Prison Grievance # 17-0114 "Dated: April 14, 2016... that Defendant Joe LaHood express- ed to Ex. Chaplain Rojas that, Lent observance about giving up something that is important, however not necessarily food..."hereby not only infringed on the freedom Of The Right To Practice Freely, yet deprived all Catholic Inmates Of Henry Hill Corr. Cntr. whom sought out to receive their Religious Non-meat Lent Meal accommodation". Ex. F

4. Defendant Joe LaHood "Personal" bias traits were "efficient enough" to which Co-Defendant Ex. Chaplain Manuel Rojas was persuaded to do away with the Illinois Department Of Corrections Admin- istrative Directives which were already set into place, which in return caused for all practicing Catholic Inmates Of Henry Hill Corr. Cntr. to be deprived on their sought-out Religious Non-meat Lent Meal accommodation.

2.

5. Defendant Robert Rodriguez has hereby infringed upon The Freedom Of The Right To Practice Freely Of Plaintiff AARON O'NEAL and other similar situated Practicing Catholic Parishioners Of Henry Hill Corr. Cntr. in that through **Defendant Rodriguez's** own self-admitted admission to discovery stated: "There are [no] special dietary needs for Catholic inmates, for Ash Wednesday and Lent, as prison inmates within the Peoria Diocese's are exempt from dietary tenets due to their incarceration." Ex. Aug 30.2019 at.8 (HERETO ATTACHED)

6. Defendant Robert Rodriguez a sworn in Devoted Catholic Deacon has the audacity in the same breath to go on and state again in his very own admission to his "DECLARATION OF ROBERT RODRIGUEZ" April 28, 2020 12:01:22 PM E-Filing (Exhibit 2) at. par.#24: "I have occasionally had conversations with Chaplain Rojas regarding religious dietary meals pertaining to Catholic inmates between 2005 and 2012." (HERETO ATTACHED)

7. Defendant Robert Rodriguez goes on to further **self-incriminate himself even further** by way of trying now to **backpedal** via stating: Between "2012 and 2015," had occasional conversations with Chaplain Rojas regarding meatless meals during Lent,

3.

of which was electronically filed on October 15, 2019 attached to Defendant Rodriguez's "PROOF OF SER- VICE" at par.# 6 (HERETO ATTACHED)

8. Defendant Joe LaHood also state-claim-to-fame via sharing in Defendant Robert Rodriguez's bias traits as to paragraph# 5 in this here Declaration, for both Rodriguez and LaHood shares their bias opi- nions as to their very own personal beliefs rallying "against their very own Catholic Prison Brethren" in seeing that the Catholic inmates not be fed a non- meat Religious diet accommodation in the celebra- tion of Lent. Ex. August 30, 2019. at. 8 (HERETO ATTACHED)

9. Plaintiff O'Neal will point-out that there is no truth whatsoever in what Defendants Robert Rodriguez and Joe LaHood has hereby attested to in both of their self-admitted Interrogatories & Production Of Documents, for there is [no] such documents which relates back to Catholic Prison inmates being exempt from practicing Lent, nor for being exempt from receiving a Non-meat Religious Diet Meal accommodation... for this type of "personal bias" is also outside the guidelines of The Catholic Church's teaching & practices. Ex. 3 at. pg. 7 (HERETO ATTACHED)

4.

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF KNOX    )

## DECLARATION OF AARON O'NEAL

I, hereby declare under penalty of perjury that the foregoing is true and correct. Executed on June 16 , 2020.

_Aaron O'Neal_
PRO SE
AARON O'NEAL PLAINTIFF,
N53022
HENRY HILL CORR, CNTR.
P.O. BOX 1700
GALESBURG, IL. 61401.

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF KNOX    )

Subscribed and Sworn To Before Me

On The 16th Day Of June, 2020. by Aaron O'Neal.

_Sally A. Huffer_
NOTARY PUBLIC

SALLY A HUFFER
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
December 26, 2022

5.