UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

AARON O'NEAL,
    Plaintiff,

vs.                                      Case No. 18-CV-4063-SEM-TSH

MANUESL ROJAS, et al.,
    Defendant's

## RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COME, Plaintiff, AARON O'NEAL, pro se and submit his response to Defendant's Joseph Lahood and Robert Rodriques' motion for summary judgment. For his response Aaron O'Neal state as follows:

### INTRODUCTION

On MARCH 22, 2018, Plaintiff, Aaron O'Neal, and inmate within the Illinois Department of Corrections at Henry Hill Correctional Center, filed this cause under 42 U.S.C. § 1983. Plaintiff states various claims for violations of the First Amendment, as well as violations of the Fourteenth Amendment and violations of the Religious Land Unse and Institutionalized Persons Act (42 U.S.C. § 2000cc et seq.). Plaintiff's claims are based on religious discrimination for unequal treatment regarding his right to practice the tenets of his religious faith, Catholisim, to be provided a nonmeat dietary substitute during the Lenten season,

Plaintiff's claim also stated thate that other religious groups within the prison received preferrential treatment over Catholic inmates.

Defendant's Joseph LaHood and Robert Rodriques now seeks summary judgment as to all claims raised by the Plaintiff. As discussed more fully below, Defendant's LaHood and Rodriques are not entitled to summary judgment and their motion should be denied.

## RESPONSE TO UNDISPUTED MATERIAL FACTS

Plaintiff, Aaron O'Neal does not dispute Defendant's undisputed material facts No.'s 1-4, and 6-13. However, regarding fact #5, Plaintiff state that Defendant Robert Rodriques was acutely aware of his rerquests for a nonmeat dietary substitute as stated in his Verified Complaint. (Compl. at 32, 33, and 34). Fact #5 is contradicted by Defendant Rodriques' response to admissions where he states that prison inmates at Hill Correctional Center are exempt from observing the season of Lent: which appear to be a personal rationale rather than an ecclesiastical mandate, and subsequently admit during discovery that he has spoke with Defendant Rojas about the Catholic inmates, including Plaintiff, receiving nonmeat dietary substitutes during the season of Lent. (Def. Resp. to Admiss. at 6. Oct. 15, 2019) and (Def. Resp. to Admiss. at 7 Aug. 16, 2019) Both Hereto Attached. It would seem that Defendant Rodriques would have this court believe that inspite of his, and Defendant, LaHood's belief that felons are exempt from observing Lent, that he went against his sworn belief and advocated for the Plaintiff to receive a meatless dietary supplimental meals by having spoken to Defendant Rojas, the prison chaplain.

## ARGUMENT

A. Summary Judgment Standard

When a motion for summary judgment is filed by a party that will bear the

burden of proof at trial, the motion must be supported by evidence that, if not controverted, would entitle the party to a <u>directed verdict</u> at trial. <u>Colotex Corp. v. Catrett</u>, 477 U.S. 317, 331 (1986). A court may only consider admissible evidence in assessing a motion for summary judgment. <u>Parker v. Four Seasons Hotels</u>, 845 F.3d 807, 812 n. 3 (7th Cir. 2017). The evidence ruled upon at the summary judgment stage must be competent evidence of a type otherwise admissible at trial. <u>Gunville v. Walker</u>, 583 F.3d 979, 985 (7th Cir. 2009)(citing <u>Bombard v. Fort Wayne Newspapers, Inc.</u>, 92 F.3d 560, 562 (7th Cir. 1996). Affidavits and declarations used in support of a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P 56(c)(4). In determining whether there are any genuyine issues of material fact, the court must draw all inferences in the light most favorable to the non-moving party. <u>Krchnavy v. Limagrain Genetics Corp.</u>, 294 F.3d 871, 875 (7th Cir. 2002).

