E-FILED
Friday, 26 June, 2020  10:42:18 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON O'NEAL #N53022, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| JOHN BALDWIN, DIRECTOR, | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, in his official and | ) | |
| individual capacity; MANUEL ROJAS, in | ) | |
| his official and individual capacity; | ) | |
| STEPHANIE DORETHY, in her official | ) | Case No.:      18-CV-4063-SEM-TSH |
| and individual capacity; FREDDIE | ) | |
| BRITTON, in his official and individual | ) | |
| capacity; ROBERT RODRIGUEZ, in his | ) | |
| official and individual capacity; JOE | ) | |
| LAHOOD, in his official and individual | ) | |
| capacity JOHN FROST, in his official and | ) | |
| individual capacity; STEVE GANS, in his | ) | |
| official and individual capacity, MELISSA | ) | |
| PHOENIX, in her official and individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ROBERT RODRIGUEZ AND JOSEPH LAHOOD'S**
**REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, by their

attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for their Reply to Plaintiff's

Response to Motion for Summary Judgment pursuant to Federal Rule 56 and Local Rule 7.1(D)

state as follows:

**A.      REPLY TO ADDITIONAL MATERIAL FACTS**

Plaintiff did not assert any Additional Material Facts within his Response and thus

defendants make no Reply.

## B.   ARGUMENT

## I.   REPLY TO PLAINTIFF'S ARGUMENT CONCERNING THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT

Plaintiff misinterprets the holding in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff must do more than make unsupported allegations that a defendant "set in motion the wheels" of a discrimination claim. Plaintiff must, and fails to, provide evidence that a defendant is acting under color of state law and had personal involvement in the alleged discriminatory conduct. *Lugar*, 457 U.S. at 937 and *Smith v. Rowe* 761 F.2d 360, 369 (7th Cir. 1985). Unlike the defendant in *Smith*, who was the Director of IDOC and therefore a state actor, it is undisputed that the Defendants are not employees of any governmental entity. Plaintiff has presented no evidence that the Defendants have acted under any color of state law. Plaintiff has presented no evidence that the defendants participated in the decision-making process regarding Plaintiff's request for a religious meal or in the grievance process. In fact, all evidence shows that the Defendants did not participate in either process. Plaintiff's new unsupported claims that the defendants possessed authority during times which Chaplain Rojas was not present has no basis. Plaintiff's new unsupported claims that prison employees unlocking religious material somehow evidences authority is also misplaced. Further, Plaintiff also newly claims, without support, that any assistance in investigation somehow makes a private citizen a state actor. Apparently any citizen who cooperates with an investigation by a governmental employee is now a state actor. This begs the question of whether Plaintiff himself is a state actor due to any previous cooperation with prison officials.

Further, all admissible evidence shows that the Defendants had no authority at the facility and had no authority to order any actions. Plaintiff has admitted his knowledge of this lack of

authority. See Undisputed Material Facts Nos. 1, 3, 4, 5, 6, 8, 9, 10, and 11. Defendants have submitted Declarations, which Plaintiff has not disputed and appears to have adopted in his Response, which establish that the Defendants are not state actors, did not participate in any decision-making or grievance process, and have no authority. See Exhibits 2 & 3 generally. Plaintiff cannot establish any state action, nor can he establish any personal involvement.

Plaintiff has submitted a number of affidavits from fellow inmates, all essentially identical. Each assert that the affiants submitted, and were denied, religious meal requests in April, 2017. The affidavits then assert hearsay evidence of Defendant Robert Rodriguez informing the inmates in January, 2018, well after Plaintiff's claim of discriminatory conduct regarding religious meals, that Lent would not be observed in Henry Hill. No affidavit contains competent, admissible evidence, or evidence at all, of any action by the Defendants, any personal involvement by the Defendants, or any discriminatory conduct by the Defendants.

## II.    DEFENDANT'S PERSONAL DISAGREEMENT WITH CATHOLIC DOCTRINE DOES NOT CONSTITUTE STATE ACTION

Religious theory and ecclesiastical functions are protected from government intrusion and there is no joint effort between prison officials and clergy regarding spiritual questions. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 927 (9th Cir. 2011). Clergy engaging in inherently ecclesiastical functions and spiritual duties, including interpretation and implementation of church doctrine, are not state actors. *Montano v. Hedgepeth*, 120 F.3d 844, 851 (8th Cir. 1997). Plaintiff's attempt to characterize his personal disagreement with the spiritual tenets of the catholic faith as a form of state action is incorrect. Plaintiff admits that the Defendants were not the government and cites his personal disagreement with a spiritual tenet as proof of some form of state action. (d/e #115 p. 4). Plaintiff incorrectly applies *Koger v. Bryan*,

523 F.3d 789 (7th Cir. 2008), a case where prison administration, indisputably state actors, imposed a clergy verification for a prisoner to obtain a religious diet. No such test is alleged in the matter at hand and there is no evidence that the Defendants had any authority or power to impose such a test. Plaintiff has provided no evidence, and has admitted to Defendant's Undisputed Material Facts. Plaintiff disputes only Fact #5, ostensibly of the Undisputed Material Facts concerning Plaintiff, which cites Plaintiff's admission that he knew Defendant Rodriguez had nothing to do with Plaintiff's religious diet request form. Plaintiff's further exploration of his disagreement with Catholic tenets is irrelevant to this matter and does not bring any facts or evidence supporting Plaintiff's claim of state action by the Defendants.

### D.  CONCLUSION

Plaintiff admits to the Defendant's Undisputed Material Facts and fails to present any material facts or admissible evidence of any state action or personal involvement by the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ. The Defendants are volunteer clergy, performing spiritual, ecclesiastical functions, without any authority within Henry Hill. The Defendants are not state actors and did not participate in any decision-making or grievance process. Defendants did not violate the Plaintiff's rights in any fashion and summary judgment in Defendant's favor, against the Plaintiff, should be granted.

WHEREFORE, the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ, respectfully requests that this Court grant Defendant's Motion for Summary Judgment in favor of the Defendants, JOSEPH LAHOOD and ROBERT RODRIGUEZ against the Plaintiff, AARON O'NEAL.

JOSEPH LAHOOD and ROBERT RODRIGUEZ

By:   /s/ Robert R. Tenney
Heyl, Royster, Voelker & Allen, P.C.
Robert R. Tenney, ARDC #6316025

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
300 Hamilton Blvd.
P.O. Box 6199
Peoria, Illinois 61601-6199
Telephone  309.676.0400
Facsimile  309.676.3374
Primary Email: peoecf@heylroyster.com
Primary Email: dperkins@heylroyster.com
Secondary Email: lmunge@heylroyster.com
Primary Email: rtenney@heylroyster.com
Secondary Email: rsummer@heylroyster.com

## PROOF OF SERVICE

I hereby certify that on June 26, 2020, I electronically filed the foregoing instrument, Reply to Plaintiff's Response to Motion for Summary Judgment, with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed on June 26, 2020, by United States Postal Service the foregoing instrument, Reply to Plaintiff's Response to Motion for Summary Judgment, to the following non-CM/ECF participant:

Aaron O'Neal, N53022
HILL CORRECTIONAL CENTER
Inmate Mail/Parcels
PO Box 1700
Galesburg, IL 61401

/s/ Robert R. Tenney
Robert R. Tenney