Bruce Rauner
Governor



John Baldwin
Acting Director

# The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: **O'Neal, Aaron**  Date: **3-7-17**

Register #: **N53022**

Facility: **HIC**

This is in response to your grievance received on **9/8/16**. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: **4/14/16**  Grievance Number: **17-0114**  Griev Loc: **HIC**

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary
- ○ Personal Property
- ○ Mailroom/Publications
- ○ Assignment (job, cell)
- ○ Commissary
- ○ Trust Fund
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated ___ Incident # ___
- ☒ Other **Religion - Services/activities**

Based on a review of all available information, this office has determined your grievance to be:

- ○ Affirmed, Warden ___ is advised to provide a written response of corrective action to this office by ___.
- ○ Denied, in accordance with DR504F, this is an administrative decision.
- ☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility/TCO on ___ was reviewed in accordance with transfer procedures and is an administrative decision.
- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: **DR425 being followed, Staff assignment is an administrative decision**

FOR THE BOARD: **Melissa Phoenix**  CONCURRED: **John R. Baldwin** 3/8/17
Melissa Phoenix                                     John R. Baldwin
Administrative Review Board                        Acting Director

CC:  Warden, **HIC** Correctional Center
     **O'Neal, Aaron**, Register No. **N53022**

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

### Grievance Officer's Report

Date Received: August 2, 2016        Date of Review: August 4, 2016        Grievance # (optional): 17-0114

Offender: O'Neal, Aaron        ID#: N53022

Nature of Grievance: Religion; services/activities

**Facts Reviewed:** The grievance is dated 4/14/16. Inmate O'Neal states that Chaplain Rojas has not permitted Catholics to have alternative meals during Lent for years. The grievant transferred to Hill C.C. on 3/9/05. He signed for and received a Hill C.C. Inmate Orientation Manual at that time, pages 11-13 of which explained the grievance process, including the sixty day timeframe for filing grievances. This issue is therefore MOOT.

Inmate O'Neal states that his religious rights have been violated, and that Chaplain Rojas has discriminated against him and all Catholic offenders at Hill C.C.

The grievant is reminded that, per D.R. 504, Subpart F, he cannot file a grievance on behalf of other offenders.

He states that, after he spoke with Chaplain Rojas about his discriminatory treatment of Catholic offenders, his name was removed from the list for Cursillo/Ultreya, which was held on 3/15/16. He states that this is a monthly Christian service, which he's attended regularly since transferring to Hill C.C. in 2005. He states that Chaplain Rojas allows Muslims to attend the service, which is prohibited, since Christians cannot attend Muslim services of any kind. He states that Warden Dorethy has never approved any feast of any kind for Catholics at Hill C.C.

Warden Dorethy has been the CAO of Hill C.C. since well before 2/14/16, and therefore this issue is no longer grievable, as it is outside the sixty day timeframe.

He attached the 3/18/16 note that Chaplain Rojas sent to him, which explains that, due to limited accomodations, he (Chaplain Rojas) must give new offenders the same opportunities to attend such services that the grievant has enjoyed for so many years at Hill C.C. - eleven years, by the grievant's own admission.

20 Illinois Administrative Code, Chapter I, Section 425, Subchapter d, Part 425, Section 425.30 a) states: "Committed persons shall be provided reasonable opportunities to pursue their religious beliefs and practices subject to concerns regarding security, safety, rehabilitation, institutional order, space, and resources."

20 Illinois Administrative Code, Chapter I, Section 425, Subchapter d, Part 425, Section 425.60 d) states that "Nothing in this Part shall require the Department to provide each separate religious group or sects within a group with a chaplain or with separate religious activities regardless of the size of the religious group or the extent of the demand for the activities."

(continued)

**Recommendation:** Based on a review of all available information, it is the recommendation of this reviewing officer that the grievance be DENIED, as no factual basis has been found to substantiate the grievant's allegations that he has been discriminated against, or that his rights have been violated. Contrary to his assertion, he is not required by his faith to fast during Lent, and IDOC is not required to provide religious services or activities to all offenders who request them. As he admits, he has been provided with such services and activities for over eleven years.

