E-FILED
Monday, 20 July, 2020 11:46:24 PM
Clerk, U.S. District Court, ILCD

Bruce Rauner
Governor



John Baldwin
Acting Director

**The Illinois Department of Corrections**

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

March 30, 2016

Aaron O'Neal, N53022
Hill Correctional Center
P.O. Box 1700
Galesburg, IL 61402

  Re:  **Freedom of Information Act Request #160328263**

Dear Mr. O'Neal:

  This letter is in response to your request to the Illinois Department of Corrections for information pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq.

  You have requested the number of "Cursillo/Ultreya service participants" who receive call passes to attend the 3rd Tuesday of each month services and then do not attend. The Illinois Department of Corrections does not maintain or possess records responsive to your request.

  In the event you view this response as a denial of your request, you have a right to have the denial reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. 5 ILCS 140/9.5(a). You can file your request for review with the PAC to:

    Public Access Counselor
    Office of the Attorney General
    500 South 2nd Street
    Springfield, Illinois 62706

  You also have the right to seek judicial review of your denial by filing a lawsuit in the state circuit court, pursuant to 5 ILCS 140/11.

  If you choose to file a request for review with the PAC, you must do so within 60 calendar days of the date of this denial letter (5 ILCS 140/9.5(a)). Please note that you must include a copy of your original FOIA request and this denial letter when filing a request for review with the PAC.

    Sincerely,
    Lisa Weitekamp
    Freedom of Information Officer



*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

O'Neal v. Rojas, 16-4063 (C.D. Ill.), Document No. 000259

# "EXHIBIT"

# D

"Offender's Request Slip"

To: Counselor Frost

dated: May, 18th, 2016.



RECEIVED

SEP 09 2016

ADMINISTRATIVE
REVIEW BOARD

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Request**

Offender Name: AARON O'NEAL                    ID #: N53022 Living Unit: R2·8·15

Job Assignment: UNASSIGNED                      Shift: — NONE —

Please refer to the directory located in your orientation manual and address proper personnel.

To: "COUNSLOR MR. FROST OF HOUSING UNIT-4"

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☐ other (specify) _____

for the purpose of (explain): I am hereby writing to inform you, that I no longer
reside in housing unit 4, and that I am still waiting for you to
answer my grievance dated **April 14, 2016.** Thank you kindly!!

Mr. Aaron O'Neal. N-53022          May 18th 2016.
_____Offender's Signature_____          _____Date_____

DO NOT WRITE BELOW THIS LINE

Remarks by staff (if necessary) : _____    Remarks by supervisor (if necessary) : _____

_____    _____

_____    _____

_____Print Staff Name_____          _____Print Supervisor Name_____

_____Staff Signature_____ _____Date_____    _____Supervisor Signature_____ _____Date_____

Distribution:   Affected Unit

DOC 0286 (Rev. 4/2010)



RECEIVED
SEP 09 2016
ADMINISTRATIVE
REVIEW BOARD

O'Neal v. Rojas, 16-4063 (C.D. Ill.), Document No.    000261

# "EXHIBIT"

## E

Counselor Frost Response
to grievant offender's
Request Slip. dated
on: May, 20th, 2016.



RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

## State of Illinois - Department of Corrections

### Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | N53022 | **Counseling Date** | 05/20/16 15:49:54:610 |
| **Offender Name** | O'NEAL, AARON | **Type** | Collateral |
| **Current Admit Date** | 12/03/1993 | **Method** | Other |
| **MSR Date** | 08/14/2024 | **Location** | HIL   CLINICAL SERVICES |
| **HSE/GAL/CELL** | R2-B -15 | **Staff** | FROST, JOHN R., Correctional Counselor II |

Note to Offender: Per Your Request Slip; Your grievance dated 04/14/2016 was received on 04/20/2016 and has been forwarded to appropriate staff for their response.  Once that response is received your grievance will be returned with the response.  Be aware that Departmental Rule 504, Subpart F does not state a specific timeframe within which counselors are required to respond to grievances.



