IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Aaron O'Neal, N53022, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-4063-SEM-TSH |
| | ) | |
| Manuel Rojas, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT BRITTON'S RESPONSE TO PLAINTIFF'S
### REQUEST FOR ADMISSIONS SERVED SEPTEMBER 18, 2019

Defendant, Freddie Britton, through his attorney, Kwame Raoul, Attorney General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 36, hereby provides his Response to Plaintiff's Request for Admission Served September 18, 2019:

1. That he worked in the Hill Correctional Center (HCC) dietary department as a dietary food supervisor during all time relevant to this complaint.

   **RESPONSE: Defendant admits he has worked at Hill Correctional Center in the dietary department for approximately the past 23 years.**

2. His job description include administering supplemental dietary food trays to qualifying inmates at HCC.

   **RESPONSE: Defendant admits that if an offender is approved for a specific diet tray and is on the list to receive that diet tray, it is among Defendant's duties to provide that diet tray. Defendant denies he is solely responsible for providing diet trays to offenders.**

3. Among the dietary trays he administers to prisoners at HCC are for religious purposes

   **RESPONSE: Defendant admits he has provided diet trays for religious purposes to offenders at Hill Correctional Center.**

4. Including, but not limited to Hebrwe Israelites, Kosher, and among others.

1

> RESPONSE: Defendant denies there is a special Hebrew Israelite diet tray. Defendant admits there is a kosher tray. Defendant admits there are other special diet trays, such as vegan trays.

5. To receive a supplemental dietary food trtay åor religious tenets, the recepient must firt be approved by the institutional Chaplain, and subsequently ratified by the institutional warden or his/her designate.

> RESPONSE: Defendant admits that for an offender to receive a special diet tray, Plaintiff must receive approval from the facility Chaplain and the Warden or her designee.

6. Once an inmate is approved for a supplemental dietary food tray based on religious tenets, the inmates is then placed on a list that is maintained in various locations, including the dietary department/chow hall.

> RESPONSE: Defendant admits that the names of offenders approved to receive specific diet trays are given to the dietary department and those names are placed on a list of offenders approved to receive that specific diet tray. Defendant further admits the list of offenders approved for a specific diet tray is maintained in the dietary department and in the chow hall.

7. Plaintiff, Aaron O'Neal has, on ocassion, requested that he be given a supplemental dietary food tray in observence of his religious tenets.

> RESPONSE: Defendant admits that on one occasion, Plaintiff asked Defendant for a Catholic meal.

8. The last time plaintiff O'Neal made such a request of you, you checked the list and informed him that Chaplain Rojas had not yet provided the dietary department with a list for Catholic's observing their religious tenets, and that you could not give him a dietary food supplemental tray (meatless) for that reason.

> RESPONSE: Defendant admits that on the one occasion Plaintiff asked Defendant for a Catholic meal, Defendant checked to see if there was a list for a Catholic meal. Defendant further admits there was no list for a Catholic meal. Defendant admits he cannot provide special diet trays to offenders if they are not on a list to receive a special diet tray.

9. There has been times, however, during the course of your employment as a dietary food supervisor that the plaintiff, during the observence of his religious tenets has requested a supplemental dietary food tray and there was a list for Catholics containing the plaintiff's O;Neal's name.

2

**RESPONSE:** After a reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny this request.

10. Your immediate food supervisor, the dietary manager, is responsible for posting such a list to become available to his subordinates.

**RESPONSE: Defendant admits that after receiving information about who is approved for a special diet tray, the Dietary Manager posts a list of individuals approved for a special diet tray.**

Respectfully submitted,

Freddie Britton,

    Defendant,

Kwame Raoul, Illinois Attorney General,

    Attorney for Defendant,

By: s/Clayton J. Ankney
Clayton J. Ankney, No. 6320224
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 785-4555 Phone
(217) 524-5091 Fax
Email: cankney@atg.state.il.us

3

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Aaron O'Neal, N53022, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-4063-SEM-TSH |
| | ) | |
| Manuel Rojas, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

Clayton J. Ankney, Assistant Attorney General, herein certifies that he has served a copy of the foregoing *Defendant Britton's Response to Plaintiff's Request for Admissions Served September 18, 2019* upon:

Aaron O'Neal #N53022
Hill Correctional Center
PO Box 1700
Galesburg, IL 61401

Syed Ahmad, Brad Keller,
David Perkins, & Seth Uphoff
Heyl Royster Voelker & Allen
300 Hamilton Boulevard
PO Box 6199
Peoria, IL 61601-6199

by mailing a true copy thereof to the above addresses in an envelope duly addressed, bearing proper first class postage, and deposited in the United States mail at Springfield, Illinois on January 3, 2020.

By s/Clayton J. Ankney
Clayton J. Ankney, No. 6320224
Assistant Attorney General

4