IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Aaron O'Neal, N53022, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-4063-SEM-TSH |
| ) | |
| Manuel Rojas, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants, Manuel Rojas, Stephanie Dorethy, Freddie Britton, John Frost, Steve Gans, Melissa Pelker, and John Baldwin, through their attorney, Kwame Raoul, Attorney General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D), hereby respond to Plaintiff's motion for summary judgment [Doc. 106]:

**INTRODUCTION**

On March 22, 2018, Plaintiff filed his Complaint. [Doc. 1]. Plaintiff was allowed to proceed on a First Amendment claim concerning his right to practice his religion, a Fourteenth Amendment equal protection claim, a Religious Land Use and Institutionalized Persons Act claim, and a First Amendment retaliation claim.

Specifically, Plaintiff: (1) claims Defendants Rojas, Dorethy, Britton, Frost, Gans, Pelker, and Baldwin violated his First Amendment rights by failing to provide him with meatless meals on Fridays during Lent; (2) claims Defendants Rojas, Dorethy, Britton, Frost, Gans, Pelker, and Baldwin provided offenders with other religious affiliations with special religious diets but refused to provide special religious diets to Catholics during Lent; (3) claims Defendant Rojas retaliated against Plaintiff for complaining about a religious diet by removing Plaintiff from the list of individuals allowed to participate in Cursillo; and (4) claims the Religious Land Use and

1

Institutionalized Persons Act requires Plaintiff to be provided a meatless meal on Fridays during Lent.

Plaintiff's motion for summary judgment should be denied as to all counts because Plaintiff's arguments are vague and conclusory. Furthermore, as discussed in Defendants' motion for summary judgment, Defendants are entitled to summary judgment in their favor on all counts. Therefore, the Court should deny Plaintiff's motion for summary judgment and enter judgment in favor of Defendants on all counts.

## RESPONSE TO UNDISPUTED MATERIAL FACTS

*Undisputed Material Facts*

1. It is undisputed that Defendants Rojas, Dorethy, Britton, Frost, Gans, and Pelker were acting under color of law at all times while on duty.

2. It is undisputed that Plaintiff transferred to Hill Correctional Center in 2005. However, it is immaterial because when Plaintiff transferred to Hill Correctional Center is not relevant to the claims at issue in this lawsuit.

3. Defendants object to Plaintiff's Undisputed Material Fact 3 because it does not appear to be supported by any document on record. Undisputed Material Fact 3 cites to Ex. 37 § 1, but Defendants have been unable to locate any such exhibit or any document attached to Plaintiff's motion for summary judgment which supports Plaintiff's assertion. Therefore, Defendants dispute Plaintiff's Undisputed Material Fact 3. Furthermore, what religion Plaintiff declared when he entered Hill Correctional Center fifteen years ago is not material to the claims at issue in this case.

4. It is disputed that the exhibit to which Plaintiff cites supports all the assertions made in Plaintiff's Undisputed Material Fact 4. Nothing in the cited exhibit supports Plaintiff's assertion

that Catholics are required to give up something during Lent as a sacrament. In fact, the document to which Plaintiff cites specifically lists 7 sacraments, none of which are or involve Lent. Furthermore, whether Catholics are required to give up meat for Lent is immaterial to resolving the parties' motions for summary judgment, as the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants motion for summary judgment.

5. Defendants object to Plaintiff's Undisputed Material Fact 5 because it does not appear to be supported by any document on record and is too vague an assertion for Defendants to provide a response. Plaintiff cites to Ex. 36 § 1, but Defendants have been unable to locate an exhibit marked as such. Therefore, this fact is disputed. Furthermore, whether Plaintiff requested meatless meals for Lent is immaterial to resolving the parties' motions for summary judgment, as the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants motion for summary judgment.

6. It is undisputed that Plaintiff has cited to the Chaplaincy Handbook of Religious Beliefs and Practices and that the handbook recognizes the Catholic practice of abstaining from meat on Fridays during Lent. Whether abstention from meat during Lent is included in the Chaplaincy handbook is immaterial to resolving the parties' motions for summary judgment, as the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants motion for summary judgment.

