UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

AARON O'NEAL,
    Plaintiff,

vs.

Case No. 18-4063-SEM-TSH

MANUAL ROJAS, et al.,
    Defendant's

PLAINTIFFS' REPLY TO DEFENDANT'S
RESPONSE TO HIS MOTION FOR SUMMARY JUDGMENT

    NOW COME the Plaintiff, AARON O'NEAL, pro se, and for his reply to Defendant's Response to his Motion for Summary Judgment, state as follows:

    On April 7, 2020, Plaintiff O'Neal filed his motion for summary judgment, directed to Defendant's Rojas, Frost, Gans, Dorethy, Phoenix, and Baldwin, Britton [Doc. 106]. On July 20, 2020 Defendant's filed their response to Plaintiffs' motion for summary judgment. [Doc. 122].

    Plaintiff filed his 42 U.S.C. 1983 Complaint March 23, 2018 asserting claims against the defendant's under the First, Fourteenth Amendments, the Religious Land Use and Institutionalized Persons Act (RULIPA), and a claim of retaliation against a single defendant, Manual Rojas. In the merit review the Court found that Plaintiff stated a First, Fourteenth, and RULIPA claims for

the denial of the free exercise of the tenets of his religion, Catholic, when he was refused a non-meat diet in observance Ash Wednesday and Lent. [Doc 14]. The Court also found Plaintiff First Amendment claim for retaliation following Plaintiffs' complaints about not being provided a religigious diet. [Doc. 14].

## REPLY TO UNDISPUTED MATERIAL FACTS

1. Plaintiff does not dispute the material facts at 1.
2. Plaintiff does not dispute the material facts at 2.
3. Plaintiffs exhibit designation in 3 of his motion for summary judgment is in error that should have read as Doc. 37 § 1, wherein the Catholic Church Defendant's concurred that Plaintiff is a Catholic and declared his faith upon entering HCC.
4. Undisputed Material Fact 4 and its supporting exhibits H-83 § 5 is the IDOC Director, Defendant Baldwins' Committe that was formed to clarify the the various religion's at HCC, their practices and dietary customs. Said exhibit is also supported by an IDOC Code of Corrections exhibit, Doc. 000009 § 4.25.101(E)(1) that support Catholic offender's receiving a non-meat religious diet during the season of Lent; thus, giving up meat in its observance.
5. Plaintiffs' exhibit designation in 3 of his motion for summary judgment is in error and should have read as Doc. 36 § 1 of defendants response and affirmative defense to Plaintiffs' claim. In that document defendant's does dispute the Material Fact at 5.
6. Plaintiff does not only cite to the Chaplaincy hand book at 6, but also cite to the Illinois Code of Corrections and Administrative Directives on Rules and Policies governing a Catholic offenders abstention from meat during Ash Wednesday and Lent.

7. Plaintiffs' Material Fact at 7 is well supported by an exhibit establishing the Religious Practice Advisort Board (RPAB) as created by the IDOC director by Administrative Directive under Illinois Administrative Code 425.40 (a)(b)(1)(2)(B), and designated as Doc. 000050.

8. Plaintiffs' wording in Material Fact 8 was slightly confusing. Instead it should read "Facility".

9. It is material that Plaintiff complained to staff at Material Fact 9 where the Defendant's each disregarded the Administrative tools set forth by the Illinois Code of Corrections and Administrative Directives on Rules and Policies with respect to religious diets. It is the disregarding these administrative tools by each of the defendant's in investigating this matter that led to the constitutional violations of Plaintiffs' rights, establishing their personal involvement.

10. Plaintiff disagree with Defendat's rendition of Material Fact 10 as the exhibits cited at 10 describe Defendant Rojas' job responsibilities, among which is to be familiar with the practices of other religious for which he approve and disapprove religious requests for.

11. Plaintiffs' Material Fact 11 is clearly disignated and specifically state that exhibit F is Plaintiffs' grievance, and also designates the complaint at paragraphs 35, 39, and 40 as additional citation. Plaintiffs' complaint is a verified complaint. However, it is disputed that defendant's agree that Plaintiff was unable to attend Cursillo and "one" Ultreya event due to the number of offenders and volunteers at those events. Plaintiff was denied attendance to Ultreya for 9 months.. The fact that he was unable to attend Ultreya for 9 months is material to the evidentiary basis of his claim of retaliation where Defendant Rojas weaponized Plaintiffs' religious service against him for purposes of retaliation.

