E-FILED
Monday, 28 September, 2020  01:42:09 PM
Clerk, U.S. District Court, ILCD

37.     Based on Plaintiff's Assignment History listing him as a Catholic participant since March 27, 2015, Plaintiff would have been allowed to attend those services. [Ex. 3, Declaration of Manuel Rojas, ¶ 23].

38.     During the time relevant to this lawsuit, Plaintiff was able to attend Tuesday Catholic services "a good 90 percent" of the time. [Ex. 1, Deposition of Plaintiff, 60:11-17].

39.     Plaintiff missed approximately 10 percent of the Tuesday Catholic services due to the institution being on lockdown or Plaintiff being in segregation. [Ex. 1, Deposition of Plaintiff, 60:14-24].

### *Plaintiff's Alternative Religious Practice*

40.     Since being at Hill Correctional Center, Plaintiff has been going to service every Tuesday, whether that service be Cursillo, Ultreya, or regular Catholic services, unless the facility was on lockdown. [Ex. 1, Deposition of Plaintiff, 48:2-22].

41.     While at Hill Correctional Center, Plaintiff had access to a Bible. [Ex. 1, Deposition of Plaintiff, 49:7-14].

42.     When Plaintiff did not attend Cursillo, Plaintiff was able to engage in the following aspects of religious practice:

       a. Plaintiff was able to speak with the individuals who attended Cursillo to discuss what occurred at the event;

       b. Plaintiff was always able to receive the paperwork concerning the three questions that were discussed at Cursillo;

       c. Plaintiff was able to go over the Cursillo paperwork and the three questions in his head as he would have had he attended Cursillo; and

       d. Plaintiff was able to read his Bible; [Ex. 1, Deposition of Plaintiff, 81:15-82:9].

50.     Grievance Officer, Steve Gans, then found that, based on a review of all available information, which included Chaplain Rojas's response, there was no factual basis to substantiate Plaintiff's claims that he had been discriminated against or that his rights had been violated. [Ex. 6, Plaintiff's April 16, 2016 Grievance].

### *Stephanie Dorethy*

51.     Plaintiff alleges Stephanie Dorethy denied him a religious diet by not signing off on Plaintiff's religious diet request form in 2018. [Ex. 1, Deposition of Plaintiff, 91:5-16].

52.     Plaintiff has never spoken to Stephanie Dorethy about his request for a religious diet. [Ex. 1, Deposition of Plaintiff, 91:14-16].

53.     Stephanie Dorethy delegated her duties concerning signing off on religious requests to her assistant warden. [Ex. 1, Deposition of Plaintiff, 26:7-17; Ex. 5, Dorethy September 20, 2019 Interrogatory Responses, Response 3].

### *Freddie Britton*

54.     Plaintiff alleges Freddie Britton knew that Catholic Prisoners at Hill Correctional Center were not being provided their Catholic meal and did not do anything to help them. [Ex. 1, Deposition of Plaintiff, 94:18-95:2].

55.     Freddie Britton could not provide special diet meals unless he had a list from the Chaplain. [Ex. 1, Deposition of Plaintiff, 98:3-7].

56.     For an offender to receive a special diet tray, an offender must receive approval from the facility Chaplain and the Warden, or her designee. [Ex. 7, Defendant Britton's Response to Plaintiff's September 18, 2019 Request for Admissions, Response 5].

11

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id., at* 550 U.S. at 380 (emphasis original). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd of Sch. Trs. of N. Newton Sch.*, 278 F.3d 693, 699 (7th Cir. 2002) (internal quotiations omitted).

A defendant moving for summary judgment on the grounds that a plaintiff cannot prove an essential element of the case plaintiff must prove at trial, has no burden to support his motion with affidavits or other evidence negating the plaintiff's claim. *Modrowski v. Pigatto*, 712 F.3d 1166, 1168–70 (7th Cir. 2013). Instead, a defendant may simply point out to the Court the absence of evidence to support the claim plaintiff bears the burden of proving at trial. *Modrowski*, 712 F.3d at 1168. The Seventh Circuit has found that the United States Supreme Court has "expressly rejected" the argument that a defendant moving for summary judgment bears the burden of producing evidence to negate an element of the plaintiff's case. *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994).

## ARGUMENT

Plaintiff claims: (1) Defendants Rojas, Dorethy, Britton, Frost, Gans, Pelker, and Baldwin violated his First Amendment rights by failing to provide him with meatless meals on Fridays during Lent; (2) Defendants Rojas, Dorethy, Britton, Frost, Gans, Pelker, and Baldwin provided offenders with other religious affiliations with special religious diets but refused to provide special religious diets to Catholics during Lent; (3) Defendant Rojas retaliated against Plaintiff for complaining about a religious diet by removing Plaintiff from the list of individuals allowed to

not the knowledge and action of persons they supervise." *Burks v. Raemich*, 555 F.3d 592, 594 (7th Cir. 2009).

