IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON O'NEAL, N-53022, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-4063-SEM-TSH |
| ) | |
| MANUEL ROJAS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, MANUEL ROJAS, STEPHANIE DORETHY, FREDDIE BRITTON, JOHN FROST, STEVE GANS, MELISSA PELKER, and JOHN BALDWIN, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, pursuant to Local Rule 7.1(D)(3), and hereby reply to Plaintiff's response to Defendants' motion for summary judgment [Doc. 129], stating as follows:

**INTRODUCTION**

On July 20, 2020, Defendants filed a motion for summary judgment. [Doc. 121]. In their motion, Defendants argued that they are entitled to summary judgment as to Plaintiff's four claims: 1) A First Amendment claim regarding Plaintiff's right to practice his religion; 2) A Fourteenth Amendment equal protection claim; 3) A retaliation claim against Defendant Rojas; and 4) A Religious Land Use and Institutionalized Persons Act claim. On September 18, 2020, Plaintiff filed his response to Defendants' motion, through which Plaintiff seeks to preclude summary judgment by raising issues of fact. [Doc. 129]. However, any factual disputes raised by Plaintiff in his response are immaterial to Defendants' motion. Accordingly, Defendants' motion for summary judgment should be granted.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE TO THE UNDISPUTED FACTS IN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]

> 1. As a devout Roman Catholic Plaintiffs' religion require him to abstan from meat during the season of Lent on Fridays. [Ex. 3 at par. 6 and 7].

**Response: This statement is material and undisputed.**

---

[1] Although the statements of fact to which Defendants here respond appear in a section of Plaintiff's response to Defendants' motion for summary judgment [Doc. 129], entitled "Response to Undisputed Material Facts," these statements by Plaintiff do not actually appear to align with the Undisputed Material Facts listed in Defendants' motion for summary judgment, [Doc. 121].

2. Mr. O'Neal has practiced his religiously held beliefs faith and has abstained from meet products on all Fridays of the year, but particularly during the season of Lent even though the Illinois Department of Corrections (IDOC) failed to provide a supplimental meatless meal. Defendant's allege in their motion for summary judgment that there have been a few exceptions where Plaintiff has eaten meat during Lenten season and on Fridays and rely on Plaintiffs deposition to support their allegation [Defen. Ex. 1, Deposition of Plaintiff, 58: 10-59: 15] that he may have comprimised the tenets of his religious based faith. However, on the date of the deposition, November 21, 2019, Plaintiff informed counsel for the defendant's prior to the taking of the deposition that he was requesting beforehand a copy of the deposition. [Defen. Ex. 1, Deposition of Plaintiff, 4: 6-8]. The purpose of his request was to go over the deposition and if it became necessary to timely contest any error with deposition itself. Defendant's counsel never honored his request to receive an advanced copy of his deposition. In fact, Mr. O'Neal did not receive his copy of his deposition from the Defendants' It was only after he received the Defendants' motion for summary judgment that he for the first time read the contentens of his allege statement in the deposition. It is for the aforestated reasons that the Plaintiff move this court to strike Defendants exhibit 1 in in its entirety, as Plaintiff never made any such allegation that he has eaten meat on Fridays during Lent on any occasion.

**Response: This statement is immaterial and disputed. Although Defendants dispute Plaintiff's accusation, this is immaterial in that it merely accuses the Assistant Attorney General previously handling this matter of making a certain representation off the record, prior to Plaintiff's deposition. Particularly if Plaintiff never ate meat on a Friday during the relevant time period, Plaintiff cannot 1) show that his religious practice was substantially burdened; 2) show that Defendants intentionally and**

purposefully discriminated against him; 3) establish a causal connection between alleged adverse actions by Defendant Rojas and alleged protected activity; or 4) show that he is entitled to injunctive relief—the four arguments Defendants make in their motion for summary judgment. [Doc. 121].

> 3. For the same reasons as stated in paragrap 2 of this response, Plaintiff move this court to strike Ex. 1, Deposition of Plaintiff, 60-7-10, 125:21-126:5] as Plaintiff never stated during his deposition that he was able to abstain from eating meat on about 95% of Fridays.

**Response:** This statement is immaterial and disputed. Although Defendants dispute Plaintiff's suggestion, this is immaterial in that it again merely accuses the Assistant Attorney general previously handling this matter of making false representations off the record, prior to the deposition, without stating facts or citing evidentiary support, in compliance with CDIL-LR 7.1(D)(2). Additionally, in the previous paragraph, No. 2, Plaintiff asserts that he has always abstained from eating meat on Fridays, whereas here he contends the diametric opposite. Thus, at least one of these paragraphs must contain false statements by Plaintiff.

