IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON O'NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   18-CV-4063 |
| | ) |
| MANUEL ROJAS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff, proceeding pro se from his incarceration in Hill Correctional Center, proceeds on claims under the First Amendment, the Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) (RLUIPA).  The claims arise from the denial of meatless meals on Fridays during Lent and alleged retaliation for Plaintiff's challenge to that denial.  The case is at the summary judgment stage.

As explained in more detail below, summary judgment is granted to Defendants Rodriguez and LaHood, who are not state actors, and to Defendant Britton, who did not have the authority as the food supervisor to decide which inmates received religious

meals.  Summary judgment is also granted on the RLUIPA claim because Plaintiff's claim for injunctive relief is moot.  Plaintiff is now receiving meatless meals during Lent.  Summary judgment in otherwise denied.

## Analysis

Plaintiff maintains that he and other Catholic inmates were denied meatless meals on Fridays during Lent from the time Plaintiff arrived at Hill Correctional Center in 2005 until 2020.  Plaintiff asserts that he repeatedly asked Defendant Rojas for meatless meals on Fridays during Lent and complained to other prison officials.  In February or early March 2016, Plaintiff again spoke to Defendant Rojas about the issue, and, according to Plaintiff, Defendant Rojas became irate.  Shortly thereafter, Defendant Rojas removed Plaintiff from the list of inmates invited to participate in an annual religious retreat for Catholics and Christians and the follow-up services held monthly based on that annual retreat.  Defendant Rojas retired in 2018.  Sometime in 2019, fish was provided on Fridays for one meal, but meat was provided for at least one of the other two meals.  In 2020, meatless meals have been provided for all three meals during Lent.

Money damages are not available under RLUIPA.  Grayson v. Schuler, 666 F.3d 450, 451 (7th Cir. 2012).  Injunctive relief is available under RLUIPA, but Plaintiff's claims for injunctive relief are moot because Plaintiff is now receiving meatless meals for all meals on Fridays during Lent.  Plaintiff appears to now seek meatless meals every Friday, even outside of Lent [132, p. 10.], but that claim is not a part of this case.  Plaintiff must exhaust the grievance procedure and file a new case about that claim. The RLUIPA claim is dismissed.

Defendants Rodriguez and LaHood are also dismissed.  They are volunteers from the Peoria Diocese's prison ministry program.  Neither is a government actor, and neither has any authority to decide which inmates are permitted to attend services or receive religious meals.  See Wilson v. Warren County, 830 F.3d 464 (7th Cir. 2019); Rodriguez and LaHood Affidavits, d/e 108-2.  Similarly, Defendant Britton is dismissed because, though Defendant Britton was a government actor, he did not have the authority to determine which inmates received religious diets.

Turning to the First Amendment religious practice claim against the remaining defendants, that claim requires evidence of

an unjustified and substantial burden on Plaintiff's ability to practice his religion. Thompson v. Holm, 809 F.3d 376, 379 (7th Cir. 2016). Forcing an inmate to choose between following his religious beliefs and receiving adequate nutrition is a substantial burden. Id. at 380 (7th Cir. 2016)("We have repeatedly held that forcing an inmate to choose between daily nutrition and religious practice is a substantial burden.")

Defendants argue that Plaintiff did not have to make that choice because Plaintiff testified that he lost only around five pounds and has no evidence of malnutrition. Defendants cite Nelson v. Miller, 570 F.3d 868, 879 (7th Cir.2009), where a dietitian averred that the inmate's nutritional needs would still met by the regular meals even if the kind of meat prohibited by the inmate's religion, the meat of four-legged animals, was not eaten. Nelson, 570 F.3d at 870 (7th Cir. 2009), *abrogated on other grounds as recognized by Jones v. Carter*, 915 F.3d 1147, 1149 (7th Cir. 2019).

Unlike Nelson, in this case Defendants provide no dietitian's affidavit. Further, Plaintiff asserts in his affidavit that, if meat was on the plate on Fridays during Lent, Plaintiff believed the entire plate was rendered inedible from a religious perspective. Whether

Plaintiff lost weight is relevant to damages but not conclusive of the nutritional adequacy of the meals. That Plaintiff could buy food twice a month from the commissary is also relevant but not dispositive. *See* Jones v. Carter, 915 F.3d 1147, 1150 (7th Cir. 2019)(denial of Halal diet with meat was substantial burden under RLUIPA even if inmate could buy meat from commissary)("The state is in effect demanding that Jones, uniquely among all inmates, zero out his account and forgo purchasing other items such as hygiene products or over-the-counter medicine, if he wants to avoid a diet that violates his religious beliefs.")

