IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON O'NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:18-cv-04063-SEM-TSH |
| v. | ) |
| | ) The Honorable Sue E. Myerscough |
| MANUEL ROJAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS**

NOW COMES Plaintiff, AARON O'NEAL, by and through his attorneys REEDE NEUTZE and STEPHEN BEEMSTERBOER of the University of Illinois College of Law Federal Civil Rights Clinic, and for his Response to Defendants' Motion for Extension of Time to File Dispositive Motions objects as follows:

1. Plaintiff objects to Defendants' Motion for Extension of Time to File Dispositive Motions.

2. On July 20, 2020, Defendants Baldwin, Britton, Dorethy, Frost, Gans, Pelker (f/k/a Phoenix), and Rojas filed a Motion for Summary Judgment. (Doc. 121). On December 4, 2020, this Court denied that motion as to the six defendants that now remain. (Doc. 137).

3. The timeline of this matter has already been compromised by Defendants' repeated delays, and they should not be given additional time to bring a second Motion for Summary Judgment.

4. Plaintiff has extended many professional courtesies in the face of Defendants' ongoing delays. On October 29, 2021, Plaintiff served requests for production of documents and interrogatories on each of the Defendants. On November 24, 2021, Plaintiff made no objection to Defendants' Motion for Extension of Time to Complete Discovery. (Doc.

157). On December 13, 2021, this Court granted Defendants' Motion for Extension of Time to Complete Discovery, and responses were set to be served on December 23, 2021. On December 23, 2021, Plaintiff assented to Defendants' request for an additional 7 days.

5. Plaintiff, having still not received any discovery responses, requested updates as to the status of written discovery on January 11, 2022, and January 20, 2022. On January 21, 2022, Defendants' counsel advised that she would send anything completed thus far by January 25, 2022. Plaintiff did not receive any discovery responses on that date. On February 4, 2022, Plaintiff again requested an update on discovery responses.

6. On February 8, 2022, Plaintiff filed a Motion to Compel due to Defendants' failure to serve *any* discovery responses by the twice-extended deadline or the nearly six weeks that followed. (Doc. 164).

7. On February 14, 2022, seven days after the discovery deadline, Plaintiff received interrogatory responses via email for Defendants Frost, Gans, Dorethy, Baldwin, and Pelker. Notably, the responses were riddled with "copy and paste" objections in lieu of substantive answers, which raises the question of why it took Defendants nearly four months to respond.

8. On February 17, 2022, ten days after the discovery deadline, Plaintiff received interrogatory responses via email for Defendant Rojas, replete with the same nonresponsive objections.

9. On February 22, 2022, the deadline for dispositive motions,[1] Defendants' counsel advised Plaintiff for the first time of her intention to file a second Motion for Summary Judgment

---

[1] The deadline had initially been set as February 21, 2022. Since that date was a federal holiday, the effective deadline was February 22, 2022.

2

and that she needed additional time to do so. Plaintiff indicated his opposition to the extension, and Defendants filed their Motion to Extend with the Court. (Doc. 165).

10. Defendants could have indicated their intent to file a second Motion for Summary Judgment and sought leave of court prior to the deadline for dispositive motions.

11. On February 24, 2022, Plaintiff received Defendants' responses to requests for production of documents. Remarkably, Defendants objected to nearly every single request as overbroad. The only documents provided to Plaintiff were three job descriptions and a copy of the Chaplaincy Handbook. Once more, it is altogether puzzling that it took so many months for Defendants to object to Plaintiff's written discovery requests, especially given the purported reason for the delay was to gather information to be disclosed.

12. Defendants' repeated delays have prevented Plaintiff from submitting additional discovery requests and from adequately addressing Defendants' frivolous objections to Plaintiff's discovery requests, not to mention preparing for the upcoming trial.

13. Defendants' counsel appears to be more focused on drafting a second Motion for Summary Judgment than working in earnest to provide substantive discovery responses. Plaintiff notes that, while Defendants' counsel cited the medical lockdown at Hill Correctional Center as partly to blame for her failure to meet discovery expectations, it was Plaintiff's counsel who contacted Hill to inquire about the status of the medical lockdown and informed Defendants' counsel that it had been lifted.

14. With just over a month until trial and hardly any compliance with discovery, either in substance or timing, Defendants' conduct and present attempt to further stall this matter smack of bad faith and unfair gamesmanship.

15. Plaintiff also contests Defendants' assertion that the recently completed depositions provide evidence supporting any basis for Defendants' planned dispositive motion. Plaintiff reiterates that this Court has already denied summary judgment as to these defendants once before. Since any disputed facts are to be construed in the light most favorable to Plaintiff (as the nonmovant), any already-argued legal basis for summary judgment stands no chance of succeeding on the basis of newly proffered evidence. At this stage, Plaintiff is entitled to have these factual disputes resolved by a jury.

16. Further, the depositions Defendants have cited as reason to grant this extension were of Defendants themselves. To the extent that Defendants possessed previously undisclosed personal knowledge that would support a Motion for Summary Judgment in this matter, Defendants could have, at any earlier point in time, provided affidavits to convey that information in connection with such a motion. Defendants' counsel has direct access to her clients and did not need to wait for their depositions to learn what they know and begin drafting a dispositive motion, let alone even longer for the transcripts.

17. To the extent that Defendants hope to argue a new legal basis for summary judgment, Plaintiff notes that "[s]ummary judgment is not tantamount to a game of preschool T-Ball allowing Defendants to keep swinging until they hit the ball (with advice from the Court after each miss)." *Badger v. Greater Clark County Schools*, 4:03-cv-00101, 2005 WL 1320107, *1 (S.D. Ind. 2005). This Court has conducted a merit review, (Doc. 14), and denied Defendants' first Motion for Summary Judgment, (Doc. 137), twice deciding this matter is fit to proceed to trial. After squandering the mutually agreed-upon time for making further dipositive motions and pointing to delays of their own making, Defendants should not be rewarded with additional time to take what would be a third bite at the apple.

18. Plaintiff's counsel are willing to provide professional courtesies, and have done so on numerous occasions thus far, but Defendants' efforts to delay this matter further with additional time to file a tenuous second Motion for Summary Judgment should be denied.

WHEREFORE, and for the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for Extension of Time to File Dispositive Motions and deem any Motion for Summary Judgment filed as untimely.

                                              Respectfully Submitted,

By:      /s Reede Neutze
           /s Stephen Beemsterboer
           *Attorneys for Plaintiff*

           University of Illinois College of Law
           Federal Civil Rights Clinic
           504 E. Pennsylvania Avenue
           Champaign, IL 61820
           aneutze2@illinois.edu
           smb9@illinois.edu

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AARON O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:18-cv-04063-SEM-TSH |
| v. | ) | |
| | ) | The Honorable Sue E. Myerscough |
| MANUEL ROJAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I filed an electronic copy of the foregoing Response to Defendants' Motion for Extension of Time to File Dispositive Motions with the Clerk of Court using the CM/ECF system, which will send notice of the same to Defendants' attorneys below:

Maria D. Gray
ILLINOIS ATTORNEY GENERAL
500 S. Second Street
Springfield, IL 62701
(217) 782-5819
Maria.Gray@ilag.gov

/s Reede Neutze
/s Stephen Beemsterboer
Attorneys for the Plaintiff
University of Illinois
College of Law
Federal Civil Rights Clinic
504 E. Pennsylvania Ave.
Champaign, IL 61820
aneutze2@illinois.edu
smb9@illinois.edu
