E-FILED
Monday, 21 March, 2022  03:35:38 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| AARON O'NEAL, #N53022, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-4063-SEM-TSH |
| | ) | |
| MANUEL ROJAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTIONS *IN LIMINE*

NOW COME the Defendants, JOHN BALDWIN, STEPHANIE DORETHY, JOHN FROST, STEVE GANS, MELISSA PELKER, and, MANUEL ROJAS, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and hereby move for the following pretrial orders, stating as follows:

### INTRODUCTION

The Plaintiff, Aaron O'Neal, filed this action pursuant to 42 U.S.C. §1983 for alleged violations of his rights guaranteed him by the United States Constitution. (Doc. 1). Plaintiff's claims relate to; (1) whether Defendant Rojas retaliated against Plaintiff, (2) whether all named Defendants barred him from meatless meals on Friday during Lent, and (3) whether all named Defendants granted inmates of other religions a religious diet, but not the Plaintiff.

Defendants anticipate Plaintiff will attempt to introduce inadmissible evidence at trial and hereby file the following motions *in limine* in an effort to facilitate an orderly process at trial.

**I.     The Court Should Prohibit Plaintiff from Offering Evidence or Testimony, or Otherwise Suggesting, that the State of Illinois May Indemnify Defendants.**

The Seventh Circuit, as well as other federal circuits, has long held that evidence of payments received from collateral sources is inadmissible on the issue of damages. *See Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998) (*citing Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) (recognizing a long-standing rule that "evidence of insurance or other indemnification

is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction") & *Halladay v. Verschoor*, 381 F.2d 100, 112 (8th Cir. 1967) (recognizing an exception to the collateral payments rule exists when insurance or indemnification is a material issue in the case)).

Pursuant to the invocation of their rights under the State Employee Indemnification Act (5 ILCS 350/0.01 *et seq.*), Defendants are represented by the Office of the Attorney General and should be indemnified for any damages awarded pursuant to a final and unreversed judgment of the Court, as well as for any court costs and attorney fees. *See* 5 ILCS 350/2(d). However, indemnification is not material to any of the issues presented in this case and even the suggestion of indemnification to the jury would result in substantial prejudice to Defendants. Accordingly, the Court should preclude Plaintiff, and his witnesses, from offering evidence or testimony disclosing, or otherwise suggesting, that State of Illinois may indemnify the Defendants in the event Plaintiff receives a favorable jury verdict.

## II.     The Court Should Prohibit Plaintiff from Offering Evidence or Testimony of Other Lawsuits Involving the Defendants.

Defendants request the Court bar reference to or inquiries about other lawsuits involving Defendants to be irrelevant, and even if relevant, the danger of unfair prejudice, misleading the jury, and confusing the issues far outweigh the probative value of such evidence. Such testimony would not be relevant under Federal Rule 401 and constitutes inadmissible character evidence under Rule 404(b). *See Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494-95 (7th Cir. 1990). Defendants work with a particularly litigious subset of the population. Allowing a plaintiff to suggest that because Defendants have been sued in the course of their employment, theymistreated Plaintiff in this instance is unfair and not authorized by the Federal Rules of Evidence.

## III.    The Court Should Prohibit Plaintiff from Offering Evidence or Testimony of Any Misconduct, Reprimand, or Grievance issued against any Defendants.

Defendants request the Court bar reference to any previous misconduct or inquiries

regarding reprimands received by Defendants or grievances filed against Defendants to be irrelevant, and even if relevant, the danger of unfair prejudice, misleading the jury, and confusing the issues far outweigh the probative value of such evidence. Such testimony would not be relevant under Federal Rule 401 and constitutes inadmissible character evidence under Rule 404(b).

In *Duran v. Town of Cicero*, 653 F. 3d 632 (7th. Cir. 2011), plaintiffs brought a §1983 complaint against the town and multiple officers alleging the officers used excessive force, falsely arrested them, deprived them of equal protection, and asserted state-law claims. *Duran*, 653 F. 3d at 635. One of the defendants, Officer Vitalo, moved to prevent the introduction and reference to prior misconduct complaints. *Id.* at 645. The district court granted the motion *in limine*. *Id.* During Officer Vitalo's testimony at trial, his attorney asked a series of questions that arguably opened the door to the misconduct complaints. *Id.* Plaintiffs asked the judge to reconsider the motion *in limine* in light of the line of questioning and testimony by Officer Vitalo. *Id.* The district court judge again declined to allow the evidence stating "the danger of confusion and of unfair prejudice to the other defendants would outweigh the probative value as to the defendant Vitalo." *Id.* On appeal, the Seventh Circuit affirmed the exclusion of this evidence. *Id.* The Seventh Circuit noted that the district court has significant leeway when conducting an analysis under 404(b). *Id.* The Court further stated that based upon the specific allegations of misconduct against Vitalo, "there was potential for prejudicial 'spillover' effect on all the defendants. *Id.* Finally, the Court stated that even though Vitalo arguably opened the door to the evidence, "the Rules of Evidence do not simply evaporate when one party opens the door on an issue." *Id* (quoting *Manuel v. City of Chicago*, 335 F.3d 592, 596 (7th Cir. 2003)).

