# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON O'NEAL, #N53022, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-4063-SEM-TSH |
| ) | |
| MANUEL ROJAS, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**[Remainder of page intentionally left blank.]**

As to Plaintiff's claim that the Defendants violated Plaintiff's right to practice his religion in violation of the First Amendment of the Constitution, Plaintiff has the burden of proving each of the following propositions as to each defendant:

First, that the defendant intentionally prohibited Plaintiff from abstaining from meat on Fridays during the Lenten season, and

Second, that Plaintiff had a sincerely held belief in the necessity of abstaining from meat on Fridays during the Lenten season, and

Third, that the defendant knew the tenets of Plaintiff's sincerely held religious beliefs included abstaining from meat on Fridays during the Lenten season, and

Fourth, that the defendant acted as alleged because of hostility to Plaintiff's Catholic beliefs and not based on a legitimate penological justification.

You are to consider these propositions as to each of the defendants separately. If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to any defendant, then you should find for the Plaintiff and against that Defendant, and go on to consider the question of damages.

If on the other hand, you find that the Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to a Defendant, then you should find for Defendant, and you will not consider the question of damages as to Defendant.

| | |
|---|---|
| Defendants' Alternate Number 20 | Given_____ |
| I. P. I. No. 21.02.01 (modified) 21.02.02 (modified), | Given as Modified_____ |
| 21.03 (modified); | Refused_____ |
| *Turner v. Safley*, 482 U.S. 78 (1987); | Withdrawn_____ |
| *Vinning –El v. Evans*, 657 F.3d 591, 595 (7th Cir. 2011) | |
| *Johnson-Bey v. Lane*, 863 F.2d 1308, 1311 (7th Cir. 1988) | |

An inmate's right to voice concerns regarding the burdens on his practice of religion while incarcerated is protected by the Constitution.

Plaintiff claims that Defendant Rojas excluded Plaintiff from religious services for 6-8 months in retaliation for voicing concerns to Defendant Rojas about Catholics not receiving religious diet accommodations during the Lenten season.

To succeed on this claim, Plaintiff must prove each of the following four things by a preponderance of the evidence:

1. Plaintiff, in exercising his right to free speech, voiced concerns to Defendant Rojas about Catholics at Hill not receiving religious diet accommodations for Lent.
2. Defendant Rojas intentionally excluded Plaintiff from one or more religious services.
3. Plaintiff confronting Defendant Rojas about Catholics at Hill not receiving religious diet accommodations for Lent was the reason that Defendant Rojas excluded Plaintiff from one or more religious services.
4. Excluding Plaintiff from religious services would be likely to deter an average person in Plaintiff's circumstances from engaging in similar protected speech.

If you find that Plaintiff did not prove each of these things by a preponderance of the evidence, then you must decide for Defendant Manuel Rojas.

If you find that Plaintiff did prove each of these things by a preponderance of the evidence, then you must consider whether Defendant has proved by a preponderance of the

evidence that there were other reasons that would have led Defendant to exclude Plaintiff from religious services even if Plaintiff had not confronted Defendant Rojas about religious diet accommodations. If you find that Defendant proved this by a preponderance of the evidence, then you must decide for the Defendant.

Defendants' Alternate Number 21                                                          Given_____
Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019)                                Given as Modified____
                                                                                            Refused _____
                                                                                            Withdrawn ____

As to Plaintiff's claims that Defendants violated his right to equal protection under the Fourteenth Amendment to the Constitution, the Plaintiff has the burden of proving each of the following propositions:

First, that Defendants excluded Plaintiff from religious diet accommodations while allowing similar situated individuals in custody to have dietary accommodations; and

Second, that the Defendants applied the rules regarding religious diet accommodations, differently to Plaintiff than to similarly situated individuals in custody because he was a practicing Catholic; and

Third, that the decision to treat Plaintiff differently than similarly situated inmates was because he was a practicing Catholic, and not because of security or other legitimate penological concerns;

You are to consider these propositions as to each defendant separately. If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to any defendant, then you should find for the Plaintiff and against that Defendant, and go on to consider the question of damages.

If on the other hand, you find that the Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to Defendant, then you should find for Defendant, and you will not consider the question of damages as to Defendant.

Defendants Alternate Instruction 22  
I. P. I. No. 21.02.01 (modified) 21.02.02 (modified), 21.03 (modified);  
*Grayson v. Schuler* (666 F.3d 450 (7th Cir. 2012)  
*May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000)

*Hadi v. Horn,* 830 F.2d 779, 784 (7th Cir. 1987)

Given_____  
Given as Modified_____  
Refused_____  
Withdrawn_____

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendants simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat or engage in the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Defendant's Alternate Instruction 27
7th Cir. P. I. 7.28

Prisoners retain the right to exercise their religion to the extent such exercise is consistent with legitimate penological objectives.  Not every religious group or sect within a prison must have identical facilities or personnel.  A special place of worship need not be provided to every faith regardless of size, nor must a chaplain, priest or minister be provided without regard to the extent of the demand.  Department of Corrections officials may prohibit services led by an inmate without a faith leader.

Defendants' Proposed Instruction 27                                  Given_____
                                                        Given as Modified_____
                                                                   Refused_____
                                                                 Withdrawn_____

*O'Lone v. Shabazz*, 107 S.Ct. 2400, 2404 & 2407 (1987)
*Cruz v. Beto*, 92 S.Ct. 1079, 1081 n.2 (1972)
*Young v. Lane*, 922 F.2d 370, 377 (7th Cir. 1991)
*Hadi v. Horn*, 830 F.2d 779 (7th Cir. 1987)

You have heard evidence about whether a Defendant's conduct violated an administrative rule.

You may consider this evidence in your deliberations as to Plaintiff's claims. But remember the issue is whether Defendants violated Plaintiff's constitutional rights by not providing him meatless meals during the Lenten Season; retaliated against him by precluding him from attending religious servicers; or violated his rights by allegedly granting inmates of other religions a religious diet, but not him.

Defendants' Proposed Instruction 28                                       Given_____
7th Cir. P.I. 7.04                                                Given as Modified_____
                                                                         Refused_____
                                                                       Withdrawn_____