**Plaintiff's Proposed #20: First Amendment Free Exercise Claim**

Plaintiff claims that the Defendants' actions violated his right to the free exercise of his religion under the Free Exercise Clause of the First Amendment of the Constitution.

A prisoner retains the constitutional right to practice his religion to the extent the practice is compatible with the legitimate penological demands of the state.

To succeed on this claim against a particular defendant, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. It was a sincerely held religious belief of Plaintiff that he must abstain from eating meat on Fridays during the Lenten season.

2. The defendant either caused or otherwise participated in denying Plaintiff's request to receive

an alternative to meat on Fridays during the Lenten season.

3. The Defendant's justification of the denial was not reasonably related to a legitimate penological interest. In deciding this proposition, you should consider the following factors:

- whether a valid and rational connection exists between the regulation and a legitimate governmental interest;

- whether there were alternative means that remained available to prisoners to practice the religious right in question;

- whether there were other readily apparent alternatives for accommodating the prisoner's asserted right;

- the impact that accommodating the prisoner's asserted right would have on guards, other inmates, and the allocation of prison resources.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages as to this claim.

Source: *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009) (citing *Turner*, 482 U.S.at 89–91).

**Plaintiff's Proposed #21: First Amendment Retaliation Claim**

An inmate's right to voice concerns regarding the burdens on his practice of religion while incarcerated is protected by the Constitution.

Plaintiff claims that Defendant Rojas excluded Plaintiff from religious services for 6-8 months in retaliation for voicing concerns to Defendant Rojas about Catholics not receiving religious diet accommodations during the Lenten season.

To succeed on this claim, Plaintiff must prove each of the following (number of elements) things by a preponderance of the evidence:

1. Plaintiff, in exercising his right to free speech, voiced concerns to Defendant Rojas about

   Catholics at Hill not receiving religious diet accommodations for Lent.

2. Defendant Rojas intentionally excluded Plaintiff from one or more religious services.

3. Plaintiff confronting Defendant Rojas about Catholics at Hill not receiving religious diet accommodations for Lent was a reason that Defendant Rojas excluded Plaintiff from one or more religious services. It need not be the only reason.

4. Excluding Plaintiff from religious services would be likely to deter an average person in Plaintiff's circumstances from engaging in similar protected speech.

If you find that Plaintiff did not prove each of these things by a preponderance of the evidence, then you must decide for Defendant Manuel Rojas.

If you find that Plaintiff did prove each of these things by a preponderance of the evidence, then you must consider whether Defendant has provided by a preponderance of the evidence that there were other reasons that would have led Defendant to exclude Plaintiff from religious services even if Plaintiff had not confronted Defendant Rojas about religious diet accommodations. If you find that Defendant proved this by a preponderance of the evidence, then you must decide for the Defendant.

Plaintiff's No. 21
7th Cir. P. I. 6.03 (modified)

## Plaintiff's Proposed #22: Fourteenth Amendment Equal Protection Claim

Plaintiff claims that he was denied religious diet accommodations by Defendants because of his Catholic religion. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that he was denied religious diet accommodations by Defendants because of his Catholic religion. To determine that Plaintiff was denied religious diet accommodations because of his Catholic religion, you must decide that Defendants would not have denied religious diet accommodations for Plaintiff had he been a member of a different religion but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove

this by a preponderance of the evidence, then you must find for Defendants.

Plaintiff's No. 22
Adapted from 7th Cir. P. I. 3.03 (employment discrimination); *cf.* Lisle v. Welborn, 933 F.3d 705, 720 (7th Cir. 2019) ("The same reasoning and standard [as applied to employment decisions] apply to a claim of intentional and unconstitutional [religious] discrimination by prison officials.").

**Plaintiff's Proposed #27: Punitive Damages**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant, or those similarly situated, would repeat or engage in the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Plaintiff's No. 27
7th Cir. P. I. 7.28 (added "similarly situated" language to factors)