E-FILED
Monday, 21 March, 2022  04:54:16 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| AARON O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-04063-SEM-TSH |
| | ) | |
| MANUEL ROJAS, et al., | ) | Judge Sue E. Myerscough |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS *IN LIMINE***

NOW COMES the Plaintiff, AARON O'NEAL, by his attorneys, REEDE NEUTZE and STEPHEN BEEMSTERBOER, and for his Memorandum in Support of Plaintiff's Motion *in Limine* states as follows:

**Factual Background**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 and alleges that Defendants violated his First and Fourteenth Amendment Rights by denying religious diet requests or otherwise not intervening to prevent the alleged violation. Additionally, Plaintiff alleges that Defendant Manuel Rojas retaliated against him for exercising his First Amendment Right to Free Speech by precluding him from attending religious services.

**I.   This Court should prohibit Defendants from introducing evidence pertaining to Aaron O'Neal's prior criminal convictions.**

Defense counsel should not be permitted to introduce either substantive evidence or impeachment evidence that Mr. O'Neal was charged, arrested, or convicted of any crime because the argument lacks any substantive value and is therefore irrelevant, and because its impeachment value is substantially more prejudicial than probative. Additionally, Defendants

should not be permitted to reference, allude to, mention, or raise any information that would give, indicate, or imply the nature of Mr. O'Neal's convictions. This includes being prohibited from introducing evidence pertaining to the underlying facts of these convictions as they are also irrelevant, prejudicial, and an improper form of impeachment.

**A.      Mr. O'Neal's convictions should not be admitted because they are not substantively relevant.**

Mr. O'Neal's convictions all occurred prior to the alleged incidents and are not substantively relevant to the case at bar. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. The Seventh Circuit has noted that when admitting prior convictions as bad acts, "[t]he Rule 402 requirement of relevance . . . still appl[ies] with full force." *United States v. Miller*, 673 F.3d 688, 696 (7th Cir. 2012). Evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is a fact of consequence in determining the action." Fed. R. Evid. 401.

Here, Mr. O'Neal's previous convictions and arrests (aggravated sexual assault, possession of a controlled substance, and attempted murder) make no fact of consequence concerning the conduct alleged in this case any more or less probable. These convictions make it no more or less likely that Defendants violated Mr. O'Neal's First and Fourteenth Amendment Rights at Hill Correctional Center.

Furthermore, even if the Court finds that evidence that Mr. O'Neal's convictions have some probative value, the evidence is still prohibited "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. The Seventh Circuit has recognized that "civil rights actions often pit unsympathetic plaintiffs-criminals, or members of the criminal class . . . against the guardians of

the community's safety, yet serve an essential deterrent function." *Llaguno v. Mingey*, 763 F.2d 1560, 1570 (7ᵗʰ Cir. 1985). The Seventh Circuit has also noted:

> A felon is entitled to the same consideration of the merits of his case as a litigant who has never been convicted of a felony, and *that entitlement is undermined by allowing a party to a lawsuit to draw the jury's attention to the fact that his opponent is a convicted felon*.

*Schmude v. Tricam Indus., Inc.,* 556 F.3d 624, 627 (7ᵗʰ Cir. 2009) (emphasis added).

The evidence pertaining to Mr. O'Neal's prior convictions and arrests are substantially more prejudicial than probative as the evidence of Mr. O'Neal's convictions could lead the jury to make an emotional decision that, because of his prior convictions, Mr. O'Neal is undeserving of compensation. In this case, Plaintiff asks the jury to consider fairly whether the Defendants violated Mr. O'Neal's constitutional rights by denying him a religious diet accommodation during Lent and by Defendant Rojas retaliating against Mr. O'Neal. Thus, introducing evidence of Mr. O'Neal's past convictions would simply confuse or distract the jury from the issues of Mr. O'Neal's case and unfairly prejudice the jury against him.

For these reasons, Mr. O'Neal's prior convictions should not be admissible under a 403-balancing test. Accordingly, per the Rule 403 balancing test, any probative value of Mr. O'Neal's convictions is substantially outweighed by the risk of unfair prejudice to his case, and this Court should preclude opposing counsel from introducing any evidence of his prior convictions. Mr. O'Neal's counsel could object to this evidence at trial, but it would not be possible to do so until after defense counsel attempts to introduce the evidence. Even if this Court sustains such an objection at trial, the jury will have notice of this evidence and will be exposed to its prejudicial effects. This Court should therefore enter an order in *limine* preventing Defendant from making any reference to Mr. O'Neal's prior convictions.

