UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON O'NEAL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-4063-SEM-TSH |
| JOHN BALDWIN, et al., | ) |
| Defendants | ) |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE***

NOW COME the Defendants, JOHN BALDWIN, STEPHANIE DORETHY, JOHN FROST, STEVE GANS, MELISSA PELKER, and, MANUEL ROJAS, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and hereby respond to Plaintiff's Motions *in Limine*, stating as follows:

### Introduction

The Plaintiff, Aaron O'Neal, filed this action pursuant to 42 U.S.C. §1983 for alleged violations of his rights guaranteed him by the United States Constitution. (Doc. 1).  Plaintiff's claims relate to;  (1) whether Defendant Rojas retaliated against Plaintiff, (2) whether all named Defendants barred him from meatless meals on Friday during Lent, and (3) whether all named Defendants granted inmates of other religions a religious diet, but not the Plaintiff.

For the reasons argues below, Plaintiff's motions *in limine* 1, 2, 3, and 4 should be denied.

**I.      Plaintiff's motion *in limine* number 1 should be denied.**

Plaintiff's motion *in limine* should be denied to the extent that Defendants may refer to the fact that Plaintiff has been convicted of felonies in accordance with the Federal Rules of Evidence.

Evidence related to impeachment by conviction is probative and can assist the jury in assessing witness credibility. *United States v. Neely*, 980 F2d. 1074, 1080 (7th Cir. 1992). Further, there is a presumption in favor of admitting such evidence. Fed. R. Evid. 609(a)(1)(A).

Plaintiff admits that he has seven criminal convictions, each of which are felonies. (Doc. 102, pp. 5-6). Evidence that Plaintiff and his witness have been convicted of felonies should be allowed because Plaintiff has failed to demonstrate that evidence of these convictions is inadmissible for any purpose. *United States v. Lillie*, 669 F. Supp. 2d 903, 905 (N.D. Ill. 2009). Moreover, the prejudicial effect of this evidence is not substantially outweighed by its probative value. Fed. R. Evid. 403. In looking at whether Rule 403 is met by unfair prejudice that substantially outweighs probative value, not all crimes meet the burden for exclusion. *Jones v. Sheahan*, 2003 WL 21654279 at *5 (N.D. Ill. July 14, 2003) (something more than a general negative impression is needed to tip the balance in favor of exclusion). Plaintiff's credibility is directly at issue in this case as his own testimony regarding the events of this suit are his evidence, and Congress has determined that evidence of prior felony convictions bears on witness credibility. When allowing the use of a conviction to impeach credibility, the courts have restricted the facts admitted to the crime charged and the date and the disposition (guilty or not guilty). *Charles v. Cotter*, 867 F. Supp. 648, 656 (N.D. Ill. 1994), citing *Campbell v. Greer*, 831 F.2d 700 (7th Cir. 1987).

Therefore, this Court should deny Plaintiff's motion *in limine* number 1, and Defendants should be permitted to introduce the prior convictions of Plaintiff that fall within Rule 609 in a manner that does not diminish them but also does not exceed the bounds set forth in prior cases.

II. **Plaintiff's motion *in limine* number 2 should be denied.**

Plaintiff's motion *in limine* should be denied to the extent that Defendants may refer to the

fact that any individual in custody that is called as a witness has been convicted of a felony.

Defendants incorporate the same arguments regarding each of the criminal convictions for a felony for each of the individual in custody witnesses, as each has been convicted of a felony. Evidence related to impeachment by conviction is probative and can assist the jury in assessing witness credibility. *United States v. Neely*, 980 F2d. 1074, 1080 (7th Cir. 1992). Further, there is a presumption in favor of admitting such evidence. Fed. R. Evid. 609(a)(1)(A).

Each of Plaintiff's witnesses that are individuals in custody have been convicted of at least one felony. Evidence that Plaintiff's witness have been convicted of felonies should be allowed because Plaintiff has failed to demonstrate that evidence of these convictions is inadmissible for any purpose. *United States v. Lillie*, 669 F. Supp. 2d 903, 905 (N.D. Ill. 2009). Moreover, the prejudicial effect of this evidence is not substantially outweighed by its probative value. Fed. R. Evid. 403. In looking at whether Rule 403 is met by unfair prejudice that substantially outweighs probative value, not all crimes meet the burden for exclusion. *Jones v. Sheahan*, 2003 WL 21654279 at *5 (N.D. Ill. July 14, 2003) (something more than a general negative impression is needed to tip the balance in favor of exclusion). Plaintiff's witnesses' credibility is directly at issue in this case as their testimony regarding the events of this suit are part of his evidence, and Congress has determined that evidence of prior felony convictions bears on witness credibility. When allowing the use of a conviction to impeach credibility, the courts have restricted the facts admitted to the crime charged and the date and the disposition (guilty or not guilty). *Charles v. Cotter*, 867 F. Supp. 648, 656 (N.D. Ill. 1994), citing *Campbell v. Greer*, 831 F.2d 700 (7th Cir. 1987).

