E-FILED
Friday, 25 March, 2022  12:11:40 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| AARON O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:18-cv-04063-SEM-TSH |
| v. | ) | |
| | ) | The Honorable Sue E. Myerscough |
| MANUEL ROJAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE***

NOW COMES the Plaintiff, AARON O'NEAL, by his attorneys, Reede Neutze and

Stephen Beemsterboer, of the University of Illinois Federal Civil Rights Clinic, and for

Plaintiff's Response to Defendants' Motions *in Limine* state as follows:

**I.     The Court Should Prohibit Plaintiff from Offering Evidence or Testimony, or
        Otherwise Suggesting, that the State of Illinois May Indemnify Defendants.[1]**

Plaintiff does not contest this motion as a general matter. However, as the cases cited by

Defendants make clear, such evidence would become proper and admissible to the extent

necessary to correct any suggestion made or elicited by Defendants' counsel that could

affirmatively mislead the jury into believing that Defendants will, in fact, be responsible for any

monetary judgments awarded to Plaintiff. *Lawson v. Trowbridge*, 153 F.3d 368, 379–80 (7th Cir.

1998). Just as the collateral source rule generally serves to mitigate a jury's potential tendency to

inflate an award when a collateral payment source is known, so too is it necessary to mitigate a

jury's potential tendency to discount an award on the basis of any particular defendant's financial

---

[1] To avoid any doubt, Defendants' headings are reproduced here for clarity and ease of reference; they should not be
construed as Plaintiff's own assertions.

situation where that defendant ultimately will not be liable for the monetary judgment. *See id.* In recognizing the possibility, Plaintiff respectfully reserves the right to reraise this issue should it arise in the course of the trial.

## II. The Court Should Prohibit Plaintiff from Offering Evidence or Testimony of Other Lawsuits Involving the Defendants.

Defendants' Motion *in Limine* II should be denied as premature and overly broad. As reflected in the Proposed Pretrial Order submitted to the Court, Plaintiff does not currently plan to introduce any such evidence. (This is due, in part, to the fact that Defendants universally expressed ignorance as to the existence of other such lawsuits in the course of their depositions and frivolously objected to production of the same during written discovery.) Should any such evidence come to light, it's impossible to say at this time whether it would be probative or have any risk of prejudicial effect. As such, the motion should be denied as premature. Furthermore, the motion is overly broad and should be denied to the extent that it would ensnare reference to any statements made by Defendants in the course of earlier lawsuits that are inconsistent with statements made at trial in the present case—a perfectly valid basis to impeach a witness's testimony. *See* Fed. R. Evid. 613 (witness's prior statement). For these reasons, Defendants' Motion *in Limine* II should be denied.

## III. The Court Should Prohibit Plaintiff from Offering Evidence or Testimony of Any Misconduct, Reprimand, or Grievance issued against the Defendant.

Defendants' Motion *in Limine* III should be denied. At the outset, Plaintiff does not read Defendants' motion to seek exclusion of Plaintiff's own grievances and appeals that directly underlie the present controversy regarding his religious diet accommodations; however, to the extent that it does, it should be denied. Of course, the handling of such grievances and/or appeals

by Defendants Gans, Frost, Dorethy, Pelker, and Baldwin are the very basis for the claims asserted against them, and the relevance (indeed, necessity) of these grievances and appeals as evidence to establish those claims should go without saying. As for the claims against Defendant Rojas, Plaintiff's own grievance is relevant in that it serves to corroborate Plaintiff's account, tending to show consistency over time and serving as a contemporaneous record of its details. Thus, to the extent Defendants' third motion *in limine* seeks to exclude these integral pieces of evidence, it should be denied.

Evidence pertaining to other grievances stemming from religious accommodations should be admitted as well. Plaintiff alleges discrimination on the basis of his Catholic faith, and grievances that center around religious diet requests for other Catholic inmates are relevant circumstantial evidence that go to the state of mind and intent of Defendants. Such evidence "has a[] tendency to make a fact [of consequence] more or less probable," Fed. R. Evid. 401, the fact of consequence being whether Defendants' conduct in depriving Plaintiff of a religious diet accommodation can be explained by some non-discriminatory justification specific to Plaintiff's situation, or whether the conduct was motivated, at least in part, by a discriminatory motive rooted in the grievants' Catholic faith. Where there are grievances that were handled similarly for other Catholic inmates, it is less likely that any proffered non-discriminatory justification for Plaintiff's treatment would actually be legitimate if the same justification does not also apply to the situations involving those other Catholic inmates. Furthermore, any such grievances would not amount to impermissible propensity evidence under Rule 404(b). To be sure, *whether* Defendants took a particular course of action is not seriously at issue here; rather, what is at issue is *why* Defendants took the particular course of action that they did. As the Rule expressly provides, "other acts" evidence is permissible to show, for example, "motive" and "intent." Fed. R. Evid. 404(b)(2).

