**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| AARON O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-04063 |
| | ) | |
| MANUEL ROJAS, *et al.*, | ) | Hon. Sue E. Myerscough |
| | ) | |
| Defendants. | ) | |

## FINAL PRETRIAL ORDER

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

Reede Neutze and Stephen Beemsterboer, having appeared as counsel for Plaintiff Aaron O'Neal; and

Maria D. Gray, having appeared as counsel for Defendants Manuel Rojas, Steve Gans, John Frost, Stephanie Dorethy, John Baldwin and Melissa Pelker;

the following action was taken:

### I.     NATURE OF ACTION

This is an action for money damages brought by Plaintiff Aaron O'Neal pursuant to 42 U.S.C. § 1983 alleging violations of his First and Fourteenth Amendment rights while an inmate in the custody of the Illinois Department of Corrections ("IDOC"). This action was filed against Defendants Manuel Rojas, Steve Gans, John Frost, Stephanie Dorethy, John Baldwin, and Melissa Pelker (f/k/a Phoenix), employees of IDOC at all times relevant to the complaint, in their individual capacities. Plaintiff was housed at Hill Correctional Center ("Hill") from 2005 to late 2021.

Plaintiff alleges that, Defendants violated Plaintiff's religious rights by not providing him with meatless meals during the Lenten season, in violation of his First Amendment rights. Plaintiff further alleges that in 2016 Defendant Rojas retaliated against Plaintiff by precluding him from attending religious services for six to eight months after Plaintiff confronted Defendant Rojas, in violation of his First Amendment rights. Plaintiff alleges that Defendants violated his Fourteenth Amendment Equal Protection Rights when they granted inmates of other religions a religious diet but not him.

Defendants deny they violated any of Plaintiff's constitutional rights and that Plaintiff is entitled to any relief in this case.

## II.    JOINT STATEMENT

### A.    Jurisdiction

This is a civil case arising under 42 U.S.C. §1983. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The jurisdiction of this Court is not in dispute. Whether Plaintiff exhausted his administrative remedies is not in dispute.

### B.    Uncontested Issues of Fact

1. At all relevant times, Plaintiff was an inmate at Hill Correctional Center.

2. Plaintiff is currently incarcerated at Southwestern Correction Center.

3. At all relevant times, Defendants Manuel Rojas, Stephanie Dorethy, Steve Gans, and John Frost were employed by IDOC and worked at Hill.

4. At all relevant times, Defendants John Baldwin and Melissa Pelker were employed by IDOC.

### C.    Uncontested Issues of Law

1. The Defendants acted under color of state law.

**D.    Contested Issues of Fact**

1. Whether Defendants Rojas, Dorethy, Frost, Gans, Pheonix (Pelker), and Baldwin violated Plaintiff's First Amendment rights by failing to provide him with meatless meals on Fridays during Lent.

2. Whether Defendants Rojas, Dorethy, Frost, Gans, Phoenix (Pelker), and Baldwin violated Plaintiff's Fourteenth Amendment rights regarding Catholic services.

3. Whether Defendant Rojas violated Plaintiff's First Amendment rights by retaliating against him.

4. Whether Defendant Rojas had a conversation with Plaintiff in February or March of 2016.

5. Whether Defendant Rojas precluded Plaintiff from attending religious services for six to eight months in 2016 following the alleged conversation in March.

6. Whether Plaintiff ever received a diet consistent with his religious faith on Fridays during Lent for all three meals while incarcerated at Hill.

7. Whether Defendants acted with intent to violate or with deliberate indifference to Plaintiff's constitutional rights.

8. Whether Defendant Rojas provided Religious Diet Request forms to Catholic inmates prior to 2018.

9. At all relevant times, Plaintiff was and professed to be a practicing Catholic.

10. Plaintiff's formal religious diet requests for the Lenten season were never approved during the timeline relevant to this case.

11. Other religious groups were provided alternative meals consistent with their religious practice.

12. Defendant Rojas precluded Plaintiff from attending at least one Cursillo service and one Ultreya service in March of 2016.

**E.    Contested Issues of Law**

1. Whether Defendants violated 42 U.S.C. § 1983 and Plaintiff's First Amendment right to reasonable opportunities to practice his religion.

2. Whether Defendant Rojas violated 42 U.S.C. § 1983 and Plaintiff's First Amendment right to free speech.

3. Whether Defendants violated 42 U.S.C. § 1983 and Plaintiff's Fourteenth Amendment Equal Protection rights.

**F.    Jury Demand**

Plaintiff has demanded a trial by jury.