## Defendant's RULIPA claim

Defendant's Lahood and Rodriguez claim that 42 U.S.C. Section 2000cc-5 provide the definitions that exclude them from liability as a governmental entity. (42 U.S.C. 2000cc-5(i)(ii) and (iii). However, it is Section 2000cc-5(iii) that brings them within the purview of liability. Section 2000cc-5(iii) clearly include persons other than a government entity, but one who labors in concert with a government agency acting under "color of State Law". Thus, to be liable, in this cause, the Plaintiff, Aaron ONeal Need only establish that defendant's Joseph Lahood and Robert Rodriguez Set in motion the wheels that led to the denial of Plaintiff's constitutional rights under the first, fourteenth Amendments and RULIPA. <u>Lugar v. Edmondson oil, Co, INC</u>, 457 U.S. 829, 102 S.Ct. 2744 (1982)

Moreover, defendants maintained a position of authority while at the prison during the P.M. hours where they officiated catholic Services after 6:30 P.M. Defendant Rodriguez had the responsibility of conducting Service at the prison chapel and was the sole authority-representing the State, during which time, defendant Rojas was not at the prison. Whatever, defendant Rodriguez may need from the state in connection with his responsibilities during evening Catholic service, he would notify a correctional officer at the program building who would assist in obtaining whatever request made i.e. Video Equipment, unlocking certain locked areas to obtain religious material, etc. Furthermore defendant Rodriguez has stated in his interogatories that he assists the state of Illinois, Illinois Department of corrections in incident reports and investigations (Def. Res to Int + P.OD) at 1. AUG 30, 2019) A private citizens statement related to an incident report (Known as A 434) is invalid unless that private citizen is considered a state actor laboring under color of state law.

The government, in this case, Defendant Rojas on behalf of the state relied heavily on defendant's Joseph LaHood, and Rodriguez unfounded theory that a convicted felon was exempt from participating in Lent, as stated in their admissions (Both Defs. to Admiss at 7 Oct. 15, 2019). Subsequent to having talked to defendant Rojas about Plaintiff and similarly situated catholic inmates request for Lent-a meatless dietary substitute Defendant Rodriguez informed the Catholic parishioners at Hill Correctional Center to eat around the meat (Attached to original compl. aint Ex. E) That Statement to the inmates was in stark contrast to the scheduling produced by the Catholic Church's "Guideline" Festival Calendar... which states: Abstinence from meat is also recommended on all the Fridays of the year (Exhibit. 3 Hereto Attached) pg. 7 in which was provided to Plaintiff O'Neal via Defendant Robert Rodriguez.

The aforestated actions deprived O'Neal's free exercise of his religion, Catholism a mainstream faith, (1st Amend). On the one hand, the denials placed Plaintiff in the position of proving to state officials, inspite of their own criminal code and Illinois Department of Corrections policies, to the contrary, that he had a constitutionally protected right to practice his religious tenets by observing Lent, and on the other hand those same denials placed plaintiff in the position of proving to private state actors (defendant's LaHood and Rodriguez) a thing never told to the Catholic inmates at Hill Correctional Center, and unknown to them untill discovery, that Catholic inmates are "allegedly exempt" from observing the lenten season.

In Koger v. Bryan, 523 F.3d 789 7th Cir. 2008 the court opined that "a Substantial burden on the free exercise of religion...is one that forces adherants of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or, expression that is contrary to those beliefs." citing Mack v. OLeary, 80 F.3d 1175, 1179 (7th Cir. 1996). In determining when a free exercise has become "effectively impractible", it is helpful to remember that in the context of the free exercise clause, the Supreme Court held that a government imposes a substantial burden on a person's behalf when it put[s] substantial pressure on an adherant to modify his behavior and violate his beliefs. Thomas v. Review Bd, 450 U.S. 707, 718, 101 S.Ct. 1425 (1981); See also Hunafa v. Murphy, 907 F.2d 46, 47 (7th Cir. 1990).