Steve Gans, C.C.2
Print Grievance Officer's Name        Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

RECEIVED SEP 08 2016 ADMINISTRATIVE REVIEW BOARD

### Chief Administrative Officer's Response

Date Received: 8/5/16    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments:

Warden S. Dayg        8/5/16
Chief Administrative Officer's Signature        Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Aaron O'Neal        N53022        8-24-2016
Offender's Signature        ID#        Date

Distribution: Master File; Offender        Page 1        DOC 0047 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE** (Continued)

Counselor Frost responded on 7/13/16, stating that, according to Chaplain Rojas, the grievant's allegations of discrimination are without merit. He states that Cursillo is not a mandatory service and participants were left out for safety and security needs. He stated that there was no way to know who attended that night, so the decision was made to allow new participants to attend, and those who were left out were left out because they have had many years to participate in such services. Chaplain Rojas stated that Deacon Joe LaHood, Prison Ministry Coordinator for the Archdiocese of Peoria, explained to him that Lent is an observance about giving up something that is important, but not necessarily food. The abstention from red meat is a tradition, but Lent is not a sacrament and we don't disallow the observance. He added that Dietary offers fish on Fridays out of penological interests. He states that he will not answer the numerous questions put forth by the grievant in the grievance without legal representation, and cannot satisfy the grievant's FOIA request (attached) because it would violate rules. He stated that no offender can have information about another offender.

The grievant attached responses to both Chaplain Rojas and Counselor Frost, accusing Counselor Frost of willful neglect of his job duties in responding to the grievance, and accusing Chaplain Rojas of avoiding the issues at hand.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

17-0114

Date: APRIL 14, 2016
Offender: MR. AARON O'NEAL
ID#: N53022
Present Facility: HENRY HILL C.C.
Facility where grievance issue occurred: HENRY HILL C.C.

**NATURE OF GRIEVANCE:** 4/18/16

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Mail Handling
- [x] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): CHAPLAIN ROJAS, CHIEF ADMINISTRATIVE OFFICER WARDEN STEPHANIE DOROTHY
- [ ] Disciplinary Report: ___/___/___ Date of Report    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): I hereby am bringing forth a grievance against the following mentioned prison personnel: Chaplain Rojas, Chief Administrative Officer/Warden Stephanie Dorothy, The Dietary Department Of Henry Hill Correctional Center.

I am also calling forth witnesses in this matter, in support of these claims brought against the aforementioned personnel. The Names being requested for witness testimonial are as follows: Deacon JOE, Deacon ROBERT RODRIGUEZ. "Grievance is in reply of Chaplain Rojas Memo to inmate dated 3-18-16"

Relief Requested: FOR CHAPLAIN ROJAS TO BE REMOVED FROM (HIS) CURRENT STEAD, AND TO BE REPLACED BY SOMEONE WHO'S NON/BIAS AGAINST INMATES OF CATHOLIC FAITH!

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Mr. Aaron O'Neal     N53022     4/14/2016
Offender's Signature     ID#     Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 04/20/2016
[x] Send directly to Grievance Officer
[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: See the attached response and include it with any further submission of this grievance.

John Frost     [signature]     07/13/2016
Print Counselor's Name     Counselor's Signature     Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____   ___/___/___
Chief Administrative Officer's Signature   Date

Distribution: Master File; Offender     Page 1     TURN OVER TO NEXT     DOC 0046 (8/2012)

RECEIVED SEP 09 2016 ADMINISTRATIVE REVIEW BOARD

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

Questions that I would like to have presented to both Deacons are as follows:

Question #1.) Did MR. O'NEAL ever bring forth to your attention: that all CATHOLIC participants of Henry Hill C.C. were not receiving an "alternative meal" during lent, other than (meat) in which CATHOLICS aren't to consume, during this period of every friday?

Question #2.) Did MR. O'NEAL ever state that other religious groups were given "celebratory feast" after their "traditional" religious period... however, CATHOLIC weren't given the same opportunities to have any feast of any kind?

Question #3.) Did MR. O'NEAL state that Chaplain Rojas (quoted): CATHOLICS can have "celebratory feast"... but it's up to the Deacon to address such issue, and not that of MR. O'NEAL?

Now to address the grievance at hand, is due to the unjust treatment of All "CATHOLIC INMATES" of Henry Hill C.C. which falls into the category of numerous Constitutional Violations.

Constitutional Violations are as follows:

1.) First Amendment Right.
2.) Fourteenth Amendment Right...
   in violation of "Religious Land Use and Institutionalized Persons Act (RLUIPA)

3.) Infringement to exercise religious beliefs.