RECEIVED
SEP 0 8 2016
ADMINISTRATIVE
REVIEW BOARD

O'Neal v. Rojas, 16-4063 (C.D. Ill.), Document No.    000263

August,17,2016.

From: Grievant Mr.O'Neal

Grievance: #17-0114.

To: Acting Director/
    Mr.James Baldwin

Re: Response to Grievance/
    Officer Mr.Steve Gans

## "RESPONSE TO GRIEVANCE OFFICER MR.STEVE GANS"
## RECOMMENDATION.

Please find enclosed exhibits as attached to this documentation
addressed to **Acting Director Mr.James Baldwin Of Thee Illinois
Department Of Corrections,**concerning the below listed issue(s).

(SECTIONS A) 1. **Timely Filing Issue:**
(SECTIONS B) 2. **Freedom To File Grievance Violations:**
(SECTIONS C) 3. **Authenticity Signature Of Chief Of Administrative
               Officer/Wareden Stephanie Dorothy** underline **forged** in signa-
               **ture box on face page of grievance:**

(SECTIONS A) 1. **Timely filing issue(s):**

1. Yearly Catholic Holy days obligation of absence calender.See Ex.**G**

2. Calender issued to grievant Mr.O'Neal,provided to by Deacon Robert
   Rodriquez/Whom was also requested as a witness on behalf of grieva-
   nt.

3. Red dots on calender mark the"TRADITION OF LENT".

4. Red (circled dots) marked as fridays on the 2016 calender,are thee
   only days in which prison officials of Henry Hill C.C. shall accom-
   modate Catholic Parishioners with an"alternative meal":(fish)/NON
   RED MEAT OF ANY KIND.However,this has not happened here at Henry
   Hill C.C.

RECEIVED
SEP 0 8 2016
ADMINISTRATIVE
REVIEW BOARD

5. Lent had begun on february,10,2016 and ran thru march,27,2016 which ended on Easter sunday.

6. Grievant Mr.O'Neal decided upon (Himself) to approach Chaplain Rojas and have a conversation with him concerning the upcoming **2016 LENT**,as well as (previous) lent and feast meals in which was not being honored/observed by both The Chaplain and Chief Of Administrative Officer/Warden Stephanie Dorothy Of Henry Hill C.C.

7. After having above mentioned conversation with Chaplain Rojas... grievant"immediately" walked over to (both Deacon(s) ):

                   1. **Deacon Joe**
                   2. **Deacon Robert Rodriquez**

and explained to both Deacon(s) the "nature" of the conversation in which (had) just taken place between The Chaplain and Grievant. Please See.grievance pg.**6** paragraph **14 thru 16.**

8. When the month of March,2016 had entered,while The Lent Tradition was still effect,grievant O'Neal was hereby "**REMOVED**" from Catholic services CURSILLO/ULTREYA by way of Chaplain Rojas.

9. When grievant O'Neal submitted Chaplain Rojas an"Offender's Request Slip" questioning The Chaplain:"Why was (HIS) name removed from service?". Please see Ex.pg.**7** paragraph(**20**) **exhibit B.** dated:Mar,18,2016.

10. Chaplain Rojas stated that grievant O'Neal was being "**REMOVED**" from service,due to space accommodations/**not security concerns in which Grievance Officer Steve Gans tried to "DIVERT"** thee entire grievance process/procedure,in which shall be addressed in a much latter portion of this grievance.

11. After having been **successfully** retaliated against/and restricted from attending religional services,for having approached Chaplain Rojas while inquiring"Why was it,that the Catholic Religion was being discriminated against here at Henry Hill C.C.?"

12. Grievant then sought out thee only"appropriate solution available", and that was to file above mentioned grievance dated April,14,2016.

13. Grievant had a **(60) days time frame** in which to file a grievance, in which was timely filed: dating back to when Chaplain Rojas had (Bogusly) removed grievant O'Neal from attending already"APPROVED CATHOLIC PARTICIPANT'S LIST", Dated: March,18,2016.