7. It is disputed that the document cited by Plaintiff supports Plaintiff's assertion that the Illinois Department of Corrections Religious Advisory Board has advocated a process by which a Catholic inmate may request a religious diet. The section cited by Plaintiff merely states that the Religious Practie Advisory Board "review[s] and makes recommendations regarding designated:. . . [r]equests from committed persons for religious diets. . . ." It is disputed that the cited document supports Plaintiff's apparent assertion that the Religious Practice Advisory Board reviews and approves all religious diet requests. Furthermore, Plaintiff has not provided any evidence showing Defendants were members of the Religious Practice Board, and the specific responsibilities of that board are immaterial to whether Defendants violated Plaintiff's constitutional or statutory rights.

8. It is disputed that the section (E)(3) of Administrative Directive 04.25.101 supports the assertion made in Undisputed Material Fact 8 that "each department of the IDOC has a copy of the RPAB handbook[.] Section (E)(3) appears to concern the responsibilities of the Chief Chaplain. Therefore, Defendants dispute this fact. Furthermore, this fact, as purported, is immaterial to resolving whether Defendants violated Plaintiff's statutory or constitutional rights, because it does not establish Defendants' personal involvement, and the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants motion for summary judgment.

9. Solely for the purpose of summary judgment, it is undisputed that Plaintiff requested meatless meals to eat during Lent. It is also undisputed that Plaintiff filed a grievance concerning his alleged denial of meatless meals on Fridays during Lent. However, whether Plaintiff complained to these individuals—verbally or through a grievance—is immaterial to resolving whether Defendants violated Plaintiff's statutory or constitutional rights, because it does

not establish Defendants' personal involvement, and the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants motion for summary judgment.

10.  It is disputed that the documents to which Plaintiff cites supports the assertion that "Defendant Rojas is required by IDOC protocol to know and understand the practices of religious faiths within the IDOC, specifically, HCC." Nothing cited by Plaintiff supports this specific assertion. Therefore, it is disputed. Furthermore, violation of an individual's job responsibilities, Administrative Directives, or even state law is immaterial to the question of whether a defendant violated Plaintiff's constitutional or federal statutory rights.

11.  It is disputed that the documents cited to by Plaintiff support the assertions contained in Plaintiff's Undisputed Material Fact 11. It is not clear what Exhibits F is, and Defendants have been unable to identify any exhibits labeled as such in the documents attached to Plaintiff's motion for summary judgment. It is further disputed that the documents cited by Plaintiff support Plaintiff's assertion that Defendant Rojas removed him from the list of individuals who wanted to participate in Cursillo because of complaints about Lent meals. Plaintiff provides no evidence, other than his own speculation, to support this fact. Therefore, it is disputed. It is undisputed that Plaintiff was unable to attend one Cursillo and one Ultreya event due to the number of individuals who requested to attend and the maximum occupancy limits for the Hill Correctional Center Chapel. That Plaintiff was unable to attend these services is immaterial to resolving Defendants' motion for summary judgment because the evidence on the record establishes that Plaintiff cannot establish a causal connection between his alleged complaints about a special Lent

meal and Plaintiff's temporary exclusion from Cursillo due to legitimate safety and security concerns about exceeding the maximum occupancy limit of the Hill Correctional Center Chapel.

12.     It is disputed that Plaintiff's complaint, the exhibit to which he cites to support the assertions in this fact, fully and accurately describe what Defendant Rojas did. It is undisputed that Plaintiff filed a grievance concerning the alleged denial of a supplemental dietary meal and alleged retaliation by Defendant Rojas. It is undisputed that Defendant Rojas sent Plaintiff a memo responding to Plaintiff's allegations. It is undisputed that Defendant Rojas explained to Plaintiff that Cursillo was being affected by not having enough space to accommodate participants. [106-2, p. 6]. It is undisputed that Defendant Rojas explained to Plaintiff that Plaintiff had attended Cursillo for years and that Defendant Rojas had to give newer participants the opportunity to attend. [*Id.*]. It is further undisputed that Defendant Rojas explained to Plaintiff that as the list of individuals who wanted to participate grew smaller, Plaintiff would be able to again participate in Cursillo. [*Id.*]. It is disputed that the memo indicates that Plaintiff was removed from the list of individuals who wanted to participate in Cursillo. As Defendant Rojas stated in his declaration, Plaintiff was not removed from the list to participate in Cursillo and Ultreya, he simply was not able to attend on this occasion due to the number of offenders who wanted to participate and the lack of space in the Chapel to allow all offenders to participate. [Doc. 121-3]. It is material that offender other than Plaintiff were also not allowed to participate in Cursillo due to safety and security concerns because it shows there was no causal connection between Plaintiff's alleged protected conduct and Plaintiff's inability to attend Cursillo. It is material, because it shows Defendant Rojas did not retaliate against Plaintiff.