12. Plaintiff Material Fact 12 is well supported by Doc. 1 at 36-38 Plaintiff disagree with Defendant's response in its entirety. Moreover, Plaintiff also direct Defendants' and this Court to 11 of this reply.

13. Plaintiff disagree with Defendant's statement for why he was removed from the list to attend Ultreya for Material Fact 13.

14. While there may not be a constitutional right to a grievance procedure there is a constitutional right to due process. When the Defendant's have a procedure in place for resolving disputes that may rise to a constitutional magnitude, due process under the 14th amendment is required and establishes constitutional protections.

15. Defendant's counsel state that it is unclear what exhibits "O" and "Q" are in Material Fact 15 but go on to describe what they are. Clearly, they understood that exhibit's "O" and "Q" are the Administrative Directives on grievance procedure regarding the investigative process and its appeals.

16. Material Fact 16 is a common sense statement with regard to a proper investigations steming from Plaintiffs' grievance. This fact should not be disregarded.

17. The documents attached in support of Material Fact 17 specifically state that defendant Rojas must approve or deny any request for religious diet before it is subsequently decided by the warden. Defendants' also disregard other documents that are attached to Material Fact 17.

18. Material Fact 18 is not an argument. Plaintiff merely elaborate on the detaials surrounding his assertions in establishing the untruthfulness of Defendant Rojas' responses to any investigation in this matterm including Plaintiffs' discovery.

19. Again, the Defendant's seem to disregard each of Plaintiffs' supporting exhibits on Material Fact 19. They also disregard the concurring

opinion of Justice Evans in Koger v. Bryant; stating, inmates in Illinois prisons "must be fed." 523 F.3d 789 (7th Cir. 2008). Defendant's failure to comply with the law by feeding Plaintiff during the Lenten season is not immaterial as the Defendant's claim.

20. It is not simply that Defendant's Frost, Gans, Dorethy, Phoenix, and Baldwin disregarded IDOC protocol relative to the grievance procedure at Material Fact 20. Stating that it is material that they violated the grievance procedure is tantamount to stating it is immaterial that Plaintiffs' constitutional rights were trampled upon by each of the defendants' at every level of the process due him.

21. Material Fact 21 is a common sense statement which require a common sense inference therefrom.

22. Defendant's have not submitted and indeed cannot submit proof that incarceration is an exception to celebrating the Lenten season in dispute of Material Fact 22.

23. Defendant's habe submitted and indeed cannot submit proof that incarceration is an exception to participating in the observance of the season of Lent. Therefore, Plaintiff disagree with Defendants response to Material Fact 23.

24. Plaintiff does not dispute the Material Facts at 24.

25. Plaintiff does not dispute the Material facts at 25.

26. The exhibit in Material Fact 26 speaks for itself.

27. Material Fact 27 should not be disregarded by this Court. Plaintiff was quite specific in this material fact and properly designated the Defendant's to the specific response and subsection supporting Material Fact 27.

28. Plaintiffs' Material Fact 28 is well supported by exhibits in this material fact as well as other. Plaintiff stand on his allegation that he was denied approximately 9 months of Ultreya service by Defendant Rojas.

### ADDITIONAL MATERIAL FACTS

Plaintiff incorporate Undisputed Material Facts 1-16 of his Response to Defendant's motion for summary judgment.

### ARGUMENT

Plaintiff is entitled to summary judgment on each of the claims raised in his complaint and motion for summary judgment. Plaintiffs' claim is well supported by evidence prior to the filing of his suit and evidence obtained during discovery. It is clear from the evidence that Defendants' have been less than truthful in an attempt to coverup the actions and inactions regarding Mr. O'Neals religious practice. For those reason's summary judgment should be granted in favor of the Plaintiff, or alternatively a date set for trial.

STATE OF ILLINOIS )
COUNTY OF KNOX )

Subscribed And Sworn To Before Me
on the 15th Day Of September, 2020 by
Aaron O'Neal

_Sally A Huffer_
NOTARY PUBLIC

Respectfully Submitted,

_Aaron O'Neal_ PRO SE'
PLAINTIFF
AARON O'NEAL N53022
HENRY HILL CORRECTIONAL
P.O. BOX 1700
GALESBURG, IL. 61401.

-6-


SALLY A HUFFER
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
December 28, 2022