Furthermore, participation in the prison grievance procedure, including ruling against an offender in a grievance does not cause or contribute to a constitutional violation. *Williams v. Raemisch*, 545 Fed. Appx. 525, 529 (7th Cir. 2013); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Here, Plaintiff's claims are against Defendants Baldwin, Pelker, Gans, Frost are solely related to their responses to Plaintiff's April 14, 2016 grievances and grievance appeals. [Exhibit 1, Deposition of Plaintiff, 113:11-116:22, 112:10-12, 99:16-103:4, 107:16-108:13; Ex. 6, Plaintiff's April 16, 2016 Grievance]. However, this is insufficient to establish liability against them for Plaintiff's claims.

Here, the correctional counselor, John Frost, contacted Chaplain Rojas in order to respond to Plaintiff's April 14, 2016 grievance. Defendant Frost provided Plaintiff with the Chaplain's response, in which Chaplain Rojas indicated that he had not discriminated against Plaintiff or the other offenders who were not allowed to attend Cursillo because Cursillo was not a mandatory Catholic service, that some individuals were not allowed to participate in one Cursillo event due to safety and security concerns, and that a decision had been made to allow newer Cursillo participants to participate. [Ex. 6, Plaintiff's April 16, 2016 Grievance, p. 37].

In that response, Chaplain Rojas also explained that Deacon Joe LaHood, the Prison Ministry Coordinator for the Archdiocese of Peoria, explained to him that Lent was about giving up something important, not necessarily food. [Ex. 6, Plaintiff's April 16, 2016 Grievance, p. 37]. Chaplain Rojas further explained that Lent observance at Hill Correctional Center was not

[Ex. 1, Deposition of Plaintiff, 91:5-16]. However, Defendant Dorethy delegated her duties concerning signing off on religious requests to her assistant warden. [Ex. 1, Deposition of Plaintiff, 26:7-17; Ex. 5, Dorethy September 20, 2019 Interrogatory Responses, Response 3]. Therefore, because Defendant Dorethy was not responsible for signing off on religious diet requests, Plaintiff cannot establish Defendant Dorethy was personally involved in this alleged deprivation and Defendant Dorethy is entitled to summary judgment in her favor.

### c. Plaintiff cannot provide evidence showing Defendant Britton was personally involved in denying Plaintiff a religious diet during Lent.

Plaintiff alleges Freddie Britton knew that Catholics at Hill Correctional Center were not being provided their Catholic meal and did not do anything to help them. However, Plaintiff cannot provide any evidence showing Defendant Britton had the authority to provide offenders specific meals without approval from the Chaplain and the Warden, or her designee.

For an offender to receive a special diet tray, an offender must receive approval from the facility Chaplain and the Warden, or her designee. [Ex. 7, Defendant Britton's Response to Plaintiff's September 18, 2019 Request for Admissions, Response 5]. Plaintiff cannot provide evidence that he was ever approved for a diet tray and that Defendant Britton denied him that special diet tray. Furthermore, on the one occasion Plaintiff asked Defendant Britton for a Catholic meal, Defendant Britton checked to see if there was a list for a Catholic meal. [Ex. 7, Defendant Britton's Response to Plaintiff's September 18, 2019 Request for Admissions, Response 8]. Because there was no list for a Catholic meal, Defendant Britton could not provide Plaintiff a special diet tray, since he cannot provide special diet trays to offenders if they are not on a list to receive a special diet tray. [Ex. 7, Defendant Britton's Response to Plaintiff's September 18, 2019 Request for Admissions, Response 8].

17

Fridays; instead, he has abstained from eating meat on Fridays. [Ex. 1, Deposition of Plaintiff, 58:10- 59:15]. During the timeframe relevant to this lawsuit, Plaintiff was able to abstain from eating meat on about 95% of Fridays. [Ex. 1, Deposition of Plaintiff, 60-7-10, 125:21-126:5].

Plaintiff cannot provide any evidence showing this abstention from meat on Fridays during Lent caused him any adverse health effects whatsoever. The only physical harm Plaintiff alleges he suffered from not being served meatless meals every Friday is weight loss. [Ex. 1, Deposition of Plaintiff, 63:22-64:14]. However, the most weight Plaintiff alleges he may have lost was "like maybe 5 pounds or something." [Ex. 1, Deposition of Plaintiff, 64:11-14]. Regardless, no doctor has ever told Plaintiff that the weight loss he suffered was a result of Plaintiff not getting meatless meals on Fridays, and Plaintiff cannot provide any verifiable medical evidence connecting his alleged weight loss to the failure to provide three meatless meals during Lent. [Ex. 1, Deposition of Plaintiff, 65:10-15].