> 4. The fact that Plaintiff was able to purchase meatless food products at the Hill Correctional Commissary during Lent is inconsequential and does not relieve Defendants of their obligatory lawful responsibility to provide him with a meatless meal on Fridays during Lent. [Group Ex. H-82 §3 and H-83 §5] [Doc. 000054 §425.70(a)][Doc 000009 §425.101(E)(1)][Doc 000050 §425.40(a)(b)(1)(2)(B)][Doc 000005 §§ 2 & 5][Doc 000012 § 04.25.101(F)(c)92)][Doc 000014 §G(1)(a)][Doc 000054 §425.70(a)(b)(c)(d)(e)][Doc 000010, 000011, 000012 §§§ 04.25.101(e)(1), (2)(a)(b)(c), (6)(4), and (F)(1)(c)(2)]. Plaintiff move the court to strike Defendants' summary judgment at 4.

**Response: This statement is immaterial and disputed. Although Defendants dispute Plaintiff's suggestion, this is immaterial in that it merely states a legal argument unsupported by applicable precedent, and without stating facts or citing evidentiary support, in compliance with CDIL-LR 7.1(D)(2). Further, Defendants demonstrate in their motion, that Defendants are entitled to summary judgment as a matter of law. [Doc. 121]. This conclusory statement fails to contradict any of Defendants' stated undisputed material facts. [Doc. 121, UMF].**

> 5. Counsel for the Defendants fail to understand the true nature of the claims raised and that the claims have absolutely nothing to do with Plaintiff being vegatarian or the implication that Plaintiffs' purchase of meat products somehow make his religious beliefs less sincere. The season of Lent is about giving up something of value to the participant. There is nothing of greater significance, than food, Plaintiff can give up in recognition of Christs sacrifice for all mankind that would be practical in a prison setting; thus, Plaintiff choose to give up eating meat products at breakfast, lunch and dinner on Fridays during the Lenten season. The IDOC at Hill permit offenders to shop for items they may need twice per month, every 2 weeks. Plaintiff O'Neal must avail himself of the opportunity to purchase food item to eat during the times other than Lent: Saturday's through Thursday's to sustain his dietary need for 12 of the 14 days he he is able to eat as he choose. Mr O'Neal's 2016 food purchases are irrelevant and inconsequential to this claim. As these facts are disputed by Plaintintiff he move this court to strike Defendants summary judgment undisputed material fact at 5-9.

**Response: This statement is immaterial and undisputed. Defendants do not contend that abstinence from meat on Fridays during Lent is merely trivial and unessential to Plaintiff's Catholic faith. Plaintiff's statement that he purchases food products twice per month fails to create a factual dispute. Defendants have acknowledged that Plaintiff purchases food items regularly, and incorporates these purchased items as part of his diet.**

> 6. Refer to Plaintiffs disputed material fact at 5 of this response.

**Response: This statement is immaterial and undisputed. Defendants do not contend that abstinence from meat on Fridays during Lent is merely trivial and unessential to Plaintiff's Catholic faith. Plaintiff's statement that he purchases food products twice per month fails to create a factual dispute. Defendants have acknowledged that Plaintiff purchases food items regularly, and incorporates these purchased items as part of his diet.**

7. Refer to Plaintiffs disputed material fact at 5 of this response.

**Response: This statement is immaterial and undisputed. Defendants do not contend that abstinence from meat on Fridays during Lent is merely trivial and unessential to Plaintiff's Catholic faith. Plaintiff's statement that he purchases food products twice per month fails to create a factual dispute. Defendants have acknowledged that Plaintiff purchases food items regularly, and incorporates these purchased items as part of his diet.**

8. Refer to Plaintiffs disputed material fact at 5 of this response.

**Response: This statement is immaterial and undisputed. Defendants do not contend that abstinence from meat on Fridays during Lent is merely trivial and unessential to Plaintiff's Catholic faith. Plaintiff's statement that he purchases food products twice per month fails to create a factual dispute. Defendants have acknowledged that Plaintiff purchases food items regularly, and incorporates these purchased items as part of his diet.**

9. Refer to Plaintiffs disputed material fact at 5 of this response.

**Response: This statement is immaterial and undisputed. Defendants do not contend that abstinence from meat on Fridays during Lent is merely trivial and unessential to**

7

Plaintiff's Catholic faith. Plaintiff's statement that he purchases food products twice per month fails to create a factual dispute. Defendants have acknowledged that Plaintiff purchases food items regularly, and incorporates these purchased items as part of his diet.