Defendant Rojas avers that his understanding from discussions with the volunteer Deacons was that Lent is about giving something up, not necessarily giving up food. Defendant Rojas also understood from these discussions that Catholic officials would consider Plaintiff exempt from avoiding meat during Lent. Based on these conversations, Defendant Rojas concluded that Plaintiff did not have to avoid meat on Fridays during Lent in order for Plaintiff to be true to Plaintiff's religion.

However, neither the prison Chaplain nor even an official representative of the Catholic Church may decide what the Catholic

religion means to Plaintiff. That is Plaintiff's decision. *See* <u>Neely-Bey Tarik-El v. Conley</u>, 912 F.3d 989 (7th Cir. 2019)(religious request cannot be denied on basis that the request is not officially required by the religion)(discussing other cases). Nothing in the record challenges the sincerity of Plaintiff's personal religious belief that he should not eat meat on Fridays during Lent.

The defendants who played a part in denying Plaintiff's grievance argue that they were not personally responsible. Typically, denying a grievance about an employee's misconduct is not enough for personal responsibility, particularly when the grievance is about past misconduct and where facts are disputed. Here, however, the denial was about ongoing conduct and did not involve a credibility determination. Defendant Rojas' reason for denying the religious diet was set forth in the grievance response and was arguably plainly contrary to long-established law. The response by the grievance officer, Defendant Gans, states:

> . . . Chaplain Rojas stated that Deacon Joe LaHood, Prison Ministry Coordinator for the Archdiocese of Peoria, explained to him that [L]ent is an observance about giving up something that is important, but not necessarily food. The abstention from red meat is a tradition, but Lent is not a sacrament and we don't disallow the observance. He added that Dietary offers

fish on Fridays out of penological interests . . . [d/e 121-6 p. 3.]

This response is admissible for the nonhearsay purpose of showing why Defendant Rojas denied Plaintiff's request: Defendant Rojas believed that Catholics do not need to abstain from eating meat on Fridays during Lent. As discussed above, federal law in this context precludes others from deciding an individual's personal religious beliefs. Further, Defendant Gans found the grievance moot, but the grievance was not moot because Plaintiff was still seeking meatless meals on Fridays during Lent. A reasonable juror could find that the defendants handling the grievance personally participated in allowing the violation of Plaintiff's religious rights by Defendant Rojas to continue. The First Amendment religious practice claim survives summary judgment as to Defendants Rojas, Dorethy, Frost, Gans, Phoenix (Pelker), and Baldwin.

There is also a Fourteenth Amendment equal protection claim based on the denial of meatless meals on Fridays during Lent. This claim is not well developed from either side. Plaintiff asserts that other religions received meals for religious

events while Catholics did not, and Defendants do not dispute that assertion. Defendants contend that no inference of discriminatory intent arises, but the Court cannot tell how other religions were treated with regard to meal requests. Summary judgment is denied on the Fourteenth Amendment claim as to Defendants Rojas, Dorethy, Frost, Gans, Phoenix (Pelker), and Baldwin.

Summary judgment is also denied to Defendant Rojas on Plaintiff's First Amendment retaliation claim. A reasonable inference arises from Plaintiff's testimony that Defendant Rojas excluded Plaintiff from the retreat and service(s) because of Plaintiff's complaints about the meals. Defendant Rojas asserts that the exclusion was for space limitations, but Defendant Rojas does not offer a list of participants who were allowed to attend, nor does Defendant Rojas address Plaintiff's assertion that inmates who were not Christian or Catholic were allowed to attend over Plaintiff. The retaliation claim proceeds against Defendant Rojas only.

The Court agrees with Defendants that Plaintiff has no evidence that he suffered a physical injury, which precludes

compensatory damages for mental or emotional injury.  42 U.S.C. § 1997e(e).  However, a reasonable inference to support punitive damages cannot be ruled out.  Finally, Defendants argue for qualified immunity, but that argument depends on construing factual inferences in Defendants' favor, which the Court cannot do.

**IT IS ORDERED:**

**(1)  The motion for summary judgment by Defendants Rodriguez and LaHood is granted. [108.]**

**(2)  Plaintiff's motion for summary judgment is denied. [106.]**

**(3)  The motion for summary judgment by Defendants Baldwin, et al., is granted as to Defendant Britton and denied as to the remaining Defendants.**

**(4)  The clerk is directed to terminate Defendants Rodriguez, LaHood, and Britton.**

**(5)  This case is referred to the Magistrate Judge to hold a settlement conference.  If no settlement is reached, final pretrial and trial dates will be set.**

ENTERED: 12/4/2020

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
U.S. DISTRICT JUDGE