In this case, allowing Plaintiff to suggest that because Defendants have received previous misconduct, reprimands, or have had grievances filed against them, that theye mistreated Plaintiff in this instance is not relevant, would be prejudicial, and is not authorized by the Federal Rules of Evidence.

**IV.     The Court Should Prohibit Plaintiff from Offering Evidence or Testimony Referencing Any "Golden Rule" appeal.**

Defendants request the Court bar any "Golden Rule" appeal including any argument or testimony that the jury place itself in Plaintiff's position or that the damages be based on a scenario whereby jurors hypothetically sustain injuries or damages similar to that purportedly sustained by Plaintiff. *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982). "A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989) (internal quotations omitted); see also *Tomao v. Abbott Labs., Inc.*, 2007 WL 141909 (N.D. Ill. Jan. 16, 2007) (Granting the defendant's motion *in limine* regarding "golden rule" appeal).

**V. Plaintiff Should be Barred From Offering IDOC and Facility Directives, Regulation, and Statutes at Trial.**

Defendants anticipate Plaintiff will argue or suggest that the Defendants violated IDOC policies and procedures. The policies, directives, and statutes of the Illinois Department of Corrections and Hill Correctional Center are irrelevant and inadmissible at trial.

"When a party seeks to offer evidence through other exhibits, they must be . . . otherwise made admissible in evidence." *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985). Irrelevant evidence is not admissible. Fed. R. Evid. 402. "Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. *Berry v. Delaney*, 28 F.3d 604, 607 (7th Cir. 1994). "To be relevant, evidence . . . must in some degree advance the inquiry." *E.E.O.C. v. Indiana Bell Telephone C*o., 256 F.3d 516, 533 (7th Cir. 2001) (Flaum, C.J., concurring in part & dissenting in part)(quoting 1 J. Weinstein & M. Berger, Weinstein's Federal Evidence 401.04[2] [b]).

Departmental rules, facility directives, and state statutes are not relevant because none of them make the existence of any fact of consequence more or less probable. The facts of consequence for the jury to decide are (1) whether Defendant Rojas retaliated against Plaintiff, (2) whether all named Defendants barred him from meatless meals on Friday during Lent, and (3) whether all named Defendants granted inmates of other religions a religious diet, but not the Plaintiff. No departmental rule, facility directive, or statute could make any of the facts of consequence more probable. In other words, Departmental rules, facility directives, and state statutes do not make it any more or less likely that Plaintiff's rights were violated. Nor do such rules, directives, or statutes make it any more or less likely that Defendants did so intentionally or had any personal involvement.

In *Thompson v. City of Chicago*, 472 F.3d 444, 446 (7th Cir. 2006), the plaintiff's decedent died following a struggle with police officers. The plaintiff sued several Chicago Police officers, alleging, among other things, excessive force in violation of the Fourth Amendment. *Thompson*, 472 F.3d at 446. The trial court granted the defendants pretrial motion *in limine* to exclude the Chicago Police Department's General Orders concerning the appropriate use of force as irrelevant and substantially more prejudicial than probative. *Thompson*, 472 F.3d at 453. The Seventh Circuit affirmed the exclusion of this evidence as irrelevant to whether the officers used reasonable force, stating "the violation of police regulations or even state law is completely immaterial to the question of whether a violation of the federal constitution has been established." *Thompson*, 472 F.3d at 454. *See also Wren v. United States*, 517 U.S. 806, 815 (1996) (police manuals, guidelines, or general orders are not reliable gauges of what is reasonable under the constitution); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (1983 protects plaintiffs from constitutional violations, not violations of state laws, departmental regulations, or police practices).