**B.     Evidence of Mr. O'Neal's convictions are not proper forms of impeachment under Rule 609.**

This Court should also exclude the mention or use of Mr. O'Neal's prior convictions for impeachment purposes. Rule 609 narrowly permits admission of prior criminal convictions to attack a witness's character for truthfulness. Fed. R. Evid. 609(a). Rule 609 provides two relevant categories with which to assess the admissibility of Mr. O'Neal's prior criminal convictions: (1) crimes punishable by death or by imprisonment for more than one year *and* meet the 403 balancing test; (2) crimes of dishonesty. *See* Fed. R. Evid. 609(a)(1)–(2).

To the best of Plaintiff's counsels' knowledge, Plaintiff has seven prior criminal convictions laid out in the table below:

| Date | Conviction | Felony |
|------|-----------|--------|
| 1992 | Aggravated Sexual Assault with a Weapon | Yes |
| 1992 | Aggravated Sexual Assault with Bodily Harm | Yes |
| 1992 | Aggravated Sexual Assault with Bodily Harm | Yes |
| 1992 | Aggravated Sexual Assault with Threat to Life | Yes |
| 1989 | Possession with Intent to Manufacture or Deliver a Controlled Substance | Yes |
| 1989 | Possession with Intent to Manufacture or Deliver a Controlled Substance | Yes |
| 1984 | Attempted Murder/Intent to Kill/Injure | Yes |

It would be improper to impeach Mr. O'Neal with evidence of the convictions listed above. First, Plaintiff's convictions are crimes that do not require proof of an act of dishonesty, so they do not fall within the scope of Rule 609(a)(2) and thus are not automatically admissible. Second, while they all resulted in sentences over a year, any probative value of each crime would

be substantially outweighed by the prejudicial value of introducing such evidence. District courts have a "duty to ensure that this class of civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them." *Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990). Mr. O'Neal's specific convictions do not suggest that he is more likely to lie on the stand than any other individual suing a government official for a violation of his constitutional rights. Plaintiff's various convictions are not highly probative of credibility and therefore Plaintiff's prior convictions do not fall within the scope of Rule 609(a).

The likelihood of past convictions shifting a jury's focus is especially prevalent in the context of civil rights claims because, by their very nature, civil rights actions "often pit unsympathetic plaintiffs-criminals, or members of the criminal class . . . against the guardians of the community's safety." *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992) (quotations omitted).  Thus, evidence of Plaintiff's prior convictions fails to satisfy Rule 609 and, accordingly, should be barred from being introduced.

**C.      The specific nature of Plaintiff's convictions and incarceration served should be inadmissible.**

Even if this Court were to allow impeachment of Plaintiff using his prior convictions, the specific nature of the crimes, the length of the prison sentences, the length of time he has been incarcerated, and his places of incarceration other than Hill Correctional Center should not be revealed to the jury.

Although Mr. O'Neal has been convicted of multiple crimes punishable by more than a year in prison, the Defendants should not be allowed to inquire as to the nature of Plaintiff's convictions, based on the balancing test of Rule 403. Should the jury learn the specifics of Plaintiff's convictions, the jury will evaluate the merits of Plaintiff's case through the lens of his

past transgressions, which would certainly prejudice the jury against the Plaintiff. Allowing Defendants to present the specific nature of the crimes for which the Plaintiff was convicted would simply inflame the passions of the jury against the Plaintiff and without legitimately reflecting on Plaintiff's character for truthfulness, as well as mislead the jury as to which issues are at trial. Under Rule 403 here, if the probative value of the Plaintiff's crime is substantially outweighed by its prejudicial effect to Plaintiff's case, it should be disallowed. Therefore, if the Court determines that opposing counsel should be allowed to question Plaintiff about his prior convictions, opposing counsel's inquiry should be limited and he should not be allowed to inquire into the specific nature of Plaintiff's past crimes.