**III.    Plaintiff's motion *in limine* number 3 should be denied.**

In his motion *in limine* number 3, Plaintiff seeks to exclude any reference to his disciplinary

history while in the Illinois Department of Corrections. Specifically, Plaintiff seeks to bar all mention of any of Plaintiff's disciplinary history by the Defendants.

Defendants do not seek to introduce evidence that Plaintiff is violent or has a long disciplinary record; nor have they sought to introduce the Plaintiff's disciplinary history as an exhibit on the parties' joint final pretrial order. Defendants do not anticipate introducing testimony or evidence of Plaintiff's disciplinary history, unless Plaintiff makes mention of his disciplinary history or lack thereof or if Plaintiff's counsel elicits that information specifically from Defendants on direct or cross-examination.

Clearly if Plaintiff was to make any mention of his own disciplinary history, Plaintiff's arguments would be moot with regard to Federal Rule 401 as he would be opening the door to this line of inquiry. The same would be accurate if Plaintiff's counsel asked about Plaintiff's reputation at the facility, clearly whether Plaintiff is consistently in trouble is relevant to an individual providing this information. If either of these situations arise, witnesses should not be barred from discussing how they came to form their opinions., especially if this information is elicited through Plaintiff's testimony or his counsel's questions.

**IV.    Plaintiff's motion *in limine* 4 should be denied in part.**

Defendants have no objection to Plaintiff's request that he wear civilian clothing for trial, as long as the clothing is subject to search by IDOC security staff. Yet, the remainder of Plaintiff's requests in motion *in limine* 4 are overly broad and could interfere with IDOC's security needs. Plaintiff seeks removal of all of Plaintiff's restraints. Typically, the Court will order the removal of handcuffs, but leave on leg restraints. As long as the leg restraints are kept away from and out of view of the jury, this ordinarily causes no prejudice to the inmate-plaintiff. Plaintiff also seeks to mandate where IDOC employees may sit in relation to Plaintiff. The jury will be well aware

that Plaintiff is an incarcerated individual and that Defendants are current or former IDOC employees. The security staff escorting Plaintiff typically remain unobtrusive, and do not make their presence known; however, they must be ready to act if there are any security issues related to Plaintiff. Accordingly, Plaintiff's motion *in limine* 4 should be denied in part.

WHEREFORE, for the foregoing reasons, the Defendants pray this honorable Court deny Plaintiff's Motions *in limine* 1, 2, 3 and 4.

                                                Respectfully submitted,

                                                JOHN BALDWIN, FREDDIE BRITTON, STEPHANIE DORETHY, JOHN FROST, STEVE GANS, MELISSA PELKER, and, MANUEL ROJAS,

                                                Defendants,

                                                KWAME RAOUL, Attorney General,
                                                State of Illinois

| | |
|---|---|
| Maria D. Gray, #6323981 | Attorney for Defendants, |
| Assistant Attorney General | |
| 500 South Second Street | By: s/ Maria D. Gray |
| Springfield, IL  62701 |      Maria D. Gray |
| Phone: (217) 785-4555 |      Assistant Attorney General |
| Fax:    (217) 782-8767 | |
| Email:  maria.gray@ilag.gov | |

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON O'NEAL, )<br>)<br>  Plaintiff, )<br>)<br>             vs. )<br>)<br>JOHN BALDWIN, et al., )<br>)<br>  Defendants ) | Case No. 18-cv-4063-SEM-TSH |

### CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2022, the foregoing document, *Defendants' Response to Plaintiff's Motion in Limine* was electronically filed with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

   Reede Neutze           aneutze2@illinois.edu
   Stephen Beemsterboer   smb9@illinois.edu

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

NONE

By: /s/ Maria D. Gray
   Maria D. Gray #6323981
   Assistant Attorney General
   500 South Second Street
   Springfield, Illinois  62701
   (217) 782-9026 Phone
   (217) 524-5091 Fax
   Email: Maria.Gray@ilag.gov