Any record of prior misconduct, reprimand, or other grievance involving Defendants, whether related to the events of this case or otherwise, if relevant, should also be admitted. With that said, at this time, Plaintiff does not possess (nor, by extension, plan to introduce) any evidence that falls in this category, other than the aforementioned religious-diet-related grievances and appeals. If records of this nature exist, Defendants should specifically disclose them so the Court and Plaintiff can duly review them. Only at such time would it be proper to evaluate whether that evidence would be probative or pose any risk of prejudice.

Because any evidence of this nature that is either planned or likely to be introduced is both relevant and proper, Defendants' Motion *in Limine* III should be denied.

IV.     **The Court Should Prohibit Plaintiff from Offering Evidence or Testimony Referencing Any "Golden Rule" appeal.**

Plaintiff does not contest this motion.

V.      **Plaintiff Should be Barred From Offering IDOC and Facility Directives, Regulation, and Statutes at Trial.**

Defendants' Motion *in Limine* V should be denied. Contrary to Defendants' assertions, departmental rules, facility directives, and state statutes are highly relevant to the facts of consequence in this case. Key questions include whether Defendants acted with discriminatory purpose and whether Defendant Rojas acted in retaliation. The Seventh Circuit has held time and again that "[i]t is well settled law that departures from established practices may evince discriminatory intent." *Nabozny v. Podlesny*, 92 F.3d 446, 455 (7th Cir. 1996) (citing *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 267 (1977)); *Hanners v. Trent*, 674 F.3d 683, 694 (7th Cir. 2012). The same is true for retaliation. *See Hobgood v. Illinois*

*Gaming Bd.*, 731 F.3d 635, 645 (7th Cir. 2013) ("A jury could infer from this departure from policy that the [conduct] was retaliatory . . . .").

In short, "[s]ignificant, unexplained or systematic deviations from established policies or practices can no doubt be relative and probative circumstantial evidence of unlawful intent." *Id.* (quoting *Hanners*, 674 F.3d at 694) (brackets omitted). Of course, deviations from policy can hardly be shown without establishing what those policies even are in the first place. Furthermore, since punitive damages are sought in this case, deviations from official policy are also relevant because they make the existence of the requisite intent for such damages more likely. As the Supreme Court held in *Smith v. Wade*, "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." 461 U.S. 30, 56 (1983). Thus, evidence that would bear upon a defendant's intent is particularly relevant here. *See Hobgood*, 731 F.3d at 645.

Additionally, directives, regulations, and statutes are relevant to the extent that they are necessary for Plaintiff to establish a coherent narrative and aid the jury's understanding of the numerous claims and defendants involved. *See Old Chief v. United States*, 519 U.S. 172, 187 (1997) ("Evidence thus has force beyond any linear scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict."). The grievance and religious diet procedures that are central to this case, including the role of each defendant with respect to these procedures, will no doubt be challenging for the members of the jury to understand and keep straight. Referencing relevant regulations will help complete the picture for the jury, providing the necessary background to

contextualize Defendants' actions. *See* Fed. R. Evid. 401 advisory committee's note to proposed rules ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding."). Indeed, it would be confusing and unexpected to portray to the jury Plaintiff's diet requests and grievances, as well as Defendants' actions in response, in an abstract way divorced from the very policies that govern those procedures. *See Old Chief*, 519 U.S. at 187–88 ("Th[e] persuasive power of the concrete and particular is often essential to the capacity of jurors to satisfy the obligations that the law places on them. . . . [T]here lies the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be."). Not only are directives, regulations, and statutes relevant, it would be unnecessary and unduly burdensome to require Plaintiff's counsel to dance around mention of them in putting on Plaintiff's case.

In short, Defendants' claim of irrelevance is simply unfounded. To be sure, the cases cited for that proposition, which pertain to claims of excessive force, are entirely inapposite. Unlike those cases, there is not a question here of the reasonableness of any action, let alone an action involving the use of force. Whatever force a similar claim of irrelevance has in those cases is, ironically, irrelevant here. Defendants' Motion *in Limine* V should be denied.

## VI. Plaintiff and his Witnesses Should be Barred from Testifying at Trial Regarding the Causation of any Medical or Mental Health Condition.