### III.    PLAINTIFF'S STATEMENT

**A.    Itemized Statement of Damages**

1. Plaintiff seeks an award of compensatory damages for commissary expenses in the following amounts:

   a. $266.06 jointly and severally against Defendant Manuel Rojas

   b. $266.06 jointly and severally against Defendant Stephanie Dorethy

   c. $266.06 jointly and severally against Defendant Melissa Pelker

   d. $266.06 jointly and severally against Defendant John Baldwin

   e. $266.06 jointly and severally against Defendant Steve Gans

   f. $266.06 jointly and severally against Defendant John Frost

2. In the event the jury does not award compensatory damages, Plaintiff seeks an award of nominal damages in the amount of $1.00 for each of the defendants.

3. Plaintiff seeks an award of punitive damages for defendants in the following amounts:

   **a.** $60,000 against Defendant Manuel Rojas

   **b.** $60,000 against Defendant Stephanie Dorethy

   **c.** $60,000 against Defendant Melissa Pelker

   **d.** $60,000 against Defendant John Baldwin

   **e.** $50,000 against Defendant Steve Gans

   **f.** $30,000 against Defendant John Frost

## IV.     EXHIBITS ATTACHED

The following are attached as exhibits to this order and are made a part hereof:

A.     Stipulation of Uncontested Facts and Issues of Law

B.     Witness List for Plaintiff

C.     Witness List for Defendants

D.     Exhibit List for Plaintiff

E.     Exhibit List for Defendants

F.     Plaintiff's Demonstrative Aids

G.     Proposed Jury Instructions

H.     Pretrial Motions

## V.     ADDITIONAL MATTERS

The following additional action was taken:

1.     The testimony of the following inmate witnesses is necessary for trial. The Clerk is directed to issue a Video Writ for the following inmate witnesses to appear by videoconference:

| Name | IDOC # | Current Correctional Center |
|------|--------|-----------------------------|
| Robert Shachter | M51366 | Hill Correctional Center |
| Mitchell B. Tedd | B67475 | Hill Correctional Center |
| John Lavelle | R58527 | Danville Correctional Center |

2. The testimony of the Defendants is necessary for trial. Defendants will appear to testify in person at trial:

| Name | Title | Current Correctional Center |
|---|---|---|
| Manuel Rojas | Retired | |
| Stephanie Dorethy | Regional Director | Indiana Department of Corrections |
| John Baldwin | Retired | |
| Melissa Pelker | Retired | |
| John Frost | Retired | |
| Steve Gans | Retired | |

3. The testimony of the Plaintiff's expert witness, Father Matthew Baugh, is necessary for trial. The Clerk is directed to facilitate the videoconference when Plaintiff calls the witness to testify at trial.

4. The testimony and presence of the plaintiff, Aaron O'Neal, #N53022, is necessary for trial. The Clerk is directed to issue an in-person writ for the Plaintiff's appearance. Plaintiff is presently incarcerated at Southwestern Correctional Center.

IT IS UNDERSTOOD BY THE PARTIES THAT:

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed **three** full days. The case will be listed on the trial calendar to be tried when reached.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

Any additional proposed jury instructions shall be submitted to the Court within seven days before the commencement of the trial, but counsel for the respective parties have the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

IT IS SO ORDERED

s/ Karen L. McNaught

Karen L. McNaught
U.S. Magistrate Judge

Date Entered: 6/2/2022

APPROVED AS TO FORM AND SUBSTANCE:

s/ Stephen Beemsterboer

s/ Alexandra Reede Neutze

U of I College Law Students
on behalf of Plaintiff

s/ AAG Maria Gray

Attorney for Defendants

# EXHIBIT A

Stipulation of Uncontested Facts
and Issues of Law

## STIPULATION OF UNCONTESTED FACTS

1. During all relevant times Defendants were employed by IDOC.

## STIPULATION OF UNCONTESTED ISSUES OF LAW

1. The Defendants acted under color of state law.

# Exhibit B

Witness List for Plaintiff

**WITNESS LIST FOR PLAINTIFF**

| WITNESS NAME | ADDRESS | EXPERT | ADVERSE |
|---|---|---|---|
| Aaron O'Neal | Southwestern Correctional Center 950 Kingshighway East St. Louis, IL 62203 | | |
| Matthew Baugh | [REDACTED] | X | |
| John Lavelle | Danville Correctional Center 3820 E. Main St. Danville, IL 61834 | | |
| Robert Shachter | Hill Correctional Center 600 S. Linwood Rd. Galesburg, IL 61401 | | |
| Mitchell B. Tedd | Hill Correctional Center 600 S. Linwood Rd. Galesburg, IL 61401 | | |
| Manuel Rojas | Illinois Attorney General 500 S. Second St. Springfield, IL 62701 | | X |
| Stephanie Dorethy | Illinois Attorney General 500 S. Second St. Springfield, IL 62701 | | X |
| John Frost | Illinois Attorney General 500 S. Second St. Springfield, IL 62701 | | X |
| John Baldwin | Illinois Attorney General 500 S. Second St. Springfield, IL 62701 | | X |
| Steve Gans | Illinois Attorney General 500 S. Second St. Springfield, IL 62701 | | X |
| Melissa Pelker | Illinois Attorney General 500 S. Second St. Springfield, IL 62701 | | X |
| Freddie Britton | Illinois Attorney General 500 S. Second St. Springfield, IL 62701 | | X |
| Robert Rodriguez | Heyl, Royster, Voelker, & Allen, P.C. 300 Hamilton Blvd. Peoria, IL 61601 | | X |