Based on defendant's Joseph LaHood and Robert Rodriguez in their interrogatories, they have been continuously violating mr. ONeal's rights for the full length of his incarceration at Hill correctional center, including, but not limited to, not informing him that his incarceration forfeited his rights to exercise his religious tenets as any other (Non-incarcerated) Catholic, without providing plaintiff any catholic document/doctrine that expressly state that incarceration preclude a catholic parishioner from fully exercising his faith. Accordingly, the 7th Circuit has found that clergy opinion is generally insufficient to over ride a prisoner's sincerely held religious beliefs. Koger Supra; See also Jackson v. Mann, 196 F.3d 316, 320-21 (2d Cir. 1999). In accordance with Plaintiff ONeal's understanding of Catholism (which he's practiced his entire life), there are three (3) methods of penance 1). Giving Alms, 2). works of charity, and 3). Acts of Abstinence. Due to Plaintiffs incarceration the only ways for him to engage in penence were through prayer and abstaining from meat, and not as though both Defendants' Joseph LaHood and Robert Rodriguez would want one to believe as though Catholic convicted felons was exempt from participating in Lent. (Def's Res. to Int. and Req. for Production Of Documents. at 8 Aug. 30, 2019 Hereto Attached.)

With regard, further, to defendant's personal involvement and cited authority Plaintiff O'Neal incorporate his argument contained in his Reply to defendant's response to his motion for summary judgement as though fully incorporated herein.

## CONCLUSION

Wherefore, Plaintiff Aaron O'Neal respectfully ask this honorable court to deny the defendant's motion for summary Judgment and find that the facts of the case support their being state actors as having acted jointly in denying Aaron O'Neal's Constitutional rights, where there are genuine issues of material fact to proceed to trial.

*Aaron O'Neal* PLANTIFF,
AARON O'NEAL N53022 PRO SE
HENRY HILL CORRECTIONAL CENTER
P.O. BOX 1700
GALESBURG, ILLINOIS. 61401.

STATE OF ILLINOIS
COUNTY OF KNOX

Subscribed And Sworn To Before Me

On The 16th Day Of June, 2020 by Aaron O'Neal.

_Sally A Huffer_
NOTARY PUBLIC

SALLY A HUFFER
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
December 26, 2022

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

AARON O'NEAL
 PLAINTIFF,
 PRO SE

Vs. | No. 18-CV-4063

MANUEL ROJAS et. al., | Judge Sue E. Myerscough
 DEFENDANTS

| Magistrate Judge Tom Schanzle-Haskins

## DECLARATION OF AARON O'NEAL

I, AARON O'NEAL N53022 an inmate residing at Henry Hill Correctional Center. P.O. Box 1700 Galesburg, Illinois. 61401. hereby declare under penalty of perjury, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and if called upon to testify, would state as follows:

1. Plaintiff O'Neal is hereby am a named party in the above action.

2. Plaintiff further contend that there are no misstatements of facts in the record as to both Defendants, that being Robert Rodriguez and Joe LaHood are rightfully so before this proper Court for proceeding.

1.

3. Plaintiff O'Neal is hereby having to file (2) Declarations today for the purpose of 1.) <u>Plaintiff's Reply To Defendant's Robert Rodriguez and Joseph LaHood's Response To Plaintiff's MOTION FOR SUMMARY JUDGMENT</u> ... 2.) <u>RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>.

4. Plaintiff O'Neal would rather "PIGGYBACK" off of thee other Declaration filed today with addressing both Summary Judgments via adopting from the previous declaration's 1 thru 9, rather than reciprocate all (9) over again, for Plaintiff stands firm as to all (9) mentioned, and are conjoin as to both Defendants: Robert Rodriguez and Joseph LaHood having mutual ties to this very lawsuit that is hereby properly before The above Court.

STATE OF ILLINOIS ) ss.
COUNTY OF KNOX )

I, hereby declare under penalty of perjury that the foregoing is true and correct. Executed on June 16, 2020.

STATE OF ILLINOIS
COUNTY OF KNOX

Subscribed and Sworn To Before Me

ON THE 16th DAY OF JUNE, 2020 by

_Sally A. Hyffer_
NOTARY PUBLIC

[Notary Seal: SALLY A HYFFER, OFFICIAL SEAL, Notary Public, State of Illinois, My Commission Expires December 26, 2022]

_Aaron O'Neal_
AARON O'NEAL, PRO SE PLAINTIFF,
N53022
P.O. BOX 1700
GALESBURG, IL. 61401

STATE OF ILLINOIS )
) ss.
COUNTY OF KNOX )

2.