MR. O'NEAL has been showed bias tactical treatment by thee above mentioned prison personnel, for the foregoing reason(s): Prejudice / Discrimination, Retalitation

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

2000 cc-1 Protection Of Religious Exercise Of Institutionalized Persons

2000 cc-2 Judicial Relief
    (e) Prisoners
    (f) Authority of United States to Enforce This Act.

2000 cc-3 (e) Governmental discretion in alleviating burdens on religious exercise

    Inmates claim that prison chaplain is impeding his First Amendment right to free exercise of religion brought under 42 USCS § 1983 and 42 USCS §§ 2000 cc et seq.

§ 2000 cc-1 Protection Of Religious Exercise Of Institutionalized Persons

(a) General rule. No government shall impose substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 2 of the civil Rights Of Institutionalized Persons Act (42 U.S.C. 1997), even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person.

    Governmental discretion in alleviating burdens on religious exercise.

No preemption or repeal. Nothing in this Act shall be construed to preempt State law, or repeal Federal law, that is equally as protective of religious exercise as, or more protective of religious exercise than, this Act.

    The Constitution protect each individual's religious beliefs.

RECEIVED SEP 08 2016 ADMINISTRATIVE REVIEW BOARD

PAGE 3.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

To allege a violation under equal protection clause, Planiff must prove purposeful discrimination direct at an identifiable or suspect class. U.S.C.A. const. Amend. 14

Prisoners are entitled to receive visits from Clergy and religious advisors and to confer privately with prison religious personnel.

Must show (Municipality's) custom or policy caused deprivation on Constitutional Right. 42 U.S.C.A. § 1983.

Grievance Offender will now move to establish how in fact (HIS) Constitutional Rights were violated:

1.) Upon entering the institution an inmate is first asked to identify (His) or (Her) religious preference during the admission process.

2.) He or SHe is <u>only</u> permitted to attend the religious services and activities of that particular religion.

3.) Grievancing Offender MR. O'NEAL has hereby followed all "rules and regulations" of thee above right to pratice "Freedom Of Religious Right", for I entered the institution as a "CATHOLIC". * Please see exhibit A.

4.) Grievancing Offender is an active Catholic Participant. I was born and raised under Catholicism and also attended Catholic school during my child hood.

5.) Catholic inmates here at Henry Hill C.C., for <u>numerous</u> years have been deprived an alternative meal during "LENT", which starts on Ash wednesday and concludes on Easter Sunday... which prohibits <u>All</u> catholics from consuming meat products on <u>fridays</u>.

6.) Dietary Department Personnal here at Henry Hill C.C. "<u>Refuses</u>" to accommodate thee necessary alternative meal such as (fish) due to... they're left at a dis-

PAGE 4

RECEIVED SEP 09 2016 ADMINISTRATIVE REVIEW BOARD

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

advantage, for Chaplain Rojas "Refuses" to supply the dietary department with an approved LENT list for Catholic participants.

7.) After having spoke to Dietary Dept. personnel concerning Catholics not having received an alternative meal for LENT, I was told until Chaplain Rojas provide dietary dept. with such needed list... that there would be (NO) alternative meal of any kind during LENT.

8.) I personally expressed that The Dietary Dept. could go off the back of each inmate identification card as to who would be entitled to receive such alternative meal, for again: inmates religion appears on back of inmates ID cards.

9.) I was told by Dietary Dept. personnel that that practice would still not solve the problem at hand, for there are Catholic inmates here at Henry Hill C.C. that does not have Catholic stated on the back of their ID card... and if they would give those that state Catholic on the back of their ID" alternative meals, and not those that don't "would be a form of discrimination".

10.) Chaplain Rojas without a doubt is suppose to prepare Catholic LENT alternative list to dietary department. however, chooses not to do so, which not only leaves dietary dept. personnel from preparing how much food to prepare for this services meal, but also deprives Catholics from our friday LENT meals.

11.) When I personally decided to approach and speak with Chaplain Rojas concerning indifference and discrimination which has been pointed "specifically" at Catholic participants here at Henry Hill C.C., Chaplain Rojas became visibly furious with my inquisition and began to wag and point his finger in my direction in a menacing "I'll show you" fashion.