14. Grievance Officer Mr.Steve Gans"RECOMMENDATION" that Mr.O'Neal's grievance is therefore **not moot...for it is in** fact **timely filed.**



RECEIVED
8
SEP 09 2016
ADMINISTRATIVE
REVIEW BOARD

**(SECTIONS B) 2. <u>Freedom To File A Grievance Violation</u>:**

15. Grievance procedure was hereby violated by **Counselor Frost, Grievance Officer Steve Gans, Chief Of Administrative Officer/Warden Stephanie Dorothy Of Henry Hill C.C.**, for <u>failing</u> to secure grievant O'Neal rights to **"<u>present witness testimony</u>"** to help aid in <u>all</u> allegations brought forth in grievance...however, officials of Henry Hill "<u>FAILED</u>" **(MISERABLY) to afford grievant this right by not calling forth such critical witness(such) as <u>both</u> Deacon(s).**

16. Throughout each stage of the grievance process/procedure each above staff members **"<u>REFUSED</u>"** to do their **due diligence.**

17. Also, above mentioned staff personnel, again <u>refused</u> to take a summary/deposition or call/consult/interview thee overseer of **The Food Supervisor Department**, in whom is also named on face page of Inmate's grievance...as to matter(s) already mentioned in complaint. Please See page.<u>1</u> of grievance.



RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

(SECTIONS C) 3. Authenticity Signature Of Chief Of Administrative
Officer/Warden Stephanie Dorothy <u>forged</u> in signa-
ture box on face page of grievance:

18. Grievant Inmate O'Neal is calling into question thee authentic-
ity of signature in which is **(DESIGNATED) for The Chief Of Adm-
inistrative Officer/Warden signature**"<u>only</u>",and therefore has
hereby been**"<u>FRAUDULENTLY BEEN FORGED</u>"** by someone other than the
Chief Of Administrative Officer/Warden Stephanie Dorothy.

19. Grievant Inmate O'Neal is hereby enclosing **(2)"Offender Author-
ization For Payment Receipt"** in which The Chief Of Administrat-
ive Officer/Warden Stephanie Dorothy (HAD) to approve or disap-
prove said documents. Please See exhibit.<u>H</u>

20. Forged signatures,only lead to**"<u>FRAUDULENT</u>"** documentations,in
which grievant is hereby asking that it be stricken from the
record...for this type of **"<u>MISCHIEF</u>"** should be deemed**"<u>VOID</u>"**,
for it is not <u>a valid documentation</u>.

21. Also,if need be grievant is asking for a**"<u>HANDWRITING ANALYSIS</u>"**
be brought in to verify the authenticity of the forged docum-
ent at hand...for this can very easily be proven by presenti-
ng an official State Identification Card **(PREFERABLY)** <u>A Driv-
er's License</u>.



RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

The filing time of a grievance is not construed by an observed be-
havior of bad acts,used as an example within the compling of said
grievance-but construed at the time the grievant is personally af-
fected due to a continuation of negligent behavior.

Grievant has within (HIS) right the time in which to see if negli-
gent circumstances will be **remedied** by controling parties,and if
not-then a punctual grievance may be tenderd to concerning parties.

As one can see by the dates,this was most definitely the case: so
grievance is therefore **not moot.**

There are **(NO Names)** nor **(number(s) Of Any Other Inmates attached
to grievant's complaint.** Grievant O'Neal is thee only named party.
To construe from a conclusive statement on behalf of**"RELIGIOUS DE-
NOMINATION** used to point out that it is indeed **THE CATHOLIC FAITH**
that seems to be **(TARGET)**-which grievant is a **"WORSHIPER"** is evi-
dence of working a complaint on behalf of other(s),is in era and
is also **moot.**

Nowhere in the the Inmates manual does it state,that after attend-
ing Mass/Lent for a certain amount of time,that it is okay to ex-
clude/remove parishioner from attendance-It is on a first come/
first serve basis,and it is only after grievant sought relief,
that The Chaplain chose to punish parishioner from continuing to
**practice (HIS) right to religion...which is also era** in Grievance
Officer's **"RECOMMENDATION"**,for Grievant's 1st. and 14th.Amendment
**Rights were hereby violated.**

Also,the use of the administrative code,chapter 1 section 425 is
in era,for it does not apply here,for there is no security conce-
rns meeted out.