13.     It is undisputed that Defendant Rojas responded to Plaintiff's grievance, explaining to Plaintiff that some individuals were left out of the Cursillo service due to safety and security

concerns and because those offenders had already had to opportunity to participate in Cursillo. [Doc. 106-2, p. 7]. It is undisputed that Defenant Rojas further explained that a decision was made to allow newer Catholic participants to participate in Cursillo. It is disputed that Defendant Rojas's response supports Plaintiff's assertion that Defendant Rojas removed him from the list of individuals who wanted to participate in Cursillo. As Defendant Rojas stated in his declaration, Plaintiff was not removed from the list to participate in Cursillo and Ultreya, he simply was not able to attend on this occasion due to the number of offenders who wanted to participate and the lack of space in the Chapel to allow all offenders to participate. [Doc. 121-3]. It is material that offender other than Plaintiff were also not allowed to participate in Cursillo due to safety and security concerns because it shows there was no causal connection between Plaintiff's alleged protected conduct and Plaintiff's inability to attend Cursillo. It is undisputed that Defendant Rojas indicated he could not answer Plaintiff's questions concerning his FOIA request without legal representation. However, whether Defendant Rojas was willing to answer Plaintiff's questions concerning his FOIA request is immaterial to the constitutional and federal statutory claims at issue in this lawsuit.

14.     It is disputed that the document cited to by Plaintiff supports the assertions contained in Plaintiff's Undisputed Material Fact 14. It appears Plaintiff has not attached the exhibit referenced in this fact. However, whether Plaintiff listed witnesses in his grievance is immaterial to whether Defendants violated his constitutional of federal statutory rights. There is no constitutional right to a grievance procedure and a violation of an individual's job responsibilities, Administrative Directives, or even state law is immaterial to the question of whether a defendant violated Plaintiff's constitutional or federal statutory rights.

15. It is disputed that the exhibits cited to by Plaintiff support the assertions in this fact. It is not clear what exhibits O and Q are, and Defendants have been unable to identify any such exhibits attached to Plaintiff' motion for summary judgment. However, whether Defendants contacted the Religious Practice Advisory Board or consulted the Illinois Department of Corrections Religious Practice Advisory Board is immaterial to the constitutional and federal statutory claims at issue in this lawsuit. There is no constitutional right to a grievance procedure and a violation of an individual's job responsibilities, Administrative Directives, or even state law is immaterial to the question of whether a defendant violated Plaintiff's constitutional or federal statutory rights.

16. Defendants object to this fact, because Plaintiff has not cited to any exhibit or document to support this assertion, as required by Local Rule 7.1(D)(1)(b). Therefore, the Court should disregard this purported fact.

17. It is disputed that the document to which Plaintiff cites supports the assertion that the facility chaplain has the responsibility to approve or deny religious dietary requests. As stated in Section II(G)(3), it is the Chief Administrative Officer, or her designee, *see* Section II(D), who is responsible for final approval of religious diets. It is immaterial because the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants motion for summary judgment.

18. Defendants object to Plaintiff's Undisputed Fact 18 because it is confusing and appears to be more of an argument as to the veracity of Defendant Rojas's responses to discovery requests than a fact that is material to the issues in this lawsuit. Therefore, the Court should disregard this purported fact. To the extent the Court considers it, Defendants dispute that that the

exhibits cited to by Plaintiff support the argumentative assertions contained in this fact. Furthermore, Defendant Rojas's various discovery responses without connection to a discernible fact at issue are immaterial to the issues in this lawsuit.

19. It is disputed that the documents cited by Plaintiff support the assertion that IDOC allows offenders to practice, celebrate, and observe each of their religious tenets unrestricted by their incarceration. The documents cited by Plaintiff do not support the assertion that IDOC allows offenders to engage in all of their religious practices if those religious practices, for instance pose a risk to the safety and security of the institution because Plaintiff is incarcerated. It is immaterial because the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants' motion for summary judgment.

20. It is disputed that the documents cited by Plaintiff support the assertion that Defendants Frost, Gans, Dorothy, Pelker, and Baldwin disregarded IDOC protocol with respect to the grievance procedure. Additionally, it is immaterial whether Defendants violated the grievance procedure because there is no constitutional right to a grievance procedure and a violation of an individual's job responsibilities, Administrative Directives, or even state law is immaterial to the question of whether a defendant violated Plaintiff's constitutional or federal statutory rights.