Furthermore, Plaintiff was able to supplement his diet on Fridays through commissary purchases. In 2016, Plaintiff was able to purchase meatless food products at the Hill Correctional Commissary during Lent, including, at least: on February 19, 2016, two cookies, two cashews, one oatmeal, two cereals, two tortillas, eight sodas, eight chili refried beans and rice, one cheese jalapeno, three coffee, eight BBQ sauce, one instant milk, two apple pies, and two fudge dip granola; on March 7, 2016, one instant milk, three tuna with jalapenos, two popcorns, two cereals, five sour cream and onion chips, two nutty bars, four refried beans and rice, one cashews, one coffee, one tortillas, six BBQ sauce, twelve chili noodles, and six sodas; and on March 18, 2016, two popcorn, two sour cream and onion chips, two cheese jalapeno, two tortillas, two tuna, two mayo, two Kool Aid, one cookie, one cashews, two sodas. [Ex. 4, Plaintiff's Inmate Commissary Fund, pp. 1-3]. During Lent in 2016, Plaintiff also purchased numerous food items containing

Therefore, because Plaintiff's religious exercise was not substantially burdened, Defendants are entitled to summary judgment on Plaintiff's First Amendment free exercise claim.

### 3. Plaintiff cannot provide any evidence showing Defendants intentionally and purposefully discriminated against him in violation of the Fourteenth Amendment.

"A prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that the prison officials intentionally and purposefully discriminated against him. *Meriwether v. Faulkner*, 821 F.2d 408, 415 n. 7 (7th Cir. 1987). To prove that defendants violated plaintiff's rights to equal protection, plaintiffs must show that defendants' actions both had a discriminatory effect and were motivated by a discriminatory intent. *Chavez Illinois State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001). A person bringing an action under the Equal Protection Clause may not merely show that he was treated unfairly as an individual; "the gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of person aggrieved by the state's action. *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982). The decisionmaker must have selected or reaffirmed a particular course of action at least in part because of, not merely in spite of its adverse effects upon an identifiable group." *Webb v. Budz*, 480 F. Supp. 2d 1050, 1056-57 (N.D. Ill. 2007) (internal quotations omitted).

Here, Plaintiff cannot provide any evidence that Defendants acted with discriminatory intent, that Defendants' actions had a discriminatory effect on his specific religion, or that Defendants acted because of the adverse effects that their actions would have on an identifiable group.

The evidence on the record shows Defendant Rojas did not purposefully and intentionally discriminate against Plaintiff, and Plaintiff cannot provide evidence showing Defendant Rojas's alleged actions were motivated by discriminatory intent. Instead, Defendant Rojas looked into Plaintiff's concerns and spoke with the individuals who would be aware of the requirements of the

21

Here, solely for the purpose of summary judgment, Defendant Rojas does not dispute that Plaintiff repeatedly complained to Defendant Rojas about the lack of Lent meals over the course of thirteen years—from 2005 to the time Defendant Rojas retired in 2018—and therefore, engaged in speech protected by the First Amendment. However, Plaintiff cannot establish a causal connection between the eleven years of complaints leading up to Plaintiff's temporary exclusion from Cursillo and Ultreya on March 15, 2016.

"To demonstrate the requisite causal connection in a retaliation claim, [a] plaintiff[] must show that the protected activity and the adverse action are not wholly unrelated." *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918 (7th Cir. 2000). Suspicious timing alone does not support a reasonable inference of retaliation. *Dace v. Smith-Vasquez*, 658 F.Supp.2d 865, 881 (S.D. Ill. 2009). "[I]nstead, plaintiffs must produce evidence that somehow ties the adverse [action] to the plaintiff's protected actions. The fact that one event preceded another does nothing to prove the first event caused the second." *Id.* (internal citation omitted); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008) ("mere temporal proximity is not enough to establish a genuine issue of material fact.") (internal quotation omitted).

Here, Plaintiff alleges he complained to Defendant Rojas about Lent meals—the protected speech—for more eleven years prior to Plaintiff allegedly being removed from the list to participate in Cursillo on March 15, 2016. [Ex. 1, Deposition of Plaintiff, 69:13-70:7; Ex. 6, Plaintiff's April 16, 2016 Grievance]. Because of the lengthy history of Plaintiff's complaints, Plaintiff cannot establish a causal connection between his complaints and Defendant Rojas's preventing Plaintiff from attending Cursillo and Ultreya on March 15, 2016. No reasonable inference can be made that eleven years of complaints led to Plaintiff's temporary exclusion from Cursillo and Ultreya in March 2016.

previously been able to attend Cursillo or Ultreya to participate in those events. If everyone who requested was allowed to attend these events, the number of individuals in the Chapel would exceed the maximum occupancy limit of the Chapel. [Ex. 3, Declaration of Manuel Rojas, ¶ 11]. Defendant Rojas's clerk would go through the list of individuals who wanted to participate, determine who was eligible to participate, and Defendant Rojas would issue call passes to those individuals so they could attend. [Ex. 3, Declaration of Manuel Rojas, ¶ 12].

Here, Defendant has pointed to a specific safety and security concern—maximum occupancy limitations of the Hill Correctional Center Chapel—and specific non-retaliatory reasons—a neutral rule allowing newer offenders to participate in Cursillo and Ultreya when too many offenders requested to participate—for Plaintiff's specific temporary exclusion from Cursillo and Ultreya. This safety and security concern has been corroborated by the current Chaplain of Hill Correctional Center. [Ex. 2, Declaration of Karen Norman Rees, ¶¶ 5-8]. Therefore, Plaintiff cannot provide evidence sufficient to establish a causal connection between his protected activity and the allegedly adverse action, and Defendant Rojas is entitled to summary judgment on Plaintiff's First Amendment retaliation claim.