> 10. Defendants point to the fact that beginning in November 2018 fish was being provided every Friday for at least one meal each Friday. Discounting the fact that Defendants admit that until recently they have not being providing Catholic's non-animal products to eat on Fridays and then only for one meal instead of all 3 meals, supporting Plaintiffs' allegation that meatless meals have not been being provided to Catholic offenders on Fridays since he arrived at Hill Correctional Facility in 2005 until late 2018.

**Response:** This statement is immaterial and disputed. Defendants dispute Plaintiff's assertion that meatless meals have not been provided to Catholic offenders on Fridays since he arrived at Hill. In their motion for summary judgment, Defendants point to numerous examples of the availability of meatless food products at Hill Correctional Center during Plaintiff's time at the facility. [Doc. 121, UMF 4, 6, 8, 10, 11, 12]. In addition to offenders having the opportunity to purchase meatless food products from the comissary, meatless meals have been provided to offenders by the facility, in order to accommodate participation in Lent. [Doc. 121, UMF 4, 6, 8, 10, 11, 12]. This statement is immaterial because fails to create an actual dispute. Instead, Plaintiff merely attempts to mischaracterize undisputed material facts in Defendants' motion as admissions that meatless meals have not been available at the facility. On the contrary, that is simply not what the record actually reflects.

(11

Plaintiff O'Neal object to the characterization by Defendants counsel presented at paragraphs 20 through 28 of Defendant's summary judgment. Defendant's counsel would have this court believe offenders participation in Catholic services Cursillo and Ultreya was managed on a first come first served request basis. Whereas, once an offender was on the Ultrea list for services that persons name remained on the list of Catholic's attending the service until, either the offender missed a certain number of appearances at the service, either transfered, or mandated to segregation for a disciplinary infractions of IDOC rules. It is at that point that the number of volunteers to be permitted to attend the Ultrea services would be managed based on the number of offenders participating for the reason that it is the offender's spiritual health and growth that mattered most over the number of volunteers desiring to attend at the facility. Moreover, it does not take 30 volunteers to conduct the monthly

Ultrea service and never has. Furthermore, Cursillo/Ultreya is a reunion group that take place the third Tuesday of each month. Regular Cursillo takes place just once a year; generally around November of a given year. Defendant Rojas removed Plaintiff O'Neal in 2016 from the list to attend Cursillo/Ultreya. Plaintiff remained removed from that list for 9 months. Said removal came on the heels of Plaintiff questioned Defendant Rojas during Catholic Service in the presence of Defendant Rodriquez and Deacon O'Tool. [Ex. F. Offender Grievance at 18; Ex. F. Offender Grievance at 11-14], [Ex. O.1. Declaration of Aaron O'Neal at ¶2. respectively.

**Response: This statement is immaterial and disputed. Plaintiff states that Defendants assert that attendance of Cursillo and Ultreya is determined on a first-come-first-serve basis, and that an offender may attend the monthly Ultreya service until he is transferred to segregation or from the facility entirely. Plaintiff further asserts that thirty volunteers are not needed to conduct an Ultreya service. Because these statements do not actually contradict Defendants' undisputed material facts, these statements are immaterial.**

**To the extent that Plaintiff may raise a factual dispute by contending that attendance is determined on a first-come-first-serve basis, the dispute lacks materiality. Defendants assert that attendance largely depends on who has already been able to attend the services, in order to give new offenders an opportunity to attend. [Doc. 121, UMF 24-26]. Regardless of the reason, neither Defendants' version nor Plaintiff's constitutes a retaliatory or purposefully discriminatory policy, rendering this statement immaterial to Defendants' motion. Additionally to the extent that Plaintiff intends his assertion that thirty volunteers are not needed for Ultreya to constitute a material dispute, Defendants only assert that for Cursillo specifically, there may be as many as thirty volunteers. [Doc. 121, UMF]. Therefore, there is no actual dispute here, as these respective assertions pertain to different ceremonies.**

> 12. During the times that Plaintiff O'Neal was not permitted to attend the Cursillo/Ultreya service every third Tuesday of the month Defendant made no effort to provide him with copies of the materials distributed at the Cursillo/Ultreya services even though Defendant Rojas was personally aware of Plaintiffs' desire to attend those services. [Ex. 0.1. Declaration of Aaron O'Neal at 15].