In *Edwards v. Staniec*, 389 Fed. Appx. 523, 526 (7th Cir. 2010) (non-precedential disposition), an inmate attempted to introduce prison regulations on use of restraints and corporal

punishment to show that the officers knowingly violated these rules.  The Seventh Circuit affirmed the exclusion of this evidence, stating that "the relevant issue at trial was, as a matter of the federal constitution's ban on cruel and unusual punishment, the officers used force maliciously and sadistically and not for the purpose of restoring order."  *Edwards*, 389 Fed. Appx. at 526.  The Court further stated, citing *Thompson* and *Scott*, that "[t]he state code provisions were not relevant to this federal issue and therefore could have led to confusion of the relevant issues, a proposition we have repeatedly affirmed in the context of excessive-force cases."  *Edwards*, 389 Fed. Appx. at 526.

## VI.   Plaintiff and his Witnesses Should be Barred from Testifying at Trial Regarding the Causation of any Medical or Mental Health Condition.

Defendants anticipate that Plaintiff may testify or attempt to elicit inadmissible testimony as to the causation of any alleged medical or mental health conditions. Specifically, Defendants anticipate that Plaintiff will testify that any nominal "injury" allegedly sustained by Plaintiff caused him lasting injuries, both physical and mental. Plaintiff is not a physician or psychiatrist and, therefore, any uninformed opinions or lay accounts proffered by him regarding the causation of any medical condition or mental health condition should be barred.  *See Fed. R. Evid.* 701. Expert testimony is necessary to explain the complex nature of any relationship between Plaintiff's alleged physical injuries and the causation of any medical or mental health condition. Under Federal law, a non-expert is not permitted to give expert testimony.  *Fed. R. Evid.* 701.  A person lacking any medical training is incompetent to testify to the causal relationship between an event and a subsequent medical condition.  *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001). Without medical knowledge, skill, experience, training and/or education, Plaintiff is not equipped to render conclusions or opinions about the cause of his medical or mental health conditions.

## VII.   Plaintiff Should be Barred from Offering Inadmissible Hearsay Statements of Any Medical or Mental Health Conditions.

Plaintiff should be barred from offering testimony at trial as to the statements of any

treating medical or mental health professional. The out-of-court statements made by a medical or mental health professional not contained in admissible medical records and offered by the Plaintiff are inadmissible hearsay.  *See Fed. R. Evid*. 801, 802.  No exception to the hearsay rules permits such statements to be used as evidence.  *See Fed. R. Evid*. 803, 804.

## CONCLUSION

Accordingly, Defendants seek a pretrial order to preclude Plaintiff, his attorneys, and his witnesses, from: (1) offering testimony or otherwise suggesting that the state of Illinois will indemnify Defendants; (2) offering evidence or testimony of other lawsuits involving Defendants; (3) offering evidence or testimony of any misconduct, reprimand, or grievance issued against Defendants; (4) offering evidence or testimony referencing any "golden rule" appeal; (5) testifying at trial regarding whether Defendants followed Illinois Department of Corrections Policies and Procedures; (6) testifying at trial regarding the causation of any medical or mental health condition; and (7) offering the inadmissible hearsay statements of any medical or mental health professionals;

WHEREFORE, for the foregoing reasons, Defendants pray this honorable Court grant Defendants' Motions *in Limine* I–VI.

Respectfully submitted,

JOHN BALDWIN, STEPHANIE DORETHY, JOHN FROST, STEVE GANS, MELISSA PELKER, and, MANUEL ROJAS,

Defendants,

KWAME RAOUL, Attorney General, State of Illinois

Maria D. Gray, #6323981                            Attorney for Defendants,
Assistant Attorney General
500 South Second Street                    By:   s/ Maria D. Gray
Springfield, IL  62701                                Maria D. Gray
Phone: (217) 785-4555                               Assistant Attorney General
Fax:    (217) 782-8767
Email:  maria.gray@ilag.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

AARON O'NEAL, #N53022,                    )
                                           )
                    Plaintiff,            )
                                           )
                          v.              )          No. 18-4063-SEM-TSH
                                           )
MANUEL ROJAS, et al.,                     )
                                           )
                    Defendants.           )

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2022, the foregoing document, *Defendants' Motion in Limine* was electronically filed with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

Reede Neutze                aneutze2@illinois.edu
Stephen Beemsterboer        smb9@illinois.edu

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

NONE

By: /s/ Maria D. Gray
        Maria D. Gray #6323981
        Assistant Attorney General
        500 South Second Street
        Springfield, Illinois 62701
        (217) 782-9026 Phone
        (217) 524-5091 Fax
        Email: Maria.Gray@ilag.gov