Additionally, opposing counsel should not be allowed to inquire about the length of Plaintiff's sentences, how long Plaintiff has been in prison, or where Plaintiff has been incarcerated during those sentences other than Hill Correctional Center and where he is currently housed at Southwestern Correctional Center. The length of time Plaintiff has been in prison is not probative of Plaintiff's character for truthfulness. If the jury hears the length of Plaintiff's sentence or how long he has been in prison, the gravity of Plaintiff's crimes will be apparent, and the jury will evaluate the quality of care that Plaintiff deserves based on his past transgressions. Furthermore, the identity of detention facilities other than the prison at issue has no bearing on Plaintiff's character for truthfulness either. Should the jury hear where Plaintiff has been housed other than the facility where the incident in this case arose, it would be tempted to impermissibly draw additional inferences about Plaintiff's character. Therefore, under Rule 403, the probative value of the length of Plaintiff's sentences, the length of time he has been in prison, and the identity of the detention facilities where he has or is being held is low, and it is substantially

outweighed by the unfair prejudice that admission of this information would cause to Plaintiff's case.

Plaintiff also requests that evidence of any other convictions of which his counsel is currently unaware not be admitted. If this Court chooses to allow impeachment on any other convictions, Plaintiff asks that the specific nature of these crimes and the sentences imposed not be revealed before the jury.

**D.      If the convictions are admissible, this court should limit the number.**

Finally, should this Court choose to allow Defendants to question Plaintiff on his prior convictions, the Defendants should be limited in that inquiry. Plaintiff has seven prior convictions that his counsel is aware of presently. Allowing Defendants to question Plaintiff regarding his prior convictions and their nature would be highly prejudicial. This Court should only permit a limited inquiry into Plaintiff's convictions and limit the number of convictions that Defendant may inquire into. *See Wilson v. Groaning*, 25 F.3d 581, 585 (7th Cir. 1994) (holding that the district court properly allowed only three out six prior convictions, reasoning "it 'might be prejudicial to overload the fact-finder…[by] put[ting] in all the convictions because [the jury] might well determine that as a result of having that many convictions, that regardless of how the facts come out, that [defendant] is a person not deserving of any relief.'"). If Defendant is permitted to question Plaintiff regarding his criminal history, their inquiry should be limited.

Similarly, if any convictions are deemed admissible by this Court for impeachment purposes, this Court should limit the number in order to prevent unfair prejudice to the Plaintiff. When a witness is impeached with *one* conviction, repeatedly impeaching that witness with additional convictions adds very little value as it is cumulative. *United States v. Simpson*, 337 F.3d 905, 908 (7th Cir. 2003). Cumulative evidence becomes prejudicial when it manages to

overload the finder of fact in believing that the witness is not deserving of any relief, simply and solely as a result of the witness having so many convictions, regardless of the relevant facts before it. *Wilson v. Groaning*, 25 F.3d 581, 585–86 (7th Cir. 1994). Should this Court decide admission of any conviction for impeachment purposes is proper, it should limit any prejudice by preventing cumulative convictions from admittance.

Plaintiff therefore moves *in limine* to exclude testimony and evidence regarding Plaintiff's prior convictions.

**II.      This Court should prohibit Defendants from introducing evidence pertaining to any inmate witnesses' prior criminal convictions.**

The Plaintiff incorporates the arguments from Section I as to Plaintiff's inmate witnesses as the analysis and possible prejudice would be the same.

**III.     This Court should prohibit Defendants from introducing evidence of or making reference to Mr. O'Neal's disciplinary history in the Illinois Department of Corrections.**

Evidence of any disciplinary actions taken against Mr. O'Neal by IDOC as well as the reasons for said action, are irrelevant to the action at hand, would be unfairly prejudicial, and would constitute improper character evidence under Rules 401, 403, and 404.

**A.      This Court Should Prohibit Defendants from Introducing Evidence or Making Any Reference to Plaintiff's Disciplinary History in the Illinois Department of Corrections.**

Evidence related to Plaintiff's disciplinary history should be excluded because such evidence is irrelevant, substantially more prejudicial than probative, and an improper use of character evidence pursuant to Federal Rules of Evidence 401, 403, and 404.

Evidence of Mr. O'Neal's IDOC disciplinary history is irrelevant as it does not have "any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is a fact of consequence in determining the action." Fed. R. Evid. 401. The action at bar is wholly unrelated to any prison disciplinary proceedings therefore would not only serve to smear the reputation of Mr. O'Neal in the eyes of the jury but would also not be probative to any fact of consequence in the case at issue.