Defendants' Motion *in Limine* VI should be denied. Plaintiff and his witnesses should be able to testify about the cause of any medical conditions precipitated by, or otherwise relevant to, the events and actions underlying this case. Rules 701 and 702 only prohibit a lay witness from offering testimony that requires scientific or otherwise specialized knowledge. However, a lay witness, such as Plaintiff himself, is permitted to testify about his "rationally based . . .

perception[s]," provided they are "helpful" and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Additionally, "[a] Plaintiff may testify about their symptoms, their pain and the treatment they underwent." *Taylor v. N.E. Illinois Regl. Commuter R.R. Corp.*, 04 C 7270, 2008 WL 244303, at *6 (N.D. Ill. Jan. 28, 2008) (citing *Townsend v. Benya*, 287 F. Supp. 2d 868, 875 (N.D. Ill. 2003)). Moreover, the Seventh Circuit has held that "a witness does not need to be a doctor to discuss his or her health in general terms." *Collins v. Kibort,* 143 F.3d 331, 337 (7th Cir. 1998).

Thus, a lay witness without any technical expertise could explain what his condition was, relay the symptoms he experienced, describe the timeline of events that occurred, and generally convey his perception of, and the sensations felt by, his body. None of these statements (or the like) would be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Instead, all of these would be proper lay witness opinion testimony that does not run afoul of Rule 701. *Id*. Thus, Plaintiff is not only equipped but permitted to render opinions about his medical health conditions and the requirements of care for his body as they pertain to this case. Defendants' Motion *in Limine* VI should be denied.

## VII. Plaintiff Should be Barred from Offering Inadmissible Hearsay Statements of Any Medical or Mental Health Conditions.

Defendants' Motion *in Limine* VII should be denied. Such statements are likely to fall under the well-established exception to the general hearsay rule that permits admission of statements made for medical diagnosis or treatment. Fed. R. Evid. 803(4). In particular, Rule 803(4)(a) allows a proponent to offer out-of-court statements for the truth of the matter asserted if they were made for, and are reasonably pertinent to, medical diagnosis or treatment. Fed. R. Evid. 803(4)(a). Additionally, part (b) of that rule allows for statements that describe medical

history, past or present symptoms or sensations, and their inception or general cause. Fed. R.

Evid. 803(4)(b). It should be noted, as well, that the exception applies regardless of whether the

declarant is available as a witness. Fed. R. Evid. 803.

The Seventh Circuit has elaborated that statements that "reveal symptoms, objective data,

surrounding circumstances or any similar factual data that a reasonable physician would consider

relevant in the treatment or even diagnosis of a medical condition" are generally admissible

under this rule. *Gong v. Hirsch*, 913 F.2d 1269, 1274 (7th Cir. 1990) (emphasis deleted). It has

further explained that "[t]he rationale behind Rule 803(4) is that a patient's self-interest in

promoting the cure of his own medical ailments guarantees the reliability of statements the

patient makes for purposes of diagnosis or treatment." *Id.* at 1273. Defendants' Motion *in Limine*

VIII, a request for an outright bar on a category of evidence whose admissibility is expressly

countenanced by the Federal Rules of Evidence, should be denied.


WHEREFORE, for the above and foregoing reasons, AARON O'NEAL, respectfully

requests that this Honorable Court rule in keeping with this Memorandum and deny Defendants'

Second, Third, Fifth, Sixth, and Seventh Motions *in Limine*.


<div style="margin-left:40%">

Respectfully Submitted,

By:    /s Reede Neutze
       /s Stephen Beemsterboer
       *Attorneys for Plaintiff*

University of Illinois College of Law
Federal Civil Rights Clinic
504 E. Pennsylvania Avenue
Champaign, IL 61820
aneutze2@illinois.edu
smb9@illinois.edu

</div>

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| AARON O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:18-cv-04063-SEM-TSH |
| v. | ) | |
| | ) | The Honorable Sue E. Myerscough |
| MANUEL ROJAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

We hereby certify that on March 25, 2022, we electronically filed Plaintiff's Response to Defendant's Motions in Limine with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to Defendant's attorney below:

Maria Gray
Office of the Illinois Attorney General
500 S. Second Street
Springfield, Illinois 62701
217-782-5819
Maria.Gray@ilag.gov

/s Reede Neutze
/s Stephen Beemsterboer
*Attorneys for Plaintiff*

University of Illinois College of Law
Federal Civil Rights Clinic
504 E. Pennsylvania Avenue
Champaign, IL 61820
aneutze2@illinois.edu
smb9@illinois.edu