| | | | |
|---|---|---|---|
| Joseph Lahood | Heyl, Royster, Voelker, & Allen, P.C.<br>300 Hamilton Blvd.<br>Peoria, IL 61601 | | X |

Plaintiff reserves the right to call any of witnesses listed by Defendants, witnesses necessary to lay foundation, or a custodian of records.

# Exhibit C

Witness List for Defendants

## WITNESS LIST FOR DEFENDANTS

| WITNESS NAME | ADDRESS | EXPERT | ADVERSE |
|---|---|---|---|
| Aaron O'Neal | University of Illinois School of Law<br>Civil Rights Clinic<br>c/o Reede Neutze and Steve Beemsterboer | | X |
| Manuel Rojas | Illinois Attorney General<br>500 S. Second St.<br>Springfield, IL 62701 | | |
| Stephanie Dorethy | Illinois Attorney General<br>500 S. Second St.<br>Springfield, IL 62701 | | |
| John Frost | Illinois Attorney General<br>500 S. Second St.<br>Springfield, IL 62701 | | |
| John Baldwin | Illinois Attorney General<br>500 S. Second St.<br>Springfield, IL 62701 | | |
| Steve Gans | Illinois Attorney General<br>500 S. Second St.<br>Springfield, IL 62701 | | |
| Melissa Pelker | Illinois Attorney General<br>500 S. Second St.<br>Springfield, IL 62701 | | |
| Freddie Britton | Illinois Attorney General<br>500 S. Second St.<br>Springfield, IL 62701 | | |
| | | | |
| | | | |

# Exhibit D

Exhibit List for Plaintiff

## EXHIBIT LIST FOR PLAINTIFF

Pursuant to Local Rule 16.1 of the United States District Court for the Central District of Illinois, Plaintiff Aaron O'Neal hereby submits the following exhibit list:

| No. | DESCRIPTION | ADMIT WITHOUT OBJECTION | AUTHENTICATION WAIVED | OBJECTION |
|---|---|---|---|---|
| 1 | Plaintiff's Offender Grievance #17-0114 dated April 14, 2016 (Bates No. 241-251) | | X | X - hearsay |
| 2 | Manuel Rojas's Note to Plaintiff dated March 18, 2016 (Bates No. 256-57) | | X | |
| 3 | "Counseling Summary" form indicating Plaintiff's Grievance was received on April 20, 2016 (Bates No. 263) | | X | |
| 4 | Manuel Rojas Transcribed Response to Plaintiff's Grievance dated April 14, 2016 (Bates No. 274) | | X | X - hearsay |
| 5 | Plaintiff's Supplemental Reply to Chaplain Rojas Response to Plaintiff's Grievance dated April 14, 2016 (Bates No. 275-277) | | X | X – hearsay |
| 6 | Plaintiff's Supplemental Reply Response to Counselor John Frost's Investigation of Plaintiff's Grievance dated April 14, 2016 (Bates No. 278-279) | | X | X - hearsay |
| 7 | Steve Gans' Grievance Officer Report and Recommendation for Plaintiff's Grievance dated April 14, 2016 (Bates No. 239-40) | | X | |
| 8 | Plaintiff's Response to Steve Gans Grievance Report and Recommendation for Plaintiff's Grievance dated | | X | X - hearsay |

| | | | | |
|---|---|---|---|---|
| | April 14, 2016 (Bates No. 264-268) | | | |
| 9 | Administrative Review Board Grievance Form Denial of Plaintiff's Appeal dated March 7, 2017 (Bates No. 238) | | X | |
| 10 | Memorandum from Rojas to Plaintiff about Religious Diet | | | **X - hearsay** |
| 11 | Plaintiff's "Offender Request for Religious Diet" dated January 19, 2018 | | | **X – relevancy, hearsay** |
| 12 | Plaintiff's Offender Request dated June 6, 2017 (Dietician) | | | **X - hearsay** |
| 13 | Plaintiff's Offender Grievance dated June 21, 2017 | | | **X - hearsay** |
| 14 | John Lavelle's Grievance dated March 1, 2017 | | | **X – relevancy, hearsay** |
| 15 | John Lavelle's Grievance dated March 31, 2017 | | | **X – relevancy, hearsay** |
| 16 | John Lavelle's Letter to Grievance Officer | | | **X – relevancy, hearsay** |
| 17 | John Lavelle's Letter to Manuel Rojas dated January 10, 2018 | | | **X- relevancy, hearsay** |
| 18 | Chaplaincy Handbook (Bates No. 347-603) | | **X** | |
| 19 | Warden Job Description. (Bates No. 000003-04) | | **X** | |
| 20 | Chaplain II Job Description (Bates No. 000005-06) | | **X** | |
| 21 | Executive II Job Description (Bates No. 604-605) | | **X** | |
| 22 | Correctional Counselor I Job Description (Bates No. 606-607) | | **X** | |