12.) I was only asking Chaplain Rojas: Why was it that (HE) Refuses to make out a Catholic LENT list, and why is it... that (other) religious groups receive

PAGE 5

RECEIVED
SEP 0/8 2016
ADMINISTRATIVE REVIEW BOARD

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

what they're (entitled) to, plus receives "Celebratory feasts" after each one of their traditional religious periods, but not (CATHOLICS)... Chaplain Rojas stated (CATHOLICS) can have "celebratory feasts" but it's up to the Deacon to address such issue, and not myself.

13.) As I continued to ask another question, Chaplain Rojas began zooming in on my identification card and was making a mental note of who I was.

14.) After walking away from Chaplain Rojas and the conversation in general, Chaplain Rojas seen that I went directly over to both Deacon JOE and Deacon ROBERT RODRIGUEZ... for I had just informed them both of my conversation in which I just had with Chaplain Rojas.

15.) Deacon JOE, stated that Deacon ROBERT RODRIGUEZ deals with the catholic affairs here at Henry Hill C.C. since (HE'S) THEE APPOINTED DEACON in charge of affairs.

16.) This here has been an ongoing problem with Chaplain Rojas having been denied all CATHOLICS of there religion LENT meals, for this hasn't been the first time in which CATHOLICS have complained to the Deacon(s) concerning not receiving alternative meals for LENT.

17.) Chaplain Rojas was blatantly obvious wasn't operating with professional decorum, for come next "Cursillo/Ultreya" which was held on March 15, 2016. Chaplain Rojas had therefore "Retaliated" against me, by "personally removing" my name off of thee (approved) Cursillo/Ultreya list.

18.) Cursillo/Ultreya is a Catholic/CHRISTIAN service that takes place every 3rd. tuesday of each month.
* Please note: Do not confuse Cursillo/Ultreya with regular "Cursillo Service" which only takes place 1 every year, which runs for (3) days-from

PAGE 6.

RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

Distribution: Master File; Offender

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

friday thru Sunday usually during the month of November.

19.) I've attended all "CATHOLIC SERVICES" stemming from my entering the institution dating back to March, 2005 til 2016, and never once have I ever been turned away nor denied service, until Chaplain Rojas felt as though I was prying into thee mistreatment of CATHOLICS here at Henry Hill C.C.

20.) Chaplain Rojas entered me a (memo) in the mail stating the following: Cursillo has had some issues with call passes. We can only use them not a T-80 (detail) list. The problem of space to accomodate the participants is affecting us now. O'NEAL you have been part of Cursillo for years. I must give the "New ones" opportunities that I gave you when you were new. As the list gets smaller, I am sure that you will have an opportunity to return.
   Chaplain Rojas

   This was date March 18, 2016
   *Please see State of Illinois Memo issue by Chaplain Rojas as exhibit B

21.) Chaplain Rojas knew that by removing me from said "approved list" and by applying this kind of "blackball" treatment, I would then not just be restricted from attending service, but that I would be flat out terminated... for I would then be confined to my cell during service.

22.) Chaplain Rojas ongoing prejudice/discrimination towards Catholics has hereby interfered with causing for him to be favorable to all religious groups, in which (HE) has violated my right to practice my Catholic belief, while in a catholic setting; that being refusing me access to the Church.

23.) Therefore, I can (NO) longer consult with (3) Deacons at this particular service.


RECEIVED
SEP 08 2016
ADMINISTRATIVE REVIEW BOARD

Distribution: Master File; Offender   PAGE 7   DOC 0046 (8/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

24. I would like to point out, that <u>never have I been a distraction to the church</u>, nor have I <u>ever had to be removed from service</u>, in fact on February, 2016 I had stood before the congregation and had officially given my testament. in which is hereby captured on their institutional audiovisual camera

25.) I also carry myself with thee utmost respect for the church as well as for other(s).

26.) I've also written to Chaplain Rojas asking for the number of those whom (HE) so chooses to send call passes to "every month, time after time"... yet never chooses to attend service, for they'll (Rather) choose to go to yard or gym, than to come worship.

27.) After declining my request for the number of non/ attendants whom Chaplain Rojas continues to send call passes to, I had to write and personally request for the Freedom of Information Act to provide me with such sought out information that Chaplain Rojas declines to provide me with... however, "Freedom Of Information Act" states that they do not have above requested information
∗ Please refer to <u>Exhibit C</u>

28.) I also would like to point out that not only is Chaplain Rojas in violation of (**RLUIPA**) "Religious Rights and Rules" but also in violation of the I.D.O.C. Chaplain Policies... for Chaplain Rojas also "<u>allows</u>" for Muslims to attend the CATHOLIC/LILTREYA services, which in return could cause for a conflict to occur, for (HE) has hereby placed numerous inmates outside their cells... whom in actuality aren't suppose to be outside of their cells, causing for a massive security breach.