Also 60 D) of same code is also in era,for reasons previously me-
ntioned.

IN RE: To Recommendation filed on behalf of Grievance Officer Gans,
is totally in era when (HE) asserts facts not in evidence. The gri-
evant is not complaining about fasting,it is about **not receiving the
same benefits as all thee other religious denominations receive whi-
ch by all means is a blatant violation of freedom afforded via The
Constitution.** This is hereby also**"bias and neglectful in its total-
ity."**

Also,to use an all inclusive to describe activities already in mot-
ion is in era which makes this recommendation on behalf of Grievance
Officer Gans **moot.**

                    Sincerely,

                    Aaron O'Neal

RECEIVED

SEP 08 2016

ADMINISTRATIVE
REVIEW BOARD

# EXHIBIT G

## YEARLY 2016 CATHOLIC HOLY DAYS OBLIGAT-ION OF ABSTENCE CALENDER.


RECEIVED
SEP 0 2016
ADMINISTRATIVE
REVIEW BOARD

*2016*

| JANUARY | FEBRUARY | MARCH |
|---|---|---|
| S M T W T F S | S M T W T F S | S M T W T F S |
| 1 2 | 1 2 3 4 5 6 | 1 2 3 4 5 |
| 3 4 5 6 7 8 9 | 7 8 9 10 11 12 13 | 6 7 8 9 10 11 12 |
| 10 11 12 13 14 15 16 | 14 15 16 17 18 19 20 | 13 14 15 16 17 18 19 |
| 17 18 19 20 21 22 23 | 21 22 23 24 25 26 27 | 20 21 22 23 24 25 26 |
| 24 25 26 27 28 29 30 | 28 29 | 27 28 29 30 31 |
| 31 | | |

| APRIL | MAY | JUNE |
|---|---|---|
| S M T W T F S | S M T W T F S | S M T W T F S |
| 1 2 | 1 2 3 4 5 6 7 | 1 2 3 4 |
| 3 4 5 6 7 8 9 | 8 9 10 11 12 13 14 | 5 6 7 8 9 10 11 |
| 10 11 12 13 14 15 16 | 15 16 17 18 19 20 21 | 12 13 14 15 16 17 18 |
| 17 18 19 20 21 22 23 | 22 23 24 25 26 27 28 | 19 20 21 22 23 24 25 |
| 24 25 26 27 28 29 30 | 29 30 31 | 26 27 28 29 30 |

| JULY | AUGUST | SEPTEMBER |
|---|---|---|
| S M T W T F S | S M T W T F S | S M T W T F S |
| 1 2 | 1 2 3 4 5 6 | 1 2 3 |
| 3 4 5 6 7 8 9 | 7 8 9 10 11 12 13 | 4 5 6 7 8 9 10 |
| 10 11 12 13 14 15 16 | 14 15 16 17 18 19 20 | 11 12 13 14 15 16 17 |
| 17 18 19 20 21 22 23 | 21 22 23 24 25 26 27 | 18 19 20 21 22 23 24 |
| 24 25 26 27 28 29 30 | 28 29 30 31 | 25 26 27 28 29 30 |
| 31 | | |

| OCTOBER | NOVEMBER | DECEMBER |
|---|---|---|
| S M T W T F S | S M T W T F S | S M T W T F S |
| 1 | 1 2 3 4 5 | 1 2 3 |
| 2 3 4 5 6 7 8 | 6 7 8 9 10 11 12 | 4 5 6 7 8 9 10 |
| 9 10 11 12 13 14 15 | 13 14 15 16 17 18 19 | 11 12 13 14 15 16 17 |
| 16 17 18 19 20 21 22 | 20 21 22 23 24 25 26 | 18 19 20 21 22 23 24 |
| 23 24 25 26 27 28 29 | 27 28 29 30 | 25 26 27 28 29 30 31 |
| 30 31 | | |



Sundays and Holy Days of Obligation are printed in red.
⊙ Days of Total Abstinence

CK-5017
LITHO IN U.S.A.