21. Defendants object to this fact, because Plaintiff has not cited to any exhibit or document to support this assertion, as required by Local Rule 7.1(D)(1)(b). Therefore, the Court should disregard this purported fact.

22. It is undisputed that Defendant LaHood's response to Plaintiff's request for admission "admits that the statement contained in Paragraph 7, but notes that there are many exceptions to the general rule and incarceration is one of those exceptions." It is immaterial

because the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants' motion for summary judgment.

23. It is undisputed that Defendant Rodriguez's response to Plaintiff's request for admission "admits that the statement contained in Paragraph 7, but notes that there are many exceptions to the general rule and incarceration is one of those exceptions." It is immaterial because the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants' motion for summary judgment.

24. This fact is not directed toward Defendants and is immaterial to the claims against them. Therefore, this fact is neither disputed nor undisputed by Defendants.

25. This fact is not directed toward Defendants and is immaterial to the claims against them. Therefore, this fact is neither disputed nor undisputed by Defendants.

26. It is disputed that the document cited supports the assertion that Defendant Britton had a duty to notify the Chaplaincy Department that it had not supplied the dietary department with a list of Catholic inmates who are approved for a meatless diet. Furthermore, this purported fact is immaterial, because a violation of an individual's job responsibilities, Administrative Directives, or even state law is immaterial to the question of whether a defendant violated Plaintiff's constitutional or federal statutory rights. Furthermore, as stated in Defendant Britton's responses to Plaintiff's requests for admissions, it was not Defendant Britton could not provide Plaintiff with a religious diet unless it was approved by the Chaplain and the Warden, or her designed. [106-1, p. 21].

27.     Defendants object to this request because it is not clear to which interrogatory responses Plaintiff is referring. Therefore, the Court should disregard this purported fact. It further is disputed that the documents cited by Plaintiff support the assertions in this purported fact.

28.     Defendant objects to this fact because it is argumentative and not supported by the documents cited. It is disputed that the memo indicates that Plaintiff was removed from the list of individuals who wanted to participate in Cursillo. As Defendant Rojas stated in his declaration, Plaintiff was not removed from the list to participate in Cursillo and Ultreya, he simply was not able to attend on this occasion due to the number of offenders who wanted to participate and the lack of space in the Chapel to allow all offenders to participate. [Doc. 121-3]. It is material that offenders other than Plaintiff were also not allowed to participate in Cursillo due to safety and security concerns because it shows there was no causal connection between Plaintiffs's alleged protected conduct and Plaintiff's inability to attend Cursillo. It is material, because it shows Defendant Rojas did not retaliate against Plaintiff. It is also immaterial whether Defendant Frost was aware Plaintiff was allegedly removed from the Cursillo list because Defendant Frost's participation in the grievance procedure is not sufficient to establish his personal involvement in the alleged constitutional and statutory deprivations.

### ADDITIONAL MATERIAL FACTS

Defendants hereby incorporate Undisputed Material Facts 1- 62 from Defendants' motion for summary judgment [Doc. 121], as if fully restated here.

### ARGUMENT

Instead of fully restating the arguments made in their motion for summary judgment and for the purpose of judicial economy, Defendants hereby incorporate the arguments made in their motion for summary judgment [Doc. 121], which establish that Defendants are entitled to summary

judgment on all of Plaintiff's claims. Therefore, Plaintiff is not entitled to summary judgment and his motion for summary should be denied.

### 1.     Plaintiff is not entitled to summary judgment on his RLUIPA claim.

Plaintiff moves for summary judgment on his Religious Land Use and Institutional claim, essentially arguing that there was no legitimate penological interest for Defendants to restrict his right to observe Lent during the Lenten season and not provide Plaintiff with meatless meals on Fridays during Lent.

However, as discussed in Defendants' motion for summary judgment, Plaintiff's claim for injunctive relief is moot, barred by the doctrine of sovereign immunity, and the Prison Litigation Reform Act, as the requested injunctive relief has already been granted by Hill Correctional Center, and Plaintiff cannot provide any evidence showing there is a substantial likelihood that he will again be subjected to the alleged violation of his rights under RLUIPA. Therefore, Plaintiff is not entitled to summary judgment and his RLUIPA claim should be dismissed as moot.