**5.  Plaintiff's Injunctive Relief Claim Should be Dismissed.**

While not entirely clear, it appears Plaintiff seeks injunctive relief to force Hill Correctional Center to provide him with meatless meals during Lent. Because meatless meals are now provided at Hill Correctional Center during Lent and because there is no ongoing violation to remedy, this claim for injunctive relief is moot, barred by sovereign immunity, and barred by the Prison Litigation Reform Act.

Correctional Center provide three meatless meal options each Friday during Lent in future years. [Ex. 2, Declaration of Karen Norman Rees, ¶ 3].

In *Bey v. Haines*, the plaintiff sued to force his current prison to keep a full-time dentist on staff to reduce long wait times. 802 Fed. Appx. 194, 200 (7th Cir. 2020). The district court dismissed the plaintiff's injunction claim as moot. *Id.* Because it was undisputed that the Department of Corrections had hired a full-time and a part-time dentist for his prison and that wait times had been reduced, the Seventh Circuit found that the plaintiff's request for injunctive relief was moot and affirmed dismissal of the plaintiff's claim.

Here, as in *Bey*, the requested injunctive relief has already been granted by Hill Correctional Center, and Plaintiff cannot provide any evidence showing there is a substantial likelihood that he will again be subjected to the alleged violation of his rights under RLUIPA. Therefore, Plaintiff's injunctive relief claim should be dismissed. Because the only remedy available to Plaintiff under RLUIPA is injunctive relief, Plaintiff's RLUIPA claim should be dismissed in its entirety.

**b. Plaintiff's Claim for Injunctive Relief is Barred by the Principles of Sovereign Immunity.**

The Eleventh Amendment expressly recognizes the limitations of jurisdiction of the federal courts imposed by the sovereignty of the states, see *Alden v. Maine*, 527 U.S. 706, 729-30 (1999), and, thus, "an unconsenting State is immune from suits brought in federal courts by its own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Simply put, sovereign immunity extends to prohibit all suits by individuals against a State in federal court, irrespective of the relief sought. *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (1988). In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court established a limited exception to a State's sovereign immunity in cases where a plaintiff challenges the constitutionality

27

Here, it is undisputed that Hill Correctional Center provided offenders with meatless meal options on Fridays during Lent in 2020 and that the current Chaplain of Hill Correctional Center intends to have Hill Correctional Center continue to provide meatless meal options during Lent. Because Plaintiff cannot show a contemporary violation of federal law that will likely continue into the future, his claim for injunctive relief is prohibited by the Eleventh Amendment.

c. **Plaintiff's requested injunctive relief is also prohibited by the Prison Litigation Reform Act.**

Furthermore, Plaintiff's requested injunctive relief is barred by the Prison Litigation Reform Act. The Prison Litigation Reform Act provides that "prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A). Here, Plaintiff cannot claim that he is presently suffering any violation of a federal right related to this action. In addition to the limitations imposed by Article III of the Constitution and by the Eleventh Amendment, the Prison Litigation Reform Act adds another layer of protection to Defendants. If there is nothing to remedy, there can be no prospective relief ordered. *Westefer v. Snyder*, 2013 WL 1286971, at * 2 (S.D. Ill. Mar. 27, 2013) (court vacated injunction in accordance with 18 U.S.C. § 3626(a)(1)(A) where the facility at issue was closed and there was nothing left to remedy). Plaintiff's request for injunctive relief cannot overcome the limitations imposed by the PLRA.

d. **To the extent Plaintiff seeks injunctive relief with respect to Cursillo attendance, Plaintiff's claim should be dismissed.**

Plaintiff admits there is no chance he will be removed from the list to participate in Cursillo or Ultreya and has been participating consistently. [Ex.1, Deposition of Plaintiff, 148:6-17]. Therefore, as discussed above, any injunctive relief sought with regards to this claim is moot,

14]. No doctor has ever told Plaintiff that the weight loss he suffered was the result of Plaintiff not

being provided meatless meals on Fridays during Lent. [Ex. 1, Deposition of Plaintiff, 65:10-15].

Furthermore, Plaintiff cannot provide any evidence connecting uncorroborated allegation of

weight loss to a lack of meatless meals on Fridays during Lent. Even if Plaintiff could provide

such evidence, Plaintiff's alleged minor weight loss is insufficient to support his assertion that he

suffered a physical injury. *See Pearson v. Wellborn*, 471 F.3d 732, 744 (7th Cir. 2006) (a plaintiff's

unelaborated claim that he was mentally and physically depressed and lost at least 50 pounds was

insufficient to support the plaintiff's assertion that he suffered a physical injury); *Winger v. Pierce*,

2011 WL 13131248, *7 (C.D. Ill. Oct. 24, 2011) (finding the plaintiff's vague complaints of weight

loss, lethargy, headaches, aches, and pains are too *de minimis* to constitute a showing of physical

injury under Section 1997e(e)); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (C.A.D.C.