**Response: This statement is immaterial and disputed. Defendant Rojas asserts that when unable to attend a service due to excessive numbers, Plaintiff "could obtain copies of the paperwork distributed at Cursillo and Ultreya." [Doc. 121, UMF 30]. Here, Plaintiff asserts that Defendant Rojas failed to ensure that Plaitniff received such paperwork. To the extent that this distinction constitutes a factual dispute, the dispute lacks materiality because Plaintiff does not contend that he actually could not obtain such copies. Thus, Plaintiff fails to establish that he has been unable to access the paperwork in order to practice his religion.**

> 13. The decision to preclude any offender from participating in any services at any IDOC facility, particularly, Hill is an administrative decision and can never be mandated by a prison offender. [Ex. 0.1. Declaration of Aaron O'Neal at 14. To do so would be tantamount to an offender issuing a direct order to the prison shift commander to prepare a list of Catholic participants for regular Catholic Tuesday services. [See Defen. Summary Judgment at 26-28 and Defen. Ex. 3 at 12-14], [Defen. Summ. Judg. at 30-36, and Defen. Ex. 3 at 16-22]. respectively.

**Response: This statement is immaterial and disputed. Plaintiff asserts that offenders may not dictate administrative policy to shift commanders with respect to offenders' attendance at services. Although that is correct, to the extent that Plaintiff here attempts to suggest that offenders may not request to attend services, Defendants dispute this. However, as discussed in Defendants' undisputed material facts and argument, the matter is nuanced and depends on demand by other offenders, as well as whether an offender has already attended the services. [Doc. 121]. Moreover, Plaintiff cites portions of Defendants' motion to support his statement, but the portions he cites do not state this, as his citations suggest. [Doc. 121, UMF 26-28, 30-36; Ex. 3, ¶ 12-14, 16-22].**

14. In clarifying Plaintiffs' claims against Defendant's Baldwin, Phoenix, Gans, and Frost. Plaintiffs' allegations against those Defendant's, as it relate to this claim is that neither defendant followed their own IDOC protocol for investigating grievance issues. Had either of them done so they would became aware that Plaintiff O'Neal's religious practice and tenets were sanctioned by the Religious Practive Advisory Board or that the IDOC Administrative Directives also sanctioned those practices and would have had no choice but to find the grievance issue in favor of Plaintiff and direct Defendant Rojas to comply with Departmental Rules and Policies. [Here Plaintiff Rely on Each Exhibit And Document Listed in Para. #4 of This Response]. That Departmental Rule or Policy would have been to permit Plaintiff the free practice of his religious tenets and allow him to properly observe the Lenten season by authorizing his request for a supplemental meatless meal during breakfast, lunch, and dinner during Lent, a thing Defendant Rojas was aware of at the times but use the denial as an instrument of retaliation. [see Defe. Summ. Judg. at 49].

12

**Response: This statement is immaterial and disputed. Plaintiff asserts in a conclusory manner that Defendants failed to follow IDOC protocol, but if they had followed protocol, Plaintiff would have been able to practice his religion freely. Plaintiff cites several administrative policies, but fails to state specific actions by Defendants that violate these policies. Thus, although Defendants dispute that they violated any policies, this statement is immaterial because Plaintiff does not raise any disputes as to any undisputed material facts contained in Defendants' motion. [Doc. 121, UMF].**

> 15. Defendant Dorethy alleges she delegated her duties concerning signing off on grievances, but never state by name who she delegated those duties to. [Defen. Summ. Judg. at 53]. Nevertheless, whomever she delegated her duties to was obviously also delegated the authority to sign her name in the required section of the grievance that indicated Chief Administrative Officers signature. There is no such space at the lower portion of the grievance summary that is-dicate chief administrative officer's designee. The grievance response was intentionally signed; Warden S. Dorethy, not designee of warden Dorethy. [Plain. Ex. O]. It is clear from all the evidence in the case that the Defendant's would have this court believe that Mr. O'Neal was not required to be provided an alternative meatless meal in observance of his religious tenets to abstain from meat products during Lent as stated in the IDOC Administrative Rules and Policies on religious tenets, the Religious Practice Advisory Board, or the Code of Correction, or that Mr. O'Neal and other Catholic offender's were re-quired to be provided meatless meals during the Lenten season and that a notice was required to be posted in the offender dining hall and chose not to provide

> such a list to the dietary department at Hill; thus not providing Plaintiff with the requested dietary supplement of a meatless meal and finding his valid complaints as being moot. [Ex. 7, Defendant Britton's Response to Plaintiff's September 18, 2019 Request for Admissions at 8.].