Further, this evidence would be substantially more prejudicial than probative. *See* Fed. R. Evid. 403. Because the facts of the case at hand are removed from any past disciplinary matters, the disciplinary record has little to no probative value. The prejudicial effect of past disciplinary citations, however, would be very high. Plaintiff's disciplinary would cause the jury to draw negative inferences about Plaintiff that will prejudice them against him, despite the fact that these inferences will have nothing to do with the merits of the case. Unlike the record of a non-incarcerated citizen, which the jury could fairly interpret based on their own experiences, the jury cannot fairly interpret the disciplinary record of an incarcerated person. They would have no way to know if such a record is irregular or egregious, or simply a fact of prison life. Therefore, the primary use of this evidence, even if it did have some probative value, would be to unfairly prejudice the jury against Plaintiff. Thus, such evidence should be barred under Rule 403, as the potential unfair prejudicial value substantially outweighs any potential probative value.

Finally, evidence of Mr. O'Neal's disciplinary record should be barred as improper character evidence pursuant to Rule 404. Under this rule, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404. The only potentially probative value of this evidence would be to advance a propensity argument, suggesting that, because Mr. O'Neal

had a poor character and had broken correctional center policies before, it was more likely that

he had a poor character and deserved whatever treatment he received at the time of the incident

in question. This is the exact type of propensity argument which Rule 404 bars. Therefore, this

evidence should be excluded.

Plaintiff therefore moves *in limine* to exclude testimony and evidence regarding any

reference by the Defendants to any Plaintiff's disciplinary history at the Illinois Department of

Corrections.

## IV.    This Court Should Ensure That Plaintiff is Treated with Neutrality and Respect in Presence of the Jury by Preventing Needless Reminders and Implications that Defendant is a Prisoner.

Plaintiff requests this Court avoid conveying to the jury that Plaintiff is dangerous or in

any way undeserving of his constitutional rights as a citizen. Plaintiff requests he be treated with

neutrality, if not respect, in the presence of the jury, by allowing Plaintiff to dress in civilian

clothing, if available to him, whenever the jurors are likely observe him; to be free of all physical

restraints during hearings where jurors or potential jurors may be present; to have prison security

or IDOC security to be unobtrusive and far away as practicable; and prevent the jury form

viewing the Plaintiff in restraints in the hallway or during his transportation to and from the U.S.

Marshals' holding cell so as to avoid unfair prejudice under Federal Rule of Evidence 403.

Evidence should be excluded if the probative value of the evidence is substantially

outweighed by the danger of unfair prejudice; if the admission of the evidence would create

confusion of the issues or mislead the jury; or to prevent undue delay, waste of time, or needless

presentation of cumulative evidence. Fed. R. Evid. 403. Requiring Plaintiff to wear restraints and

clothing that suggests that he is incarcerated would be unduly prejudicial, implying to the jury

that Mr. O'Neal is a bad person undeserving of any damages or justice regardless of the merits of

his case, and it might confuse the jury as to who in the proceeding before them is the "accused" and who is the "accuser." Such potential prejudice is both needless and unfair.

Furthermore, any ordinary practical reasons for restraining Mr. O'Neal in a courtroom are not necessary in the instant civil proceeding where Plaintiff is the alleged victim and where both prison and courtroom security, who are trained to ensure public safety and peace, will be present during the trial.

Moreover, a request for an individual to remain in civilian clothing and free of restraints is routine in the world of criminal trials. As the United States Supreme Court has previously acknowledged in criminal contexts, accused individuals cannot be compelled to wear "identifiable prison clothes" while standing trial before a jury, because "the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment." *Estelle v. Williams*, 425 U.S. 501, 504–05, 512 (1976). Similarly, the United States Supreme Court has also instructed that "no person should be tried while shackled and gagged except as a last resort." *Illinois v. Allen*, 397 U.S. 337, 344 (1970). As the United States Supreme Court has before explained, "[t]he appearance of the offender . . . in shackles . . . almost inevitably implies to a jury, as a matter of common sense, that court authorities consider the offender a danger to the community—often a statutory aggravator and nearly always a relevant factor in jury decision-making, even where the State does not specifically argue the point. . . . It also almost inevitably affects adversely the jury's perception of the character of the [offender]." *Deck v. Missouri*, 544 U.S. 622, 633 (2005). Analogous to the adverse impact that restraints might have on a jury's perception in a criminal trial, seeing Plaintiff in restraints during his civil trial might negatively and unfairly affect the jury's opinion of the Plaintiff in this case.