| | | | | |
|---|---|---|---|---|
| 23 | Correctional Counselor II Job Description (Bates No. 608-09) | | X | |
| 25 | Administrative Directive 04.01.114 "Local Offender Grievance Procedures" (Bates No. 000019-25) | | X | X - relevancy |
| 26 | Administrative Directive 04.01.115 "Administrative Review Board Proceedings" (Bates No. 000026-30) | | X | |
| 27 | Administrative Directive 04.25.101 "Chaplaincy Services" (Bates No. 000009-12) | | X | |
| 28 | Administrative Directive 04.25.102 "Religious Diets" (Bates No. 000013-18) | | X | |
| 29 | Administrative Code Title 20, Chapter I, Subchapter d, Part 425 "Chaplaincy Services and Religious Practices" | | | |
| 30 | Administrative Code Title 20, Chapter I, Subchapter e, Part 504 "Discipline and Grievances" | | | X - relevancy |
| 31 | Departmental Rule 504 "Grievance Procedures" (Bates No. 119-176) | | X | X - relevancy |
| 32 | Blank Offender Request for Religious Diet form (Bates No. 232) | | X | |
| 33 | Deposition of Manuel Rojas (For impeachment and refreshing recollection) | | | |
| 34 | Deposition of John Frost (For impeachment and refreshing recollection) | | | |
| 35 | Deposition of Steve Gans (For impeachment and refreshing recollection) | | | |
| 36 | Deposition of Stephanie Dorethy (For impeachment and refreshing recollection) | | | |

| | | | | |
|---|---|---|---|---|
| 37 | Deposition of John Baldwin (For impeachment and refreshing recollection) | | | |
| 38 | Deposition of Melissa Pelker (For impeachment and refreshing recollection) | | | |
| 39 | July 20, 2020 Declaration of Manuel Rojas (For impeachment and refreshing recollection) | | | |
| 40 | July 17, 2020 Declaration of Karen Norman Rees (For impeachment and refreshing recollection) | | | **X – relevancy, hearsay, foundation** |
| 41 | Defendant Baldwin's February 14, 2022 Answers to Interrogatories (For impeachment and refreshing recollection) | | | |
| 42 | Defendant Stephanie Dorethy's February 14, 2022 Answers to Interrogatories (For impeachment and refreshing recollection) | | | |
| 43 | Defendant Steve Gans's February 14, 2022 Answers to Interrogatories (For impeachment and refreshing recollection) | | | |
| 44 | Defendant John Frost's February 14, 2022 Answers to Interrogatories (For impeachment and refreshing recollection) | | | |
| 45 | Defendant Melissa Pelker's February 14, 2022 Answers to Interrogatories (For impeachment and refreshing recollection) | | | |
| 46 | Defendant Manuel Rojas's February 17, 2022 Answers to Interrogatories (For impeachment and refreshing recollection) | | | |

| | | | | |
|---|---|---|---|---|
| 47 | Defendant Manuel Rojas's February 24, 2022 Response to Plaintiff's Request for Production (For impeachment and refreshing recollection) | | | |
| 48 | Defendant John Baldwin's February 24, 2022 Response to Plaintiff's Request for Production (For impeachment and refreshing recollection) | | | |
| 49 | Defendant John Frost's February 24, 2022 Response to Plaintiff's Request for Production (For impeachment and refreshing recollection) | | | |
| 50 | Defendant Steve Gans's February 24, 2022 Response to Plaintiff's Request for Production (For impeachment and refreshing recollection) | | | |
| 51 | Defendant Stephanie Dorethy's February 24, 2022 Response to Plaintiff's Request for Production (For impeachment and refreshing recollection) | | | |
| 52 | Defendant Melissa Pelker's February 24, 2022 Response to Plaintiff's Request for Production (For impeachment and refreshing recollection) | | | |
| 53 | Declaration of Andrea Costner February 24, 2022 (For impeachment and refreshing recollection) | | | **X- relevancy, hearsay, foundation** |
| 54 | Freddie Britton's September 18, 2019 Response to Plaintiff's Request for Admissions (For impeachment and refreshing recollection) | | | |

| # | Description | | | |
|---|---|---|---|---|
| 55 | Defendant Manuel Rojas's September 18, 2019 Response to Request for Admissions (For impeachment and refreshing recollection) | | | |
| 56 | Defendant Stephanie Dorethy's September 20, 2019 Response to Interrogatories (For impeachment and refreshing recollection) | | | |
| 57 | Defendant John Frost's September 18, 2019 Response to Plaintiff's Second Set of Interrogatories (For impeachment and refreshing recollection) | | | |
| 58 | Defendant John Baldwin's September 18, 2019 Response to Plaintiff's Second Set of Interrogatories (For impeachment and refreshing recollection) | | | |
| 59 | Mitchell B. Tedd's Affidavit (For impeachment and refreshing recollection) | | | **X – relevancy, hearsay** |
| 60 | John Lavelle's Affidavit (For impeachment and refreshing recollection) | | | **X – relevancy, hearsay** |
| 61 | Robert Shachter Affidavit (For impeachment and refreshing recollection) | | | **X- relevancy, hearsay** |
| 62 | Aaron O'Neal's Commissary Records 2016-2018 (Bates No. 308-333) | | **X** | |
| 63 | Clarence Dukes Religious Diet Request Form 04/20/2017 | | | **X – relevancy, hearsay** |

# Exhibit E

Exhibit List for Defendants

# EXHIBIT LIST FOR DEFENDANTS

Pursuant to Local Rule 16.1 of the United States District Court for the Central District of Illinois, Defendants hereby submits the following exhibit list:

| No. | DESCRIPTION | ADMIT WITHOUT OBJECTION | AUTHENTICATION WAIVED | OBJECTION |
|---|---|---|---|---|
| 1 | Cumulative Counseling Summary "CHAMPS" (Bates No. 296-306) | | | **X- Hearsay, 403** |
| 2 | Plaintiff's Commissary Purchases (Bates No. 308-333) | **X** | **X** | |
| 3 | Plaintiff's deposition transcript | | | |
| 4 | Plaintiff's April 14, 2016 Grievance #17-0114 (Bates No. 241-251) | **X** | **X** | |
| 5 | Manuel Rojas's "Memo" to Plaintiff dated March 18, 2016 (Bates No. 256-57) | **X** | **X** | |
| 6 | Counselor Frost's Response to Plaintiff's Grievance dated July 13, 2018 (Bates No. 274) | **X** | **X** | |
| 7 | Grievance Officer's Report and Recommendation dated August 4, 2016 (Bates 239-240) | **X** | **X** | |
| 8 | Administrative Review Board Decision, dated March 7, 2017 (Bates 238) | **X** | **X** | |
| 9 | Chaplaincy Handbook (Bates No. 347-603) | **X** | **X** | |
| 10 | Plaintiff's assignment history (Bates 307) | | | **X- hearsay, 403** |
| | | | | |
| | | | | |

# Exhibit F

Plaintiff's List of Demonstrative Aids

## PLAINTIFF'S DEMONSTRATIVE AIDS

1. Excel sheet of commissary records

2. PowerPoint for closing argument.

# Exhibit G

Proposed Jury Instructions

**PROPOSED JURY INSTRUCTIONS**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-04063 |
| | ) | |
| ROJAS, *et al.*, | ) | Hon. Sue E. Myerscough |
| | ) | |
| Defendants. | ) | |

**JURY INSTRUCTIONS**

[rest of page left intentionally blank]

Given _____    Refused_____    Withdrawn_____

# Plaintiff's Proposed #1: Functions of the Court and the Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's No. 1
7th Cir. P. I. 1.01

Given _____     Refused_____     Withdrawn_____

Steve

Given _____    Refused_____    Withdrawn_____

## Plaintiff's Proposed #2: No Inference from Judge's Questions

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Plaintiff's No. 2
7th Cir. P.I. 1.02

Given _____      Refused_____      Withdrawn_____

## Plaintiff's Proposed #3: Evidence

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

Plaintiff's No. 3
7th Cir. P. I. 1.04

Given _____     Refused_____     Withdrawn_____

## Plaintiff's Proposed #4: What is Not Evidence

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's No. 4
7th Cir. P. I. 1.06

Given _____    Refused_____    Withdrawn_____

# Plaintiff's Proposed #5: Note-Taking

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Plaintiff's No. 5
7th Cir. P. I. 1.07

Given _____      Refused_____      Withdrawn_____

**Plaintiff's Proposed #6: Consideration of All Evidence Regardless of Who Produced**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's No. 6
7th Cir. P. I. 1.08

Given _____     Refused_____     Withdrawn_____

**Plaintiff's Proposed #7: Limited Purpose of Evidence**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's No. 7
7th Cir. P. I. 1.09

Given _____     Refused_____     Withdrawn_____

## Plaintiff's Proposed #8: Weighing the Evidence

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference."  A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's No. 8
7th Cir. P. I. 1.11

Given _____    Refused_____    Withdrawn_____

**Plaintiff's Proposed #9: Definition of "Direct" and "Circumstantial"**

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.

Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In

Given _____     Refused_____     Withdrawn_____

reaching your verdict, you should consider all the evidence

in the case, including the circumstantial evidence.

Plaintiff's No. 9
7th Cir. P. I. 1.12

Given _____      Refused_____      Withdrawn_____

## Plaintiff's Proposed #10: Testimony of Witnesses

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

(1)     The ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

(2)     The witness's memory;

(3)     Any interest, bias, or prejudice the witness may have;

(4)     The witnesses' intelligence;

(5)     The manner of the witness while testifying; and

Given _____      Refused_____      Withdrawn_____

(6)     The reasonableness of the witness's testimony in

light of all the evidence in the case.

Plaintiff's No. 10
7th Cir. P. I. 1.13

## Plaintiff's Proposed #11: Prior Inconsistent Statement/Act

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement, not under oath, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Given _____    Refused_____    Withdrawn_____

Plaintiff's No. 11
7th Cir. P. I. 1.14

Given _____      Refused_____      Withdrawn_____

## Plaintiff's Proposed #12: Impeachment of Witness — Convictions

You have heard evidence that Plaintiff and some witnesses have been convicted of a crime. You may consider this evidence only in deciding whether his testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Plaintiff's No. 12
7th Cir. P. I. 1.15

Given _____      Refused_____      Withdrawn_____

# Plaintiff's Proposed #13: Lawyer Interviewing Witness

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiff's No. 13
7th Cir. P. I. 1.16

**Plaintiff's Proposed #14: Number of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's No. 14
7th Cir. P. I. 1.17

**Plaintiff's Proposed #15: Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff's No. 15
7th Cir. P. I. 1.18

## Plaintiff's Proposed #16: Multiple Claims; Multiple Defendants

You must give separate consideration to each claim and each party in this case. Although there are six (6) defendants, it does not follow that if one is liable, the others are also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

Plaintiff's No. 16
7th Cir. P. I. 1.25

Given _____ Refused_____ Withdrawn_____

## Plaintiff's Proposed #17: State Not a Party

Defendants in this case are being sued as individuals for alleged personal acts. Neither the State of Illinois nor the Illinois Department of Corrections is a party to this lawsuit.

Plaintiff's No. 17
7th Cir. P. I. 7.01 (modified to state "for alleged personal acts")

Given _____      Refused_____      Withdrawn_____

**Plaintiff's Proposed #18:  Burden of Proof**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's No. 18
7th Cir. P. I. 1.27

Given _____     Refused_____     Withdrawn_____

# Plaintiff's Proposed #19:  No Need to Consider Damages Instruction

If you decide for the Defendants on the question of liability, then you should not consider the question of damages.

Plaintiff's No. 19
7th Cir. P. I. 1.31

## Plaintiff's Proposed #23: Selection of Presiding Juror; General Verdict

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

Plaintiff's No. 23
7th Cir. P. I. 1.32

Given _____    Refused_____    Withdrawn_____

## Plaintiff's Proposed #24: Disagreement Among Jurors

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Given _____     Refused_____     Withdrawn_____

Plaintiff's No. 24
7th Cir. P. I. 1.34

Given _____    Refused_____    Withdrawn_____

## Plaintiff's Proposed #25: Communication with Court

I do not anticipate that you will need to communicate with me during your deliberations. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Plaintiff's No. 25
7th Cir. P. I. 1.33

Given _____      Refused_____      Withdrawn_____

## Plaintiff's Proposed #26: Damages: Compensatory

If you find in favor of Plaintiff and against a particular Defendant, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of that Defendant's actions. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In this case the parties dispute whether Plaintiff suffered a physical injury. If you find that Plaintiff has proven by a preponderance of the evidence that he suffered a physical injury, you may award damages for any mental or emotional injury Plaintiff suffered as well. If you find

Given _____      Refused_____      Withdrawn_____

that Plaintiff did not suffer a physical injury, you may not award damages for mental or emotional injury, but you may award damages for any other type of injury listed below. Whether or not Plaintiff proves a physical injury, you may award nominal damages and punitive damages, so long as you find that Plaintiff has met the standard for obtaining those damages.

You should consider the following types of compensatory damages, and no others:

(a)   The reasonable value of supplies that Plaintiff reasonably needed and actually received.

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

Plaintiff's No. 26
7th Cir. P. I. 7.27 (modified)

Given _____      Refused_____      Withdrawn_____

# VERDICT FORM

O'Neal v. Rojas, *et. al.*, 4:18-cv-04063

On Plaintiff's First Amendment Free Exercise claim against Stephanie Dorethy we find in favor of (check one):

_____          Plaintiff Aaron O'Neal

_____          Defendant Stephanie Dorethy

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant Stephanie Dorethy, if any, as $_____.____

We fix Plaintiff's compensatory damages against Defendant Stephanie Dorethy as $_____.____

We fix Plaintiff's punitive damages against Defendant Stephanie Dorethy, if any, as $_____.____

Date: _____/_____/_____                    _____
                                                                Presiding Juror

**VERDICT FORM**

O'Neal v. Rojas, *et. al*., 4:18-cv-04063

On Plaintiff's First Amendment Free Exercise claim against Steve Gans we find in favor of (check one):

_____        Plaintiff Aaron O'Neal

_____        Defendant Steve Gans

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant Steve Gans, if any, as $_____.___

We fix Plaintiff's compensatory damages against Defendant Steve Gans as $_____.___

We fix Plaintiff's punitive damages against Defendant Steve Gans, if any, as $_____.___


Date: _____/_____/_____        _____

Presiding Juror

# VERDICT FORM
O'Neal v. Rojas, *et. al*., 4:18-cv-04063

On Plaintiff's First Amendment Free Exercise claim against Manuel Rojas we find in favor of (check one):

_____      Plaintiff Aaron O'Neal

_____      Defendant Manuel Rojas

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant Manuel Rojas, if any, as $_____.___

We fix Plaintiff's compensatory damages against Defendant Manuel Rojas as $_____.___

We fix Plaintiff's punitive damages against Defendant Manuel Rojas, if any, as $_____.___


Date: _____/_____/_____          _____
                                 Presiding Juror

# VERDICT FORM
## O'Neal v. Rojas, *et. al*., 4:18-cv-04063

On Plaintiff's First Amendment Free Exercise claim against John Frost we find in favor of (check one):

_____        Plaintiff Aaron O'Neal

_____        Defendant John Frost

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant John Frost, if any, as $_____.\_\_\_

We fix Plaintiff's compensatory damages against Defendant John Frost as $_____.\_\_\_

We fix Plaintiff's punitive damages against Defendant John Frost, if any, as $_____.\_\_\_

Date: \_\_\_\_\_/\_\_\_\_\_/_____        _____
                                                              Presiding Juror

# VERDICT FORM

O'Neal v. Rojas, *et. al.*, 4:18-cv-04063

On Plaintiff's First Amendment Free Exercise claim against Melissa Pelker we find in favor of (check one):

_____     Plaintiff Aaron O'Neal

_____     Defendant Melissa Pelker

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant Melissa Pelker, if any, as $_____.___

We fix Plaintiff's compensatory damages against Defendant Melissa Pelker as $_____.___

We fix Plaintiff's punitive damages against Defendant Melissa Pelker, if any, as $_____.___

Date: _____/_____/_____          _____
                                          Presiding Juror

## VERDICT FORM

O'Neal v. Rojas, *et. al.*, 4:18-cv-04063

On Plaintiff's First Amendment Free Exercise claim against John Baldwin we find in favor of (check one):

_____      Plaintiff Aaron O'Neal

_____      Defendant John Baldwin

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant John Baldwin, if any, as $_____.\_\_\_

We fix Plaintiff's compensatory damages against Defendant John Baldwin as $_____.\_\_\_

We fix Plaintiff's punitive damages against Defendant John Baldwin, if any, as $_____.\_\_\_

Date: \_\_\_\_\_/\_\_\_\_\_/\_\_\_\_\_          _____

                                                   Presiding Juror

**VERDICT FORM**

O'Neal v. Rojas, *et. al*., 4:18-cv-04063

On Plaintiff's First Amendment Retaliation claim against Manuel Rojas we find in favor of (check one):

_____     Plaintiff Aaron O'Neal

_____     Defendant Manuel Rojas

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant Manuel Rojas, if any, as $_____.___

We fix Plaintiff's compensatory damages against Defendant Manuel Rojas as $_____.___

We fix Plaintiff's punitive damages against Defendant Manuel Rojas, if any, as $_____.___


Date: _____/_____/_____          _____
                                                      Presiding Juror

## VERDICT FORM
### O'Neal v. Rojas, *et. al.*, 4:18-cv-04063

On Plaintiff's Fourteenth Amendment Equal Protection claim against Manuel Rojas we find in favor of (check one):

     _____     Plaintiff Aaron O'Neal

     _____     Defendant Manuel Rojas

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant Manuel Rojas, if any, as $_____.___

We fix Plaintiff's compensatory damages against Defendant Manuel Rojas as $_____.___

We fix Plaintiff's punitive damages against Defendant Manuel Rojas, if any, as $_____.___


Date: _____/_____/_____       _____

                                                         Presiding Juror

# VERDICT FORM

O'Neal v. Rojas, *et. al*., 4:18-cv-04063

On Plaintiff's Fourteenth Amendment Equal Protection claim against Stephanie Dorethy we find in favor of (check one):

_____          Plaintiff Aaron O'Neal

_____          Defendant Stephanie Dorethy

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant Stephanie Dorethy, if any, as $_____.\_\_\_

We fix Plaintiff's compensatory damages against Defendant Stephanie Dorethy as $_____.\_\_\_

We fix Plaintiff's punitive damages against Defendant Stephanie Dorethy, if any, as $_____.\_\_\_

Date: \_\_\_\_\_/\_\_\_\_\_/\_\_\_\_\_          _____

Presiding Juror

## VERDICT FORM
O'Neal v. Rojas, *et. al.*, 4:18-cv-04063

On Plaintiff's Fourteenth Amendment Equal Protection claim against Steve Gans we find in favor of (check one):

_____          Plaintiff Aaron O'Neal

_____          Defendant Steve Gans

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant Steve Gans, if any, as $_____.___

We fix Plaintiff's compensatory damages against Defendant Steve Gans as $_____.___

We fix Plaintiff's punitive damages against Defendant Steve Gans, if any, as $_____.___


Date: _____/_____/_____          _____

# VERDICT FORM

### O'Neal v. Rojas, *et. al.*, 4:18-cv-04063

On Plaintiff's Fourteenth Amendment Equal Protection claim against John Frost we find in favor of (check one):

_____          Plaintiff Aaron O'Neal

_____          Defendant John Frost

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant John Frost, if any, as $_____.\_\_\_

We fix Plaintiff's compensatory damages against Defendant John Frost as $_____.\_\_\_

We fix Plaintiff's punitive damages against Defendant John Frost, if any, as $_____.\_\_\_


Date: \_\_\_\_\_/\_\_\_\_\_/\_\_\_\_\_          _____

# VERDICT FORM
### O'Neal v. Rojas, *et. al.*, 4:18-cv-04063

On Plaintiff's Fourteenth Amendment Equal Protection claim against Melissa Pelker we find in favor of (check one):

_____          Plaintiff Aaron O'Neal

_____          Defendant Melissa Pelker

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant Melissa Pelker, if any, as $_____.___

We fix Plaintiff's compensatory damages against Defendant Melissa Pelker as $_____.___

We fix Plaintiff's punitive damages against Defendant Melissa Pelker, if any, as $_____.___


Date: _____/_____/_____          _____

# VERDICT FORM

O'Neal v. Rojas, *et. al.*, 4:18-cv-04063

On Plaintiff's Fourteenth Amendment Equal Protection claim against John Baldwin we find in favor of (check one):

_____        Plaintiff Aaron O'Neal

_____        Defendant John Baldwin

*Note: Complete the following paragraphs only if you find in favor of Plaintiff. If you find in favor of Defendant, you must not assess any damages against Defendant.*

We fix Plaintiff's nominal damages against Defendant John Baldwin, if any, as $_____.\_\_\_

We fix Plaintiff's compensatory damages against Defendant John Baldwin as $_____.\_\_\_

We fix Plaintiff's punitive damages against Defendant John Baldwin, if any, as $_____.\_\_\_

Date: \_\_\_\_\_/\_\_\_\_\_/\_\_\_\_\_        _____

# EXHIBIT H

Pretrial Motions

## **Plaintiff's Pretrial Motions**

1. Plaintiff's Motion in Limine
2. Plaintiff's Memorandum in Support of Plaintiff's Motion in Limine

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| AARON O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-04063-SEM-TSH |
| | ) | |
| MANUEL ROJAS, et al., | ) | Judge Sue E. Myerscough |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

We hereby certify that on March 21, 2022, we electronically filed Proposed Draft Final

Pretrial Order with the Clerk of the Court using the CM/ECF system, which will send

notification of the filing to Defendants' attorney below:


Maria D. Gray
ILLINOIS ATTORNEY GENERAL
500 S. Second Street
Springfield, IL 62701
(217) 782-5819
Maria.Gray@ilag.gov


<u>/s Reede Neutze</u>
<u>/s Stephen Beemsterboer</u>

*Attorneys for the Plaintiff*
University of Illinois
College of Law
Federal Civil Rights Clinic
504 E. Pennsylvania Ave.
Champaign, IL 61820
aneutze2@illinois.edu
smb9@illinois.edu