29.) Someone needs to pay more attention in what Chaplain Rojas is doing, for <u>CATHOLICS CAN NOT</u> attend any Muslims service of any Kind.


RECEIVED
SEP 08 2016
ADMINISTRATIVE REVIEW BOARD

PAGE 8.

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

30.) The State and Federal Courts has long ago prohibited one from attending another service, other than your own... unless one goes through the proper procedures of changing ones religion, before having attended such service. Please see paragraphs 2 and 3 on page 4.

31.) Chaplain Rojas has here himself, caused for Muslims to take up seats, that should be afforded to CATHOLICS and CHRISTIANS participants... for again Muslims are prohibited from attending this particular service, for CATHOLICS can't attend Muslim services of any kind.

32.) Inmate O'NEAL is hereby not only a CATHOLIC, but also an A-Grade participant, for I have not receive a Inmate Discipline Infraction of any kind that being major or minor, since 2008, meaning I pose (NO) threat nor problems to disrupt service, especially having attended this particular service... for the past 11 yrs.

33.) If Chaplain Rojas becomes upset, due to CATHOLIC having complaints, due to how (HE) outright chooses to discriminate against them, then (HE) should truly consider a different profession.

34.) Chaplain Rojas has approved while provided other religious groups with "Religious feast" such as The Jewish religion, The Muslims, The Rastafarians, The Odinist religion, Everyone except for CATHOLICS. This is hereby not only favoritism, but straight out prejudice/discrimination, in which needs to be stopped at once.

Violations brought on By Chief Administrative Offcer/Warden Stephanie Dorothy is as follows...

35.) Chief Administrative Officer/Warden Stephanie Dorothy has full "Knowledge" of this on going mistreatment towards the People Of The CATHOLIC FAITH.

RECEIVED
SEP 08 2016
ADMINISTRATIVE REVIEW BOARD

PAGE 9.

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

36.) Since the appointment Of Chief Administrative Officer/ Warden Stephanie Dorothy, never has (SHE) approved nor allowed for there to be a feast of any kind for CATHOLIC participants after their religious periods.

37.) However, Chief Administrative Officer/ Warden Stephanie Dorothy (HAS) approved serveal other "Religious Feast" to enter Henry Hill Correctional Center through outside Sources.

38.) Chief Administrative Officer/ Warden Stephanie Dorothy can't say that this something in which (SHE) never has had knowledge of, for any monies taken out of an Inmate's trust fund must be signed off on by (HER).

39.) Needless to say, Chief Administrative Officer/ Warden Stephanie Dorothy (HAS) signed off on "numerous religious feast" here within the institution, but never once for a CATHOLIC feast of any kind.

40.) Keeping in mind "The CATHOLIC RELIGION" has existed for many a century, it's hard not to notice that this particular religious group is hereby being discriminated against.

41.) Prison Officials know before hand how many Church participants will be attending services at Henry Hill C.C.

42.) This gives adequate time to the administration to place and plan ahead and to post officers ready in case of an emergency or altercation.

43.) One officer is posted outside every service that takes place here at Henry Hill C.C., as well as (2) mounted security audio/visual cameras inside every service at all times.

PAGE 10.



RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

44.) Henry Hill C.C. is not an institution in which has had on going problems with outbreaks nor altercations during any form of religious service.

45.) So, last but not least... thee only problem that could come to concern is hereby presented through their very own abusive to breach their very own security, when in fact "The Chaplain" distributes call passes to those whom are then allow to exit their cells, when in fact... they aren't even participants of such authorize service that's taking place.

End Of Grievance.

Sincerely
Mr. Aaron O'Neal
N-53022
R4·C·59

{ Grievance is being taken after Chaplain Rojas confirmed that (He) had removed My Name from thee approved Cursillo/Ultreya Service which is dated March 18th, 2016... which infringed upon my right to exercise my religious belief. }

PAGE 11.

RECEIVED
SEP 08 2016
ADMINISTRATIVE REVIEW BOARD

Distribution: Master File; Offender                              DOC 0046 (8/2012)

O'Neal v. Rojas, 16-4063 (C.D. Ill.), Document No.   000251