© G.LYNA ANDRUSHKO/SHUTTERSTOCK
© 2014 BARTON COTTON RELIGIOUS
PRODUCTS, AND SERVICES, LLC
ALL RIGHTS RESERVED


RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

O'Neal v. Rojas, 16-4063 (C.D. Ill.), Document No.    000270

# EXHIBIT

## H.

"Offender Authori-
zation For Payment
Receipt Of Chief Of
Administrative Offi-
cer Signature"



RECEIVED
SEP 09 2016
ADMINISTRATIVE
REVIEW BOARD

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____     Date _April 29, 2015._

Offender Name _MR. AARON O'NEAL_     ID# _N53022_  Housing Unit _R3·C·38_

Pay to _8 TRACK SHACK_

   Address _11610 RICHARDVILLE RD.,_

   City, State, Zip _BROOKVILLE, PA. 15825_

The sum of _FIFTEEN  $15.50_ dollars and _FIFTY_ cents charged to my trust fund

account, for the purpose of _"ODERING MUSICAL CASSETTES"_

☑ I hereby authorize payment of postage for the attached mail. ☐  I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature _Mr. Aaron O'Neal_     ID# _N53022_

Witness Signature _____

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _Dorothy M_

Postage applied in the amount of _____ dollars and _____ cents.

Distribution:  Business Office, Offender, Mail Room

*Printed on Recycled Paper*

4/30

DOC 0296 (Eff. 1/2006 )
(Replaces DC 828)

RECEIVED

SEP 08 2016

ADMINISTRATIVE
REVIEW BOARD

---

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____     Date _JULY 10, 2015._

Offender Name _MR. AARON O'NEAL_     ID# _N53022_  Housing Unit _R3·C·38_

Pay to _8 TRACK SHACK_

   Address _11610 RICHARDSVILLE ROAD._

   City, State, Zip _BROOKVILLE, PA. 15825._

The sum of _NINE  $9.50_ dollars and _FIFTY_ cents charged to my trust fund

account, for the purpose of _ODERING MUSICAL CASSETTES._

☐ I hereby authorize payment of postage for the attached mail. ☐  I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature _Mr. Aaron O'Neal_     ID# _N-53022_

Witness Signature _T.Amith_

☑ Approved ☐ Not Approved   Chief Administrative Officer Signature _Miss Stephanie Dorethy (C)_

Postage applied in the amount of _____ dollars and _____ cents.

Distribution:  Business Office, Offender, Mail Room

*Printed on Recycled Paper*

7/15

DOC 0296 (Eff. 1/2006 )
(Replaces DC 828)

# " EXHIBIT "
## F

" Chaplain Rojas's "
Response dated July, 13,
2016, in which Counselor
Frost transcribed on the
same date of: July 13, 2016.



RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

Grievance Date:  April 14, 2016

Offender:  Aaron O'Neal N53022

Response from:  Chaplain Rojas

"Offender A. O'Neal is incorrect when he accuses the Chaplain of discrimination.  Cursillo is not a mandatory service therefore there can be no discrimination when the reason for leaving participants out was for the safety and security of the institution and volunteers.  There was no way to know who attended that night, so the decision was made to allow the newer Cursillo participants to come.  O'Neal has been participating for many years.  Many others were left out not because discrimination but for all the years that they have already participated.

The Lent observance issues and food was explained to me by Deacon Joe LaHood (Prison Ministry Coordinator for the Archdiocese of Peoria).  Lent is an observance about giving up something that is important, not necessarily food.  The abstention from red meat is a tradition but it does not mean that it has to be fish.  Lent is not a sacrament.  We do not disallow the observance and dietary has as much as penalogical interest has allowed to offer fish on Fridays.

I will not answer any of his questions without legal representation.  I cannot satisfy his FOIA because it would violate rules.  No offender can have any information about another one."

I have transcribed this just as the respondent responded.

_____              July 13, 2016
John Frost, CC2                                 Date

RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

1 of 3

"SUPPLEMENTAL REPLY TO BE ATTACHED TO GRIEVANCE"
RE: IN REFERENCE TO CHAPLAIN ROJAS RESPONSE TO
INMATE'S GRIEVANCE DATED APRIL,20th.2016.
      Transcribed by grievant: Aaron O'Ney July,29,2016.

Note: That at the very beginning of Chaplain Rojas's response
      He states; Cursillo is not mandtory service. The use of
      the word mandatory implies-without choice,for it gives
      the implication of penalty for non-compliance. Religion
      First and foremost is a (freedom guaranteed by the Cons-
      titution)-thus private not ~~~~~ in its action (fre-
      edom).                    coeȓcive

      Furthermore if it is a question of security-the partici-
      pants should have been selected by first come/first ser-
      ve basis: IE a sign up sheet-thus leaving the selection
      to the participants (not) the security of the administr-
      ation (FREEDOM).

      As to state that there would be (NO) way to know who at-
      tends is asinine at best,for the sign up sheet when tal-
      lied would show that. Plus it would have the names of
      all who attend,so not only would you know how many-you
      would know the names as well.

      However,there isn't (any) issues concerning security is-
      sues besides Chaplain Rojas's "Breach Of Security" here
      at Henry Hill C.C./for Chaplain Rojas continues to auth-
      orize "CALL PASSES" to Muslim inmates who aren't author-
      ized to attend this particular "Catholic/Christian serv-
      ice,let alone (permission) to leave ones cell/housing
      unit...however The Chaplains allows for the roaming of
      "Unauthorized Inmates to Unauthorized moments/destinat-
      ions (Chapel) to be exact.

      It is very (vital) that all past and present Cursillo/
      ultreya list to attend chapel be submitted for review...
      for it will show just how much danger in which Chaplain
      Rojas (has) placed "Henry Hill C.C." at risk,by continu-
      ing to authorize "Unauthorized Inmates to exit their ce-
      lls,by way of attending a service in which they are (not)
      members of that particular religious group...for again
      "Cursillo/ULTREYA is a CATHOLIC/CHRISTIAN SERVICE,(NOT)
      Muslim.

      Also,by Chaplain Rojas providing to Muslim's inmates call
      passes...this pratice of Chaplain Rojas therefore takes
      away the (RIGHTS) of other CATHOLIC/CHRISTIANS whom can
      not make it to service,for Chaplain Rojas (has) someone
      other taking up seats. Also be aware that CATHOLIC/CHRIST-
      IANS ARE not allowed to any "MUSLIM" service of any kind...
      without converting to that particular religion.end quote.



RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

2 of 3

Finally,Chaplain Rojas should not be allow to say what is
said of someone else without an affidavit being attached
to it...as for speaking of Joe LaHood,in whom Chaplain
Rojas refers to in his response to Inmate O'NEAL'S griev-
ance,for anything outside of the record shall be looked
upon as "hearsay",not to (mention) how one person practi-
ces (HIS) OR (HER) Religion is not the same as another.
One may eat "RED MEAT" and it not affect him spiritually-
while another may be stumbled by this course-or action.

Furthermore Inmate O'NEAL would like to bring forth to thee
attention of this very grievance,that Chaplain Rojas is (not)
Catholic,therefore (HE) isn't in a place/nor position to say
what is sacrament/and what is not. After (all) be said and
done "Chaplain Rojas action(s),as well as responses are a
"blatant end run around the facts presented in the grievance
at hand.

  1. Chaplain Rojas has (NOT) been instrumental in
     aiding The Catholic(s) in their lent observan-
     ce.

  2. Chaplain Rojas claims to have (NO) power or
     knowledge-in Catholic practice-but yet you
     have after the light has been cast on your
     negligence...you have taken actions against
     this grievant.

  3. What Chaplain Rojas (HAS) done,placed himself
     in a position of authority,over that which (HE)
     knows little about...thus "HINDERING" the bala-
     nce and spiritual flow of this grievant to and
     that alone is hereby "DISCRIMINATION" END RE:

Inmate O'NEAL will now to move to address the "Freedom of
"Information Act" issue in which Chaplain Rojas (has) gone
on to fabricate...for Chaplain Rojas stated that (FOIA) HE
could not satisfy Inmate's (FOIA) because it would violate
rules, Chaplain states (NO) offender can have any informat-
about another one.see exhibit F.

However,once (FOIA) contacted grievant,(FOIA) stated they
"Do not maintain or possess records responsive to your re-
quest". see exhibit.C

This is hereby Chaplain Rojas's way of trying to "Hoodwink"
the grievance process by diverting the attention away from
himself...for Chaplain Rojas (HAS) this requested document,
however HE refuses to provide it,for it would therefore ex-
pose (HIS) negligence,in which (HE) doesn't want to be seen.
However,"Internal Affairs" carries,these exact same documents
that are hereby requested



RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

3 of 3

Now as to addressing the issue concerning the discriminatory/
favoritism/bias claims brought forth in the grievance at hand.


Since thee original filing of the grievance at hand,Chaplain
Rojas along with Chief Administrative Officer/Warden Stephanie
Dorothy (HAS) continued "to approve" all (other) religious gr-
oup(s)/other than those of Catholic to receive their annual
feast.

OOn July,8th.2016. Here at Henry Hill C.C. The Religious group
"AL ISLAM" held their annual feast at thee end of "RAMADAN".

On July,12th.2016. just (4) days later...The Religious group
"NATION OF ISLAM" was also therefore GRANTED their feast as
well,after having completed their MONTH of "RAMADAN".

Not only are Catholic(s) looked down on and frown upon here
at Henry Hill C.C./but are also therefor "treated less than
any other (recognized) religion service",for Catholic(s) lent
meals aren't being :observed" nor (recognized) on friday's du-
during lent,nor are Catholic(s) given a feast after completing
lent.

It (HAS) been long recgnized that The Establishment Clause also
"Prohibits" The Government from "favoring" one religion over a-
nother without a legitimate secular reason.

Here,what has taken place at Henry Hill C.C. concerning "favoring"
other religious groups over Catholic(s) is hereby (Discriminatory)
and flat-out Cruel and Unusual Punishment towards those of Catholic
Faith,for Catholic(s) should be GRANTED thee exact same benefits as
those of other "RELIGIOUS GROUPS". End Quote.

In closing,Inmate grievant MR.O'Neal still stands firm as to all
 claims brought forth in original grievance,as well as (both) re-
sponse "Supplemental REPLY" against (all mentioned staff personell
at Henry Hill C.C./as well as continuing to seek that Chaplain Ro-
jas be removed from (HIS) stead and be replace by someone other who
is non bias against those of CATHOLIC FAITH.



RECEIVED
SEP 0,9 2016
ADMINISTRATIVE
REVIEW BOARD

<u>"SUPPLEMENTAL REPLY TO BE ATTACHED TO GRIEVANCE"</u>
RE: <u>IN REFERENCE TO COUNSELOR'S FROST INVESTIGATION</u>

<u>"PLEASE FIND ENCLOSED THIS (3) PAGE/DOCUMENT."</u>
Transcribed by grievant: *Aaron O'Neal* July,29,2016.
as part of original grievance filed on Aril,20,2016.

1. Counselor Frost conducted a less than minimal/shabby in-
vastigation as to bringing forth a reasonable conclusion
as to the matter(s) at hand,as for <u>not</u> interviewing <u>all</u>
named parties mentioned in grievance.

2. On April,14,2016. I AARON O'NEAL filed a grievance agai-
st numerous staff member(s) of Henry Hill C.C. as to ma-
tter(s) concerning a violation of a Constitutional right
to practice **"My Freedom Of Religion"** which is thee **1st.
Amendment Of The Const.** along with many other named vio-
lations in original grievance.

3. However, Counselor Frost chose for whatever reason...
<u>not</u> to interview/consult with <u>all</u> mentioned personnel
officially tied to grievance at hand,which (HE) goes
on to offer up any type of excuse/explaination as to
why (HE) <u>neglected</u> from doing so.

4. Thee other <u>named</u> parties that are tied to thee above
mentioned grievance is as follows:**"Head Overseer Of
Dietary Personnel Department Food Supervisor"**, Chief
Of Administrative Officer:Warden Stephanie Dorothy.

5. Inmate O'NEAL also <u>requested</u> that (HE) would like for
(2) Deacons to be called on for witness testimony, th-
at being **1.) DEACON JOE 2.) DEACON ROBERT RODRIQUEZ**...
however,this request (was) <u>completely</u> done away with
by Counselor Frost,leaving one to believe that it was
done with **evil intent on behalf of Counselor Frost**.

6. Counselor Frost should/could have done HIS) due dili-
gence by way of putting forth a through <u>investigation</u>,
for (had) this been the case, (HE) therefore would ha-
ve been able to render a **substantial amount evidence,
leading towards a complete investigation, that would
have <u>corroborated</u> Inmate O'NEAL'S grievance at hand.**

7. Inmate O'NEAL now moves to show that this was indeed
done with blatant intent on behalf of Counselor Frost
failure to present an <u>adequate</u> discovery process,for
these are **"nuts and bolts"** that leap totally right off
of the face page of thee original grievance...whereas
(NO) <u>competent</u> person having investigated this type of
evidence would have been able to turn a blind-eye to,
for Counselor Frost had obtained this grievance dated:
April,20,2016





RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

3 of 3

15. However,Chaplain Rojas (has) again <u>failed</u> **"miserably"** to try and cover (HIS) tracks by continuing to contradict himself by way of **"overstating"** the facts...for Chaplain Rojas does in fact **"disallow"** (all) Catholis(s) from having fish on friday's during lent,by (not) tendering a list to proper dietary personnel,to ensure that (all) be accommodated.

16. Bottom line,had Chaplain Rojas furnished "Dietary Dept. Personnel" with a list/roster to go off of,then there's (NO) way possible that Catholic participant'(s) would/ could have been denied/deprived of our lent meals on friday.

    **Now as to address thee other mentioned issues concerning The Chief Administrative Officer/Warden Stephanie Dorothy as to discriminatory/favoritism/bias claims brought forth in the grievance at hand.**

17. Since the filing of the grievance at hand,Chief Administrative Officer/Warden Stephanie Dorothy "has continued" to approve <u>all</u> (other) mentioned religious groups/other than those of <u>Catholic</u> to receive their  annual feast.

18. On July,8th,2016. Here at Henry Hill C.C. The Religious group **"AL ISLAM"** held their annual feast at thee end of **"RAMADAN"**.

19. On July,12th.2016. just (4) days later...The Religious group **"Nation Of Islam"** was also therefore <u>GRANTED</u> their feast as well,after having completed their <u>MONTH</u> of "RA-MADAN".

20. Not only are Catholic(s) looked down on and frown upon here at Henry Hill C.C./but are therefore **"treated less than any other (recognized)religion service"**,for Catholic(s) lent meals aren't being **"observed"** nor (recognized) on friday's during lent,nor are Catholic(s) given a feast after completing lent.

21. It (HAS) been long recognized that The Establishment Clause also **"Prohibits"** The Government from favoring one religion over another without a legitimate secular reason".

22. Here,what has taken place at Henry Hill C.C. concerning **"favoring"** other religious groups over Catholic(s) is hereby **(Discriminatory)** and flat out Cruel and Unusal Punishment towards those of Catholic Faith,for Catholic(s) should be <u>GRANTED</u> thee exact same <u>benefits</u> as those of other RELIGIOUS GROUPS End Quote.


RECEIVED
SEP 08 2016
ADMINISTRATIVE
REVIEW BOARD

O'Neal v. Rojas, 16-4063 (C.D. Ill.), Document No.    000279