Furthermore, Plaintiff has not and cannot provide evidence establishing his religious practice with respect to Lent was substantially burdened. [Doc. 121, Section 2]. As discussed in Defendants' motion for summary judgment, Plaintiff cannot provide evidence showing he would have lacked adequate nutrition if he avoided all meals on Fridays during Lent which contained meat, especially in light of the amount of food he was able to purchase at the commissary, and in light of the fact that fish was provided on Fridays during Lent.

Therefore, because Plaintiff's religious exercise was not substantially burdened, Defendants are entitled to summary judgment on Plaintiff's RLUIPA claim. At minimum, Plaintiff has failed to provide sufficient evidence at the summary judgment stage to show he is entitled to injunctive relief with respect to his request for a specific religious diet during Lent. Plaintiff's

conclusory argument without citation to specific factual support is insufficient to support summary judgment in his favor. Therefore, Plaintiff's motion for summary judgment should be denied.

2.    **Plaintiff is not entitled to summary judgment on his free exercise claim.**

The entirety of Plaintiff's argument in favor of summary judgment on his free exercise claim is that there was no penological interest in not allowing Plaintiff to observe Lent.

However, again, Plaintiff has not and cannot provide evidence establishing his religious practice with respect to Lent was substantially burdened. [Doc. 121, Section 2]. As discussed in Defendants' motion for summary judgment, Plaintiff cannot provide evidence showing he would have lacked adequate nutrition if he avoided all meals on Fridays during Lent which contained meat, especially in light of the amount of food he was able to purchase at the commissary, and in light of the fact that fish was provided on Fridays during Lent. Plaintiff's conclusory argument without citation to specific factual support is insufficient to support summary judgment in his favor.

Therefore, because Plaintiff's religious exercise was not substantially burdened, Defendants are entitled to summary judgment on Plaintiff's free exercise claim. At minimum, Plaintiff has failed to provide sufficient evidence at the summary judgment stage, as he has cited to no facts supporting his argument, to show he is entitled to summary judgment. Therefore, Plaintiff's motion for summary judgment should be denied.

3.    **Plaintiff is not entitled to summary judgment on his retaliation claim.**

Plaintiff's motion for summary judgment with respect to his retaliation claim consists of a single conclusory argument Plaintiff complained about Lent meals and Defendant Rojas subsequently prohibited Plaintiff from attending Cursillo. However, as discussed in Defendants' motion for summary judgment, Plaintiff is unable to establish a causal connection between the

protected speech and Plaintiff's inability to participate in Cursillo and Ultreya. Furthermore, Defendants have produced evidence Plaintiff's temporary exclusion form Cursillo would have occurred regardless of Plaintiff's complaints and Plaintiff's temporary exclusion from Cursillo participation was due to safety and security concerns related the maximum occupancy limit of the Hill Correctional Center Chapel.

Therefore, Plaintiff's motion for summary judgment which relies on no facts supported by evidence but, instead mere speculation on conclusory argumentation should be denied, as Plaintiff has not met his burden.

It does not appear Plaintiff is moving for summary judgment on any other claims. To the extent he is, it is clear from the lack of citation to factual support contained in his motion that he has failed to prove his claims at this stage. Furthermore, as discussed in Defendants' motion for summary judgment, Defendants have established they are entitled to summary judgment on all Plaintiff's claims against them. Therefore, Plaintiff cannot be entitled to summary judgment and his motion for summary judgment should be denied.

Wherefore, Defendants respectfully request this honorable Court deny Plaintiff's motion for summary judgment and deny Plaintiff any relief whatsoever.

                                             Respectfully submitted,

                                             Manuel Rojas, Stephanie Dorethy, Freddie Britton, John Frost, Steve Gans, Melissa Pelker, and John Baldwin,

                                             Defendants,

                                             Kwame Raoul,
Clayton J. Ankney, No. 6320224        Illinois Attorney General,
Assistant Attorney General
500 South Second Street                   Attorney for Defendant,
Springfield, Illinois 62701
(217) 785-4555 Phone              By: s/Clayton J. Ankney
(217) 782-8767 Fax                   Clayton J. Ankney
Email: cankney@atg.state.il.us        Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| Aaron O'Neal, N53022, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-4063-SEM-TSH |
| ) | |
| Manuel Rojas, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 20, 2020, the foregoing document, ***Response to Plaintiff's Motion for Summary Judgment***, was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and I hereby certify that on the same date, I caused the foregoing to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following:

    Aaron O'Neal, N53022
    Hill Correctional Center
    P.O. Box 1700
    Galesburg, IL 61401

                                              s/Clayton J. Ankney
                                                Clayton J. Ankney
                                                Assistant Attorney General