1998).

    Therefore, Plaintiff's claims for compensatory damages are barred by the Prison Litigation

Reform Act and Defendants are entitled to summary judgment in their favor on those claims.

## 7. Defendants are entitled to judgment in their favor on Plaintiff's claims for punitive damages.

    Even if the Court finds there is a question of material fact which precludes judgment in

favor of Defendants on any of Plaintiff's claims, Defendants are still entitled to summary judgment

on Plaintiff's claims for punitive damages because Plaintiff cannot provide any evidence

Defendants took any action with evil motive or intent or in reckless disregard of Plaintiff's

federally protected rights. *See Calhoun v. DeTella*, 319 F.3d 936 (7th Cir. 2003) ("Punitive

damages are awarded to punish and deter reprehensible conduct[]" and "may be awarded under §

1983 upon a showing of evil motive or intent, or reckless or callous indifference to the federally

protected rights of others."); *Ollie v. Atchison*, 753 Fed. Appx. 406, 407-08 (7th Cir. 2019) (finding

inquiry is required: (1) whether a constitutional right would have been violated on the facts alleged, and (2) whether the right alleged to have been violated was clearly established. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). Courts may exercise their discretion in deciding which of the two prongs should be addressed first in light of circumstances in the particular case at hand. *Pearson v. Callahan*, 555 U.S. 223, 233 (2009).

"To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal citations and quotations omitted). This is a high bar. *Kramer v. Pollard*, 497 Fed. Appx. 639, 642 (7th Cir. 2012). Existing precedent must have placed the statutory or constitutional question beyond debate. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). An official who makes a reasonable mistake as to what the law requires is entitled to the defense of qualified immunity. *Saucier*, 533 U.S. at 205. Courts may grant qualified immunity on the ground that a purported right was not clearly established by prior case law, without resolving the often more difficult question whether the purported right exists at all. *Reichle*, 566 U.S. at 664.

Here, under the first prong of the analysis, the facts alleged do not give rise to a violation of Plaintiff's rights under the First or Fourteenth Amendments. As analyzed in the preceding sections, Defendants Baldwin, Pelker, Gans, Frost, and Dorethy were not personally involved in the alleged constitutional violations. Under the second prong of the analysis, Defendants are also entitled to qualified immunity because if they were to be held liable despite no evidence of personal involvement, it would constitute a heightened standard under current law.

Defendants are entitled to qualified immunity on Plaintiff's First Amendment free exercise claim. Under the first prong of the analysis, the evidence on the record shows Plaintiff's religious practice with respect to his request for meatless meals on Fridays during Lent was not substantially

33

Plaintiff's protected speech to an adverse action by Defendant Rojas, it would constitute a heightened standard. Furthermore, Defendant Rojas would be entitled to qualified immunity because it is not clearly established that making a decision to limit participation in a religious service based on safety and security concerns related to maximum occupancy limits of the space in which the events were held or that determining who be allowed to participate based on a neutral reason would constitute retaliation under the First Amendment.

Wherefore, Defendants respectfully request this honorable Court grant summary judgment in their favor and deny Plaintiff any relief whatsoever.

Respectfully submitted,

Manuel Rojas, Stephanie Dorethy, Freddie Britton, John Frost, Steve Gans, Melissa Pelker, and John Baldwin,

Defendants,

Kwame Raoul,
Illinois Attorney General,

Attorney for Defendant,

Clayton J. Ankney, No. 6320224
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 785-4555 Phone
(217) 782-8767 Fax
Email: cankney@atg.state.il.us

By: s/Clayton J. Ankney
Clayton J. Ankney
Assistant Attorney General

35

**Huffer, Sally**

| | |
|---|---|
| **From:** | ECF_Returns@ilcd.uscourts.gov |
| **Sent:** | Tuesday, July 21, 2020 12:00 AM |
| **To:** | ECF_Notices@ilcd.uscourts.gov |
| **Subject:** | [External] Activity in Case 4:18-cv-04063-SEM-TSH O'Neal et al v. Rojas et al Response to Motion |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**CENTRAL DISTRICT OF ILLINOIS**

## Notice of Electronic Filing

The following transaction was entered by Ankney, Clayton on 7/20/2020 at 11:59 PM CDT and filed on 7/20/2020

| | |
|---|---|
| **Case Name:** | O'Neal et al v. Rojas et al |
| **Case Number:** | 4:18-cv-04063-SEM-TSH |
| **Filer:** | John Baldwin |
| | Freddie Britton |
| | Stephanie Dorethy |
| | John Frost |
| | Steve Gans |
| | Melissa Phoenix |
| | Manuel Rojas |

**Document Number:** 122

**Docket Text:**
**RESPONSE to Motion re [106] MOTION for Summary Judgment filed by Defendants John Baldwin, Freddie Britton, Stephanie Dorethy, John Frost, Steve Gans, Melissa Phoenix, Manuel Rojas. (Ankney, Clayton)**

**4:18-cv-04063-SEM-TSH Notice has been electronically mailed to:**

Clayton J Ankney    CAnkney@atg.state.il.us, ddesalle@atg.state.il.us, gls@atg.state.il.us, LCrouch@atg.state.il.us

David A Perkins    dperkins@heylroyster.com, lmunge@heylroyster.com, peoctdocket@heylroyster.com

Robert Ricks Tenney    rtenney@heylroyster.com, rsummer@heylroyster.com

**4:18-cv-04063-SEM-TSH Notice has been delivered by other means to:**

1

E-FILED
Monday, 20 July, 2020 11:59:31 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

Aaron O'Neal, N53022,   )
          )
  Plaintiff,     )
          )
  v.        )  Case No. 18-4063-SEM-TSH
          )
Manuel Rojas, *et al.*,    )
          )
  Defendants.    )

### RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants, Manuel Rojas, Stephanie Dorethy, Freddie Britton, John Frost, Steve Gans, Melissa Pelker, and John Baldwin, through their attorney, Kwame Raoul, Attorney General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D), hereby respond to Plaintiff's motion for summary judgment [Doc. 106]:

### INTRODUCTION

On March 22, 2018, Plaintiff filed his Complaint. [Doc. 1]. Plaintiff was allowed to proceed on a First Amendment claim concerning his right to practice his religion, a Fourteenth Amendment equal protection claim, a Religious Land Use and Institutionalized Persons Act claim, and a First Amendment retaliation claim.

Specifically, Plaintiff: (1) claims Defendants Rojas, Dorethy, Britton, Frost, Gans, Pelker, and Baldwin violated his First Amendment rights by failing to provide him with meatless meals on Fridays during Lent; (2) claims Defendants Rojas, Dorethy, Britton, Frost, Gans, Pelker, and Baldwin provided offenders with other religious affiliations with special religious diets but refused to provide special religious diets to Catholics during Lent; (3) claims Defendant Rojas retaliated against Plaintiff for complaining about a religious diet by removing Plaintiff from the list of individuals allowed to participate in Cursillo; and (4) claims the Religious Land Use and

1

that Catholics are required to give up something during Lent as a sacrament. In fact, the document to which Plaintiff cites specifically lists 7 sacraments, none of which are or involve Lent. Furthermore, whether Catholics are required to give up meat for Lent is immaterial to resolving the parties' motions for summary judgment, as the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants motion for summary judgment.

5.      Defendants object to Plaintiff's Undisputed Material Fact 5 because it does not appear to be supported by any document on record and is too vague an assertion for Defendants to provide a response. Plaintiff cites to Ex. 36 § 1, but Defendants have been unable to locate an exhibit marked as such. Therefore, this fact is disputed. Furthermore, whether Plaintiff requested meatless meals for Lent is immaterial to resolving the parties' motions for summary judgment, as the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants motion for summary judgment.

6.      It is undisputed that Plaintiff has cited to the Chaplaincy Handbook of Religious Beliefs and Practices and that the handbook recognizes the Catholic practice of abstaining from meat on Fridays during Lent. Whether abstention from meat during Lent is included in the Chaplaincy handbook is immaterial to resolving the parties' motions for summary judgment, as the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants motion for summary judgment.

3

not establish Defendants' personal involvement, and the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants motion for summary judgment.

10.     It is disputed that the documents to which Plaintiff cites supports the assertion that "Defendant Rojas is required by IDOC protocol to know and understand the practices of religious faiths within the IDOC, specifically, HCC." Nothing cited by Plaintiff supports this specific assertion. Therefore, it is disputed. Furthermore, violation of an individual's job responsibilities, Administrative Directives, or even state law is immaterial to the question of whether a defendant violated Plaintiff's constitutional or federal statutory rights.

11.     It is disputed that the documents cited to by Plaintiff support the assertions contained in Plaintiff's Undisputed Material Fact 11. It is not clear what Exhibits F is, and Defendants have been unable to identify any exhibits labeled as such in the documents attached to Plaintiff's motion for summary judgment. It is further disputed that the documents cited by Plaintiff support Plaintiff's assertion that Defendant Rojas removed him from the list of individuals who wanted to participate in Cursillo because of complaints about Lent meals. Plaintiff provides no evidence, other than his own speculation, to support this fact. Therefore, it is disputed. It is undisputed that Plaintiff was unable to attend one Cursillo and one Ultreya event due to the number of individuals who requested to attend and the maximum occupancy limits for the Hill Correctional Center Chapel. That Plaintiff was unable to attend these services is immaterial to resolving Defendants' motion for summary judgment because the evidence on the record establishes that Plaintiff cannot establish a causal connection between his alleged complaints about a special Lent

5

concerns and because those offenders had already had to opportunity to participate in Cursillo. [Doc. 106-2, p. 7]. It is undisputed that Defenant Rojas further explained that a decision was made to allow newer Catholic participants to participate in Cursillo. It is disputed that Defendant Rojas's response supports Plaintiff's assertion that Defendant Rojas removed him from the list of individuals who wanted to participate in Cursillo. As Defendant Rojas stated in his declaration, Plaintiff was not removed from the list to participate in Cursillo and Ultreya, he simply was not able to attend on this occasion due to the number of offenders who wanted to participate and the lack of space in the Chapel to allow all offenders to participate. [Doc. 121-3]. It is material that offender other than Plaintiff were also not allowed to participate in Cursillo due to safety and security concerns because it shows there was no causal connection between Plaintiff's alleged protected conduct and Plaintiff's inability to attend Cursillo. It is undisputed that Defendant Rojas indicated he could not answer Plaintiff's questions concerning his FOIA request without legal representation. However, whether Defendant Rojas was willing to answer Plaintiff's questions concerning his FOIA request is immaterial to the constitutional and federal statutory claims at issue in this lawsuit.

14.    It is disputed that the document cited to by Plaintiff supports the assertions contained in Plaintiff's Undisputed Material Fact 14. It appears Plaintiff has not attached the exhibit referenced in this fact. However, whether Plaintiff listed witnesses in his grievance is immaterial to whether Defendants violated his constitutional of federal statutory rights. There is no constitutional right to a grievance procedure and a violation of an individual's job responsibilities, Administrative Directives, or even state law is immaterial to the question of whether a defendant violated Plaintiff's constitutional or federal statutory rights.

exhibits cited to by Plaintiff support the argumentative assertions contained in this fact. Furthermore, Defendant Rojas's various discovery responses without connection to a discernible fact at issue are immaterial to the issues in this lawsuit.

19.     It is disputed that the documents cited by Plaintiff support the assertion that IDOC allows offenders to practice, celebrate, and observe each of their religious tenets unrestricted by their incarceration. The documents cited by Plaintiff do not support the assertion that IDOC allows offenders to engage in all of their religious practices if those religious practices, for instance pose a risk to the safety and security of the institution because Plaintiff is incarcerated. It is immaterial because the evidence shows Plaintiff was able to abstain from meat on Fridays during Lent without any risk to his health and that Defendants did not substantially burden his religious practice, as discussed in Defendants' motion for summary judgment.

20.     It is disputed that the documents cited by Plaintiff support the assertion that Defendants Frost, Gans, Dorethy, Pelker, and Baldwin disregarded IDOC protocol with respect to the grievance procedure. Additionally, it is immaterial whether Defendants violated the grievance procedure because there is no constitutional right to a grievance procedure and a violation of an individual's job responsibilities, Administrative Directives, or even state law is immaterial to the question of whether a defendant violated Plaintiff's constitutional or federal statutory rights.

21.     Defendants object to this fact, because Plaintiff has not cited to any exhibit or document to support this assertion, as required by Local Rule 7.1(D)(1)(b). Therefore, the Court should disregard this purported fact.

22.     It is undisputed that Defendant LaHood's response to Plaintiff's request for admission "admits that the statement contained in Paragraph 7, but notes that there are many exceptions to the general rule and incarceration is one of those exceptions." It is immaterial

27.     Defendants object to this request because it is not clear to which interrogatory responses Plaintiff is referring. Therefore, the Court should disregard this purported fact. It further is disputed that the documents cited by Plaintiff support the assertions in this purported fact.

28.     Defendant objects to this fact because it is argumentative and not supported by the documents cited. It is disputed that the memo indicates that Plaintiff was removed from the list of individuals who wanted to participate in Cursillo. As Defendant Rojas stated in his declaration, Plaintiff was not removed from the list to participate in Cursillo and Ultreya, he simply was not able to attend on this occasion due to the number of offenders who wanted to participate and the lack of space in the Chapel to allow all offenders to participate. [Doc. 121-3]. It is material that offenders other than Plaintiff were also not allowed to participate in Cursillo due to safety and security concerns because it shows there was no causal connection between Plaintiffs's alleged protected conduct and Plaintiff's inability to attend Cursillo. It is material, because it shows Defendant Rojas did not retaliate against Plaintiff. It is also immaterial whether Defendant Frost was aware Plaintiff was allegedly removed from the Cursillo list because Defendant Frost's participation in the grievance procedure is not sufficient to establish his personal involvement in the alleged constitutional and statutory deprivations.

### ADDITIONAL MATERIAL FACTS

Defendants hereby incorporate Undisputed Material Facts 1- 62 from Defendants' motion for summary judgment [Doc. 121], as if fully restated here.

### ARGUMENT

Instead of fully restating the arguments made in their motion for summary judgment and for the purpose of judicial economy, Defendants hereby incorporate the arguments made in their motion for summary judgment [Doc. 121], which establish that Defendants are entitled to summary

conclusory argument without citation to specific factual support is insufficient to support summary judgment in his favor. Therefore, Plaintiff's motion for summary judgment should be denied.

2. **Plaintiff is not entitled to summary judgment on his free exercise claim.**

The entirety of Plaintiff's argument in favor of summary judgment on his free exercise claim is that there was no penological interest in not allowing Plaintiff to observe Lent.

However, again, Plaintiff has not and cannot provide evidence establishing his religious practice with respect to Lent was substantially burdened. [Doc. 121, Section 2]. As discussed in Defendants' motion for summary judgment, Plaintiff cannot provide evidence showing he would have lacked adequate nutrition if he avoided all meals on Fridays during Lent which contained meat, especially in light of the amount of food he was able to purchase at the commissary, and in light of the fact that fish was provided on Fridays during Lent. Plaintiff's conclusory argument without citation to specific factual support is insufficient to support summary judgment in his favor.

Therefore, because Plaintiff's religious exercise was not substantially burdened, Defendants are entitled to summary judgment on Plaintiff's free exercise claim. At minimum, Plaintiff has failed to provide sufficient evidence at the summary judgment stage, as he has cited to no facts supporting his argument, to show he is entitled to summary judgment. Therefore, Plaintiff's motion for summary judgment should be denied.

3. **Plaintiff is not entitled to summary judgment on his retaliation claim.**

Plaintiff's motion for summary judgment with respect to his retaliation claim consists of a single conclusory argument Plaintiff complained about Lent meals and Defendant Rojas subsequently prohibited Plaintiff from attending Cursillo. However, as discussed in Defendants' motion for summary judgment, Plaintiff is unable to establish a causal connection between the

13

Wherefore, Defendants respectfully request this honorable Court deny Plaintiff's motion for summary judgment and deny Plaintiff any relief whatsoever.

Respectfully submitted,

Manuel Rojas, Stephanie Dorethy, Freddie Britton, John Frost, Steve Gans, Melissa Pelker, and John Baldwin,

Defendants,

Kwame Raoul,
Illinois Attorney General,

Clayton J. Ankney, No. 6320224
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 785-4555 Phone
(217) 782-8767 Fax
Email: cankney@atg.state.il.us

Attorney for Defendant,

By: s/Clayton J. Ankney
Clayton J. Ankney
Assistant Attorney General

15

STATE OF ILLINOIS )
               ) SS
COUNTY OF KNOX )

AARON O'NEAL
V.
MANUEL ROJAS et al.,
NO. 18-CV-4063-SEM-TSH

## AFFIDAVIT

I, AARON O'NEAL N53022 , hereby declare under penalty of perjury that the following is true and correct based upon my personal knowledge, and that I am competent to testify thereto if called upon as a witness.

that i have submitted all listed documents mentioned in my PROOF OF SERVICE 9-25-2020 and that i have read and understand all contents enclosed.

I also tendered to Law Librarian Mrs. Huffer for purpose of E-filing on the above date of 9-25-2020.

PLEASE TAKE NOTICE that on September 25, 2020 I placed the attached or enclosed documents in the institutional mail at HENRY HILL Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5 1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

Dated: September 25, 2020

/s/ Aaron O'Neal

Name: AARON O'NEAL

IDOC# N53022

Address: P.O. BOX 1700
GALESBURG, IL.
61401.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIV.

AARON O'NEAL *PRO'SE*
Plaintiff/Petitioner

Vs.

MANUEL ROJAS et. al.,
Defendant/Respondent

No. 18-CV-4063-
Judge: Sue E. Myerscough
Magistrate Judge Tom Schanzle-
Haskins.

## PROOF/CERTIFICATE OF SERVICE

**TO:** THE CLERK OF THE U.S.
DISTRICT COURTHOUSE
151 U.S. COURTHOUSE
600 E. MONROE ST.
Springfield, IL 62701.

**TO:** KWAME RAOUL
ATT: MR. PHILIP J. ANDREWS
ATT, GENERAL STATE OF ILLINOIS
500 S. SECOND ST.
Springfield, IL 62701.

**TO:** HEYL, ROY-
STER, VOE-
LKER &
ALLEN
MR. DAVID A. PERKINS
300 HAMILTON BLVD.
P. O. BOX 6199
PEORIA, IL.
61601-6199

1.) MOTION TO SET ASIDE DEFENDANT'S NOVEMBER
21, 2019 DEPOSITION OF PLAINTIFF AARON O'NEAL.

2.) AFFIDAVIT OF ATTACHMENT TO PLAINTIFF
AARON O'NEAL'S MOTION TO SET ASIDE
DEFENDANT'S NOVEMBER 21, 2019
DEPOSITION OF PLAINTIFF AARON O'NEAL.

3.) DEFENDANT'S NOVEMBER 21, 2019 DEPOSITION OF
PLAINTIFF AARON O'NEAL [DOC. 121-1 Pg. 1 of 66] & [DOC. 121 pg. 1 of 36]
[DOC. 122 pg. 1 of 16]

PLEASE TAKE NOTICE that on September 25, 2020 I placed the attached or
enclosed documents in the institutional mail at HENRY HILL Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service.

Pursuant to 28 USC 1746, 18 USC 1621 or 765 ILCS 5 109, I declare under penalty of perjury,
that I am a named party in the above action, that I have read the above documents, and that the
information contained therein is true and correct to the best of my knowledge.

Dated: September 25, 2020.

Name: AARON O'NEAL
IDOC#: N53022
Address: P. O. BOX 1700
HENRY HILL CORRECTIONAL CENTER
GALESBURG, IL. 61401.