**Response: This statement is immaterial and disputed. Plainitff raises an objection to the fact that Defendant Dorethy had signatories execute certain documents on her behalf, but he fails to show how Defendant Dorethy personally prevented him from practicing his religion. Moreoever, this meandering and inchoherent statement fails to address any of Defendants' undisputed material facts, instead citing Defendant Britton's response to one of Plaintiff's requests for admission. Thus, although Defendants dispute Plaintiff's apparent conclusion that he was somehow unable to practice his religion, the statement lacks materiality with respect to Defendants' motion—and Defendants' statements of material facts. [Doc. 121, UMF and Argument].**

16. Over the period of time Plaintiff O'Neal, as a Catholic, was being denied a meatless dietary supplemental meal for breakfast, lunch, and dinner during Lent, those Friday's of Lent and general Friday's, including ash Wednesday translate into 52 meals times three, plus one each year. Multiplied by the eleven years Defendant Rojas has been denying Catholic offender's Illinois Code of Corrections, Illinois Department of Corrections Administrative Rules, and Religious Practice Advisory Board approved meals in recognition of the Catholic celebration of Lent. Plaintiff has been being denied meatless meals in observance of his religious practice through to the year he filed his grievance. Without factoring in the years 2017 thru 2020, Plaintiff was denied 1,731 meals by Defendant Rojas, meals that were exclusively connected to his religious observance. Without evidentiary proof that Plaintiff did not suffer physical harm because of these denials, Defen- cannot rightly claim he never suffered physical harm where Plaintiff has claimed he lost weight because of because of having to fast because of having been served meat by Defendant's on Fridays and during Lent. Once again, Plaintiff object to Defendant's characterization drawn from the deposition of the most weight he lost was; "five pounds or something." Plaintiff never described his weight loss in that manner or amount. As a result Plaintiff request that the deposition taken by the Defendant's counsel November 21, 2019 be striken in its entirety.

**Response: This statement is immaterial and disputed. Plaintiff asserts that he did not have access to meatless meals three times each day he wished to abstain from meat. Plaintiff then presents several numbers, apparently to quantify his suffering. Although Defendants dispute Plaintiff's calculations, they are immaterial because Defendants do not move for summary judgment on the basis that Plaitniff was served three meatless meals every day he wished to receive them.  [Doc. 121, UMF and Argument].   With respect to Plaintiff's accusation that the deposition transcript falsifies his actual testimony, he provides no basis for this accusation, except that he**

15

**presumably understands that his testimony was adverse to his interests. Further, the Court has already denied Plaintiff's motion to set aside his deposition, [Doc. 133], in which he baselessly accuses Defendants and the court reporter of falsifying his testimony. [Text Order – October 22, 2020].**

ADDITIONAL MATERIAL FACTS

Plaintiff incorporate indisputed material facts 1-28 from his Motion for Summary Judgment as if fully set forth herein.

**RESPONSE: Defendants incorporate their responses to Plaintiff's undisputed material facts, as stated in Defendants' Response to Plaintiff's Motion for Summary Judgment, filed on July 20, 2020. [Doc. 122].**

## ARGUMENT

Plaintiff's response to Defendants' motion for summary judgment provides no basis for the Court to deny Defendants' motion. As discussed *supra,* many of the statements Plaintiff offers as factual disputes lack materiality to Defendants' arguments demonstrating their entitlement to summary judgment based on the facts of record. Further, in the argument section of his response, Plaintiff offers statements of law that relate to the facts of this case in a general sense. However, none illustrate a legal basis for denying Defendants' motion.

WHEREFORE, for the reasons stated above, Defendants respectfully request this Honorable Court grant Defendants' motion for summary judgment.

                                    Respectfully submitted,

                                    MANUEL ROJAS, STEPHANIE DORETHY, FREDDIE BRITTON, JOHN FROST, STEVE GANS, MELISSA PELKER, and JOHN BALDWIN,

                                    Defendants,

                                KWAME RAOUL, Illinois Attorney General,

                                    Attorney for Defendants,

Philip Andrews, #6329386            By:  s/ *Philip Andrews*_____
Assistant Attorney General                 Philip Andrews
500 South Second Street                   Assistant Attorney General
Springfield, IL   62701
(217) 557-0261 Phone
(217) 782-8767 Fax
Email: pandrews@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| AARON O'NEAL, N-53022, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-4063-SEM-TSH |
| ) | |
| MANUEL ROJAS, et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2020 the foregoing document, *Defendants' Reply to Plaintiff's Response to Motion for Summary Judgment,* was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically send notice to:

None

and I hereby certify that on the same date, I caused a copy of the foregoing described document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

Aaron O'Neal, N-53022
Hill Correctional Center
P.O. Box 1700
Galesburg, IL 61401

Respectfully submitted,

s/*Philip Andrews*
Philip Andrews, #6329386
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62701
(217) 557-0261 Phone
(217) 782-8767 Fax
E-Mail:   pandrews@atg.state.il.us