Lastly, for the same reasons that Plaintiff requests being free of shackles and prison clothing during trial, Plaintiff also respectfully requests that the presence of prison security be unobtrusive and that the officers be seated as far away from Plaintiff as practicable within the courtroom and remain a reasonable distance from Plaintiff during the trial. Since most individuals today are immune to the presence of security personnel and armed guards in public places as being a routine precaution, Plaintiff prays that the Court will do everything possible not to draw any unnecessary attention to Plaintiff's special status as an inmate, which ultimately is not relevant to the determination of whether Defendant violated Plaintiff's constitutional rights.

Plaintiff therefore moves *in limine* that this Court ensure that Plaintiff is treated with respect and neutrality in the presence of the jury.

WHEREFORE, Plaintiff, AARON O'NEAL, respectfully requests the Court enter an Order *in limine* ensuring the following:

1. All evidence pertaining to Aaron O'Neal's prior criminal convictions, including, but not limited to aggravated sexual assault with a weapon, aggravated sexual assault with bodily harm, aggravated sexual assault with threat of life, possession of a controlled substance with intent to manufacture or deliver, or attempted murder.

2. All evidence pertaining to any inmate witnesses prior criminal convictions.

3. Any reference to Plaintiff's disciplinary history in the Illinois Department of Corrections.

4. Conveying to the jury that Plaintiff is dangerous or in any way undeserving of his constitutional rights as a citizen. Plaintiff requests he be treated with neutrality, if not respect, in the presence of the jury, by allowing for:

a.  The Plaintiff to dress in civilian clothing at all times in which the jurors may likely observe him;

b.  The Plaintiff to be free of all physical restraints during hearings where jurors or potential jurors may be present;

c.  Prison security or IDOC security to be unobtrusive, remain a reasonable distance from Plaintiff, and be seated as far away from Plaintiff as practicable; and

d.  The Jury to never view the Plaintiff in restraints in the hallway or during his transportation to and from the U.S. Marshals' holding cell.

Respectfully submitted,

Aaron O'Neal, Plaintiff

By:
/s Reede Neutze
/s Stephen Beemsterboer

University of Illinois
College of Law
Federal Civil Rights Clinic
504 E. Pennsylvania Ave.
Champaign, IL 61820
smb9@illinois.edu
aneutze2@illinois.edu

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| AARON O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-04063-SEM-TSH |
| | ) | |
| MANUEL ROJAS, et al., | ) | Judge Sue E. Myerscough |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

We hereby certify that on March 21, 2022, we electronically filed Plaintiff's

Memorandum in Support of Motions in Limine with the Clerk of the Court using the CM/ECF

system, which will send notification of the filing to Defendants' attorney below:


Maria D. Gray
ILLINOIS ATTORNEY GENERAL
500 S. Second Street
Springfield, IL 62701
(217) 782-5819
Maria.Gray@ilag.gov


/s Reede Neutze
/s Stephen Beemsterboer

*Attorneys for the Plaintiff*
University of Illinois
College of Law
Federal Civil Rights Clinic
504 E. Pennsylvania Ave.
Champaign, IL 61820
aneutze2@illinois.edu
smb9@illinois.edu

14

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AARON O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-04063-SEM-TSH |
| | ) | |
| MANUEL ROJAS, et al., | ) | Judge Sue E. Myerscough |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF TYPE VOLUME COMPLIANCE</u>

We hereby certify that on March 21, 2022, the electronically filed *Plaintiff's Memorandum in Support of Motions in Limine* complies with the type volume limitation under Local Rule 7.1(B)(4) in that it contains 3,670 words and 19,713 characters, which is less than the 7,000 word or 45,000 character limits.

<u>/s Reede Neutze</u>

<u>/s Stephen Beemsterboer</u>

University of Illinois
College of Law
Federal Civil Rights Clinic
504 E. Pennsylvania Ave.
Champaign, IL 61820
smb9@illinois.edu
